

1  JOHN L. BURRIS   (SBN# 69888)
   Law Offices of John L. Burris
2  Airport Corporate Center
   7677 Oakport Road, Suite 1120
3  Oakland, California  94621
   (510) 839-5200
4
   JAMES B. CHANIN (SBN# 76043)
5  JULIE M. HOUK   (SBN# 114968)
   Law Offices of James B. Chanin
6  3050 Shattuck Avenue
   Berkeley, California  94705
7  (510) 848-4752

8  Attorneys for Plaintiffs

9

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  DELPHINE ALLEN; PAUL JONES;        )  CASE NO.
    MATTHEW WATSON, a minor,           )  **C 00 4599  BZ**
14  by and through his guardian        )
    ad litem, Rhonda M. Bryant;        )  COMPLAINT FOR DAMAGES
15  JABAREE HIGHSMITH; KENNETH         )  (42 U.S.C. §§1983,
    SORIANO;  BOBBY JACKSON;           )     1985, 1986)
16  RONALD ROBINSON;                   )
    JAMES A. WHEELER; BOBBY PREE;      )     CLASS ACTION
17  DAMIEN RUDD; JASON ROBINSON;       )
    CALVIN EDWARDS;                    )
18                                     )  JURY TRIAL DEMANDED
                     Plaintiffs,       )
19  vs.                                )
                                       )
20  CITY OF OAKLAND, a municipal       )
    corporation; RICHARD WORD,         )
21  individually and in his capacity   )
    as Chief of Police for the         )
22  City of Oakland;                   )
    FRANCISCO VAZQUEZ, individually    )
23  and in his capacity as a police    )
    officer for the City of Oakland;   )
24  CLARENCE MABANAG, individually     )
    and in his capacity as a police    )
25  officer for the City of Oakland;   )
    JUDE SIAPNO, individually and      )
26  in his capacity as a police        )
    officer for the City of Oakland;   )
27  MATTHEW HORNUNG, individually and  )
    in his capacity as a police        )
28  officer for the City of Oakland;   )

COMPLAINT                      1

1 | SGT. HAYTER, individually and )
  | in his capacity as a police )
2 | supervisor for the City of )
  | Oakland; DOES 1-100, inclusive, )
3 | )
  | Defendants. )
4 | _____)

5 ## JURISDICTION

6       1.   This action arises under 42 U.S.C. §§1983, 1985,

7 and 1986. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

8 The court has supplemental jurisdiction over the state claims

9 under 28 U.S.C. § 1367.

10 ## INTRADISTRICT ASSIGNMENT

11       2.   The claims alleged herein arose in the City of

12 Oakland, State of California. Therefore, venue and assignment

13 lies in the United States District Court for the Northern

14 District of California, San Francisco Division. 28 U.S.C.

15 Section 1391(b)(2).

16 ## PARTIES

17       3.   Plaintiff, DELPHINE ALLEN, is an African American

18 male and is a citizen of the United States.

19       4.   Plaintiff, PAUL JONES, is an African American male

20 and is a citizen of the United States.

21       5.   Plaintiff, MATTHEW WATSON, is an African American

22 male and is a citizen of the United States. Plaintiff Watson is

23 a minor and will be represented in this action through his mother

24 and guardian ad litem, Rhonda M. Bryant.

25       6.   Plaintiff, JABAREE HIGHSMITH, is an African

26 American male and is a citizen of the United States.

27       7.   Plaintiff, KENNETH SORIANO, is an African American

28 male and is a citizen of the United States.

1         8.   Plaintiff, BOBBY JACKSON, is an African American
2 male and is a citizen of the United States.

3         9.   Plaintiff, RONALD ROBINSON, is an African American
4 male and is a citizen of the United States.

5        10.   Plaintiff, JAMES WHEELER, is an African American
6 male and is a citizen of the United States.

7        11.   Plaintiff, BOBBY PREE, is an African American male
8 and is a citizen of the United States.

9        12.   Plaintiff, DAMIEN RUDD, is an African American
10 male and is a citizen of the United States.

11        13.   Plaintiff, JASON ROBINSON, is an African American
12 male and is a citizen of the United States.

13        14.   Plaintiff, CALVIN EDWARDS, is an African American
14 male and is a citizen of the United States.

15        15.   Defendant CITY OF OAKLAND is, and at all times
16 herein mentioned was, a municipal corporation duly organized and
17 existing under the laws of the State of California.

18        16.   Defendant RICHARD WORD (hereinafter, Defendant
19 WORD), is, and at all times herein mentioned was, the Chief of
20 Police for the CITY OF OAKLAND. Defendant WORD is sued in his
21 individual and official capacities. At all times mentioned
22 herein, Plaintiffs are informed and believe and thereon allege
23 that Defendant WORD was the policy-maker for Defendant CITY OF
24 OAKLAND on the matters alleged herein related to the customs,
25 policies, practices, of the CITY OF OAKLAND Police Department,
26 including, but not limited to, customs, policies and practices
27 related to the training, supervision, hiring and discipline of
28 police officers and with respect to the management and

COMPLAINT                 3

1 | supervision of the CITY OF OAKLAND Police Department.

2 |      17.   Defendant FRANCISCO "FRANK" VAZQUEZ (hereinafter
3 | Defendant VAZQUEZ) was at all times herein mentioned, a Police
4 | Officer for the CITY OF OAKLAND.

5 |      18.   Defendant CLARENCE "CHUCK" MABANAG (hereinafter,
6 | Defendant MABANAG) was at all times herein mentioned, a Police
7 | Officer for the CITY OF OAKLAND.

8 |      19.   Defendant JUDE SIAPNO (hereinafter, Defendant
9 | SIAPNO) was at all times herein mentioned, a Police Officer for
10 | the CITY OF OAKLAND.

11 |      20.   Defendant MATTHEW HORNUNG (hereinafter, Defendant
12 | HORNUNG) was at all times herein mentioned, a Police Officer for
13 | the CITY OF OAKLAND.

14 |      21.   Defendant SGT. HAYTER (hereinafter, Defendant
15 | HAYTER) was at all times herein mentioned, a police supervisor
16 | for the CITY OF OAKLAND.

17 |      22.   Plaintiffs are ignorant of the true names and/or
18 | capacities of defendants sued herein as DOES 1 through 100,
19 | inclusive, and therefore sues said defendants by such fictitious
20 | names.  Plaintiffs will amend this complaint to allege their true
21 | names and capacities when ascertained.  Plaintiffs are informed
22 | and believe, and upon such information and belief allege that
23 | each of the Doe defendants is legally responsible and liable for
24 | the incident, injuries and damages hereinafter set forth, and
25 | that each of said defendants proximately caused said incidents,
26 | injuries and damages by reason of their negligence, breach of
27 | duty, negligent supervision, management or control, battery,
28 | violation of constitutional rights, violation of public policy,

1 false arrests, or by reason of other personal, vicarious or
2 imputed negligence, fault, or breach of duty, whether severally
3 or jointly, or whether based upon agency, employment, ownership,
4 entrustment, custody, care or control or upon any other act or
5 omission.  Plaintiffs will ask leave to amend this complaint to
6 insert further charging allegations when such facts are
7 ascertained.

8     23.  In doing the acts alleged herein, Defendants, and
9 each of them, acted within the course and scope of their
10 employment for the CITY OF OAKLAND.

11     24.  In doing the acts and/or omissions alleged herein,
12 Defendants, and each of them, acted under color of authority
13 and/or under color of law.

14     25.  In doing the acts and/or omissions alleged herein,
15 Defendants, and each of them, acted as the agent, servant,
16 employee and/or in concert with each of said other Defendants
17 herein.

18                STATEMENT OF FACTS

19     26.  Plaintiffs are informed and believe and thereon
20 allege that until recently, there was a group of police officers
21 within the City of Oakland Police Department known as "The
22 Riders."  Plaintiffs are informed and believe and thereon allege
23 that "The Riders" included, but were not limited to, Defendants
24 VAZQUEZ, SIAPNO, MABANAG, HORNUNG, and/or DOES 1-100, and each of
25 them.

26     27.  Plaintiffs are further informed and believe and
27 thereon allege that Defendants VAZQUEZ, SIAPNO, MABANAG, HORNUNG,
28 DOES 1-100, and each of them, individually and/or acting in

COMPLAINT                 5

1 concert with one another, as well as other CITY OF OAKLAND Police
2 officers (DOES 1-100) who were assigned to West Oakland
3 neighborhoods, engaged in a repeated pattern and practice of
4 civil rights violations and other misconduct against citizens
5 living, travelling or visiting in the West Oakland neighborhoods
6 where they were assigned.

7 28. Plaintiffs are further informed and believe and
8 thereon allege that said civil rights violations and/or other
9 misconduct included, but was not limited to, assaults, beatings,
10 assault with a deadly weapon, false arrests, unreasonable
11 searches and seizures, intimidation, kidnapping, falsifying
12 reports, planting evidence, denial of equal protection, racial
13 discrimination, conspiracy to violate civil rights and/or other
14 misconduct.

15 29. Plaintiffs are further informed and believe and
16 thereon allege that said misconduct included, but was not limited
17 to, subjecting African American males living, visiting and/or
18 travelling in West Oakland neighborhoods to disparate treatment
19 because of their race and/or gender. As a result, Plaintiffs and
20 persons similarly situated to them, were subjected to unequal
21 treatment, civil rights violations, and other misconduct by "The
22 Riders," Defendants VAZQUEZ, MABANAG, SIAPNO, HORNUNG, and/or
23 other City of Oakland police officers (DOES 1-100) assigned in
24 West Oakland neighborhoods, because of their race and/or gender
25 while living, visiting and/or travelling in West Oakland
26 neighborhoods.

27 30. Plaintiffs are further informed and believe and
28 thereon allege that despite the repeated and frequent nature of

COMPLAINT                                6

1   the misconduct and civil rights violations committed by "The
2   Riders," Defendants VAZQUEZ, MABANAG, SIAPNO, HORNUNG, and/or
3   other CITY OF OAKLAND Police Officers (DOES 1-100) who were
4   assigned in West Oakland neighborhoods, and each of them, high
5   ranking CITY OF OAKLAND officials and/or Police Department
6   supervisors, including, but not limited to, Defendant WORDS, DOES
7   1-100, and each of them, individually and/or acting in concert
8   with one another, failed to take any or appropriate remedial
9   action prior to the subject incidents involving the Plaintiffs.
10  As a result, "The Riders," Defendants VAZQUEZ, MABANAG, SIAPNO,
11  HORNUNG, and/or other City of Oakland Police Officers, (DOES 1-
12  100) who were assigned in West Oakland neighborhoods, engaged in
13  repeated and serious acts of misconduct and civil rights
14  violations against citizens in living, visiting and/or travelling
15  in West Oakland neighborhoods.

16          31.  Plaintiffs are further informed and believe and
17  thereon allege that on or about November 2, 2000, the Alameda
18  County District Attorney's Office filed criminal charges against
19  Defendants VAZQUEZ, MABANAG, HORNUNG and/or SIAPNO as a result of
20  their repeated acts of misconduct while on duty as members of the
21  Oakland Police Department.

22          32.  Plaintiffs are informed and believe and thereon
23  allege that as a matter of official policy -- rooted in an
24  entrenched posture of deliberate indifference to the
25  constitutional rights of African American males who live, visit
26  and/or travel within West Oakland neighborhoods in particular --
27  Defendant CITY OF OAKLAND has long allowed Plaintiffs and persons
28  similarly situated to them, to be abused by its police officers,

COMPLAINT                                    7

1  including by the members of "The Riders," Defendants VAZQUEZ,
2  MABANAG, SIAPNO, HORNUNG, and/or other CITY OF OAKLAND Police
3  Officers (DOES 1-100).

4       33.   Plaintiffs are further informed and believe and
5  thereon allege that the abuses in question were the product of a
6  culture  of  tolerance  within  the  CITY  OF  OAKLAND  Police
7  Department.   This  culture  is  rooted  in  the  deliberate
8  indifference of high ranking City Officials, including, but not
9  limited to Defendant WORD, DOES 1-100, and/or other high ranking
10 Police Department officials and/or supervisors, and each of them,
11 individually and/or acting in concert with one another, who have
12 routinely acquiesced in the misconduct and otherwise failed to
13 take necessary measures to prevent and curtail such misconduct.

14      34.   Plaintiffs are informed and believe and thereon
15 allege that Plaintiffs, and each of them, suffered the violation
16 of their constitutional rights as a result of customs, policies,
17 patterns and/or practices of Defendant CITY OF OAKLAND, Defendant
18 WORD, DOES 1-100, and each of them, including, but not limited
19 to, deliberate indifference in the hiring, supervision, training,
20 and  discipline  of  members  of  the  Oakland  Police  Department,
21 including Defendants VAZQUEZ, MABANAG, SIAPNO, HORNUNG, SGT.
22 HAYTER and/or DOES 1-100, and/or each of them.

23      35.   Plaintiffs are further informed and believe and
24 thereon  allege  that  they,  and  each  of  them,  suffered  the
25 violation of their constitutional rights as alleged herein as a
26 result of customs, policies and/or practices of Defendant CITY OF
27 OAKLAND,  Defendant  WORD,  DOES  1-100,  and/or  each  of  them,
28 including customs, policies and/or practices of failing to fully

and/or fairly investigate complaints of misconduct against its police officers; of failing to appropriately monitor or otherwise track complaints of misconduct against its police officers so that appropriate and timely disciplinary action and/or training could be taken when officer(s) were shown to have a history of complaints; and/or of failing to promptly remove or terminate officers who repeatedly violated the rights of citizens and/or engaged in the type of misconduct alleged herein.

36.   Plaintiffs are informed and believe and thereon allege that Defendant CITY OF OAKLAND, including, but not limited to Defendant WORD, DOES 1-100, and/or other high ranking police department officials and/or supervisors, individually and/or acting in concert with one another, were on notice of a repeated pattern of misconduct by Defendants VAZQUEZ, MABANAG, HORNUNG, SIAPNO, and/or DOES 1-100, and/or each of them, but failed to take any or appropriate remedial action to stop said pattern of misconduct.

37.   Plaintiffs are informed and believe and thereon allege that the aforementioned incidents were caused by the deliberate indifference of the CITY OF OAKLAND, Defendant WORD, DOES 1-100, and/or other high ranking Police Department officials and/or supervisors, with regard to the need for more or different training and/or supervision and/or discipline of its police officers, including Defendants VAZQUEZ, MABANAG, HORNUNG, SIAPNO, SGT. HAYTER and/or DOES 1-100.

38.   Plaintiffs are further informed and believe and thereon allege that they, and each of them, suffered the violation of their constitutional rights as a result of customs,

COMPLAINT                                    9

policies, or practices of the CITY OF OAKLAND, Defendant WORD, DOES 1-100, and each of them, individually and/or acting in concert with one another, including, but not limited to, customs, policies or practices which encouraged, authorized or condoned false arrests, fabrication of evidence, falsification of police reports and/or other misconduct which foreseeably would result in the violation of the rights of citizens.

39.   Plaintiffs are further informed and believe and thereon allege that they, and each of them, suffered the violation of their constitutional rights as a result of customs, policies or practices of the CITY OF OAKLAND, Defendant WORD, DOES 1-100, individually and/or acting in concert with one another, including, but not limited to, a custom, policy or practice of failing to stop or prevent ongoing acts of misconduct by certain members of its police department, including, but not limited to Defendants VAZQUEZ, MABANAG, HORNUNG, SIAPNO, and/or DOES 1-100, or each of them.

40.   Plaintiffs are further informed and believe and thereon allege that high ranking City of Oakland officials, including, but not limited to Defendant WORD, DOES 1-100, and/or other high ranking police department officials and/or supervisors, knew and/or reasonably should have known of the custom, policies, patterns and/or practices of misconduct by Defendants VAZQUEZ, HORNUNG, MABANAG, SIAPNO, and/or DOES 1-100, and/or by each of them, and failed to take any or appropriate remedial action prior to the subject incident.

41.   Plaintiffs are further informed and believe and thereon allege that as a result of the CITY OF OAKLAND's policy

1   of indifference, a custom or practice developed within the
2   Oakland Police Department whereby it was accepted practice for
3   police officers to abide by a "Code of Silence."  Under this
4   Code, police officers charged with upholding the law routinely
5   ignored or otherwise failed to report or take action against
6   fellow police officers who engaged in misconduct, including, but
7   not limited to, the misconduct perpetrated by "The Riders,"
8   Defendants VAZQUEZ, MABANAG, SIAPNO, HORNUNG, and/or other CITY
9   OF OAKLAND Police Officers (DOES 1-100) assigned in West Oakland
10  neighborhoods.

11       42.  Plaintiffs are further informed and believe and
12  thereon allege that said high ranking City of Oakland officials,
13  including, but not limited to Defendant WORD, SGT. HAYTER, DOES
14  1-100, individually and/or acting in concert with one another,
15  knew and/or should have known of the misconduct of "The Riders,"
16  Defendants VAZQUEZ, MABANAG, SIAPNO, HORNUNG, other CITY OF
17  OAKLAND Police Officers (DOES 1-100) and each of them, assigned
18  to West Oakland neighborhoods.

19       43.  Plaintiffs are further informed and believe and
20  thereon allege that Defendants WORD, HAYTER and/or DOES 1-100,
21  and/or each of them, tacitly or directly ratified, approved,
22  condoned and/or otherwise encouraged a pattern, practice, custom
23  or policy of misconduct and/or civil rights violations by "The
24  Riders," Defendants VAZQUEZ, MABANAG, SIAPNO, HORNUNG, other CITY
25  OF OAKLAND Police Officers (DOES 1-100) and each of them.

26       44.  Plaintiffs are further informed and believe and
27  thereon allege that Defendants WORD, HAYTER and/or DOES 1-100,
28  and/or each of them, tacitly or directly approved, ratified,

COMPLAINT                              11

condoned and/or encouraged the filing of false police reports, fabricated evidence and/or other misconduct which resulted in the violation of the Plaintiffs' rights and caused the injuries and damages sustained by the Plaintiffs, and each of them, as alleged herein.

## ALLEGATIONS CONCERNING THE NAMED PLAINTIFFS

### PLAINTIFF DELPHINE ALLEN

45. On or about June 27, 2000, Plaintiff DELPHINE ALLEN was in the vicinity of 800 Block of 32nd Street, Oakland, California, when he was stopped by Defendants VAZQUEZ, SIAPNO, MABANAG, HORNUNG and/or DOES 1-10, and each of them, individually and/or acting in concert with one another. When Plaintiff ALLEN asked why he was being stopped, Defendant VAZQUEZ slapped him.

46. Defendant MABANAG told the Plaintiff words to the effect, "we are going to find something to put on you." Defendant MABANAG then falsely claimed he found a bag of rock cocaine in Plaintiff's backyard.

47. When Plaintiff objected to the false drug charges and the planting of evidence by the Defendants, he was subjected to excessive force, beaten and pepper sprayed by Defendant MABANAG who was acting in concert with Defendants VAZQUEZ, SIAPNO, HORNUNG and/or DOES 1-10, and each of them.

48. Plaintiff ALLEN was then put into a police vehicle and driven to another location where he was subjected to excessive force and beaten by Defendant SIAPNO.

49. Plaintiff ALLEN was arrested and imprisoned without reasonable or probable cause by Defendants VAZQUEZ, SIAPNO, MABANAG, HORNUNG, DOES 1-10, and each of them,

COMPLAINT                    12

1 | individually and/or acting in concert with one another.

2 |     50. On or about August 17, 2000, the false charges
3 | filed against Plaintiff ALLEN were dismissed on the motion of the
4 | Alameda County District Attorney.

5 | **PLAINTIFF PAUL JONES**

6 |     51. On or about November 12, 1999, Plaintiff PAUL
7 | JONES was in the vicinity of 24th and Market Streets in Oakland,
8 | California when he was approached by CITY OF OAKLAND Police
9 | Officers, including, but not limited to, Defendants VAZQUEZ, DOES
10 | 1-10, and each of them, individually and/or acting in concert
11 | with one another.

12 |     52. Plaintiff JONES was subjected to a full body
13 | search without reasonable or probable cause by Defendant VAZQUEZ
14 | and/or DOES 1-10, and each of them, individually and/or acting in
15 | concert with one another.

16 |     53. Defendant VAZQUEZ and/or DOES 1-10, and each of
17 | them, individually and/or acting in concert with one another,
18 | arrested Plaintiff JONES without reasonable or probable cause,
19 | handcuffed him and put him into a patrol car.

20 |     54. Said Defendants, and each of them, drove Plaintiff
21 | JONES to his home where Defendants, and each of them,
22 | individually and/or acting in concert with one another, searched
23 | the Plaintiff's home without reasonable or probable cause and
24 | without a warrant. After no drugs or evidence of any criminal
25 | activity was found on Plaintiff JONES' person or at his home,
26 | Defendant VAZQUEZ and/or DOES 1-10, and each of them, planted
27 | drugs and falsely claimed that Plaintiff JONES had crack cocaine
28 | which they falsely claimed he had deposited in their police

COMPLAINT       13

vehicle.  As a result, Plaintiff JONES was falsely arrested and imprisoned for an alleged probation violation based on the false claim by Defendant VAZQUEZ and/or DOES 1-10, that Plaintiff had crack cocaine.

55.  Thereafter, on or about April 21, 2000, after the Plaintiff was released from jail following the November 12, 1999, incident involving Defendant VAZQUEZ and/or DOES 1-10, and each of them, Defendant VAZQUEZ responded to a home where Plaintiff JONES was visiting a friend.

56.  Defendant VAZQUEZ and/or DOES 1-10, and each of them, individually and/or acting in concert with one another, again falsely alleged that Plaintiff JONES was in the possession of an illegal drug and falsely accused the Plaintiff of violating the terms of his probation.

57.  Defendant VAZQUEZ and/or DOES 1-10, and each of them, individually and/or acting in concert with one another, planted drugs and falsely claimed that the drug belonged to the Plaintiff.  As a result, Plaintiff was falsely arrested and imprisoned again.

58.  Thereafter, on or about August 8, 2000, the Alameda County District Attorney's Office moved to dismiss the charges against the Plaintiff and his probation was reinstated.

**PLAINTIFF MATTHEW WATSON**

59.  On or about June 13, 2000, Plaintiff MATTHEW WATSON was in the vicinity of 10th and Center Streets in Oakland, California when he was approached by CITY OF OAKLAND Police Officers, including, but not limited to, Defendants VAZQUEZ, SIAPNO, DOES 1-10, and each of them, individually and/or acting

COMPLAINT                              14

1   in concert with one another.

2           60.  Defendant VAZQUEZ subjected Plaintiff WATSON to

3   excessive force, including, but not limited to, choking him.

4           61.  Defendants VAZQUEZ, SIAPNO, DOES 1-10, and each of

5   them, arrested Plaintiff WATSON without reasonable or probable

6   cause.

7           62.  Plaintiff WATSON, a juvenile, was put into the

8   officers' patrol car.  Defendant VAZQUEZ sat in the back seat

9   with Plaintiff WATSON while Defendant SIAPNO drove the police

10  vehicle on a dirt road and stopped in a remote area.

11          63.  After stopping the vehicle, Defendants VAZQUEZ,

12  SIAPNO and/or DOES 1-10, and/or each of them, individually and/or

13  acting in concert with one another, subjected Plaintiff WATSON to

14  excessive force, including, but not limited to, hitting Plaintiff

15  WATSON with a flashlight, throwing him to the ground and beating

16  him.

17          64.  Defendants VAZQUEZ, SIAPNO and/or DOES 1-10, and

18  each of them, individually and/or acting in concert with one

19  another, strip searched Plaintiff WATSON and performed a body

20  cavity search.  When said Defendants found no evidence of drugs

21  on Plaintiff WATSON, Defendant VAZQUEZ took a bag of drugs out of

22  the trunk of the patrol vehicle and told Plaintiff WATSON words

23  to the effect, "here's your bundle."

24          65.  Defendants VAZQUEZ, SIAPNO and/or DOES 1-10, and

25  each of them, individually and/or acting in concert with one

26  another, caused Plaintiff WATSON to be arrested and imprisoned on

27  the false drug charge.

28

COMPLAINT                        15

**PLAINTIFF JABAREE HIGHSMITH**

66. Plaintiff JABAREE HIGHSMITH was harassed and subjected to unreasonable searches and seizures on multiple occasions by CITY OF OAKLAND Police Officers while he was in West Oakland, including by Defendants VAZQUEZ, MABANAG, SIAPNO, HORNUNG and/or DOES 1-10, and each of them, individually and/or acting in concert with one another,

67. One such occasion occurred on or about June 21, 2000. At the time, Plaintiff JABAREE HIGHSMITH was in the vicinity of Chestnut Street in Oakland, California, when he was approached by members of the Oakland Police Department, including Defendants VAZQUEZ, MABANAG, SIAPNO, HORNUNG and/or DOES 1-10, and each of them, individually and/or acting in concert with one another.

68. Although Plaintiff HIGHSMITH had not committed any crime and there was no reasonable cause to believe that he had, Defendants VAZQUEZ, MABANAG, SIAPNO, HORNUNG and/or DOES 1-10, and each of them, individually and/or acting in concert with one another, subjected Plaintiff to excessive force and searched Plaintiff's vehicle without probable cause.

69. Said Defendants and each of them, individually and/or acting in concert with one another, planted drugs and falsely charged Plaintiff with possession of cocaine. As a result, Plaintiff was arrested and imprisoned without reasonable or probable cause.

70. Plaintiff is further informed and believes and thereon alleges that said Defendants, and each of them, individually and acting in concert with one another, prepared a

COMPLAINT                                    16

1   police report falsely stating that he/they had observed Plaintiff
2   HIGHSMITH drop a controlled substance and falsely stated that
3   he/they had obtained consent from the Plaintiff to search his
4   vehicle.

5          71.   The false charges filed against the Plaintiff as
6   a result of the acts of said Defendants were eventually dismissed
7   by the Alameda County District Attorney's office on or about
8   October 19, 2000.

9                    **PLAINTIFF KENNETH SORIANO**

10         72.   On or about June 19, 2000, Defendant MABANAG
11  and/or DOES 1-10, and each of them, responded to the home of
12  Plaintiff KENNETH SORIANO.

13         73.   Defendant MABANAG and/or DOES 1-10, and each of
14  them, individually and/or acting in concert with one another,
15  subjected Plaintiff SORIANO to excessive force, including, but
16  not limited to, a chokehold.  Said Defendants, and each of them,
17  individually and/or acting in concert with one another, also
18  subjected Plaintiff to excessive force by beating, kicking and/or
19  otherwise assaulting Plaintiff SORIANO without justification.

20         74.   Defendant MABANAG and/or DOES 1-10, and each of
21  them, caused the Plaintiff to be arrested without reasonable or
22  probable cause and caused the Plaintiff to be falsely charged
23  with crimes, including battery on a police officer, even though
24  no such battery had occurred.

25         75.   Plaintiff is further informed and believes and
26  thereon alleges that Defendant MABANAG and/or DOES 1-10, and each
27  of them, falsified a written statement of Plaintiff SORIANO so as
28  to incriminate Plaintiff and conceal the unreasonable and

COMPLAINT                           17

1  unlawful conduct of himself and DOES 1-10, and each of them.

2  **PLAINTIFF RONALD ROBINSON**

3  76. On or about January 10, 2000, Plaintiff RONALD
4  ROBINSON was in the vicinity of 21st and Myrtle in Oakland,
5  California with a friend when he was approached by Defendant
6  VAZQUEZ and/or DOES 1-10, and each of them, individually and/or
7  acting in concert with one another.

8  77. Defendant VAZQUEZ and/or DOES 1-10, and each of
9  them, individually and/or acting in concert with one another,
10  ordered the Plaintiff's friend to leave the area and then
11  searched Plaintiff ROBINSON and handcuffed him.

12  78. Defendant VAZQUEZ and/or DOES 1-10, and each of
13  them, individually and/or acting in concert with one another,
14  planted a bag containing eight rocks of cocaine and falsely
15  claimed that he saw Plaintiff ROBINSON hide the bag in a drain
16  pipe.

17  79. As a result, Defendant VAZQUEZ and/or DOES 1-10,
18  and each of them, individually and/or acting in concert with one
19  another, caused Plaintiff ROBINSON to be arrested and imprisoned
20  without reasonable or probable cause on the charge of possession
21  of cocaine for sale.

22  80. On or about September 15, 2000, pursuant to a
23  motion by the Alameda County District Attorney's Office, the
24  charges filed against the Plaintiff as a result of this incident
25  were dismissed.

26  **PLAINTIFF JAMES WHEELER**

27  81. On or about January 20, 2000, Plaintiff JAMES
28  WHEELER was a passenger in a car being driven in the vicinity of

1  27th and Martin Luther King, Jr. in Oakland, California.

2         82.  Defendants VAZQUEZ and/or DOES 1-10, and each of

3  them, individually and/or acting in concert with one another,

4  falsely alleged that the vehicle in which the Plaintiff was

5  riding failed to stop at a stop sign.

6         83.  During the vehicle stop, Defendant VAZQUEZ and/or

7  DOES 1-10, and/or each of them, reached into the car, subjected

8  Plaintiff to excessive force, grabbed Plaintiff WHEELER by the

9  throat, drew and cocked a gun on him.   Terrified, Plaintiff

10  WHEELER ran from the vehicle.

11         84.  Defendants VAZQUEZ, MABANAG and/or DOES 1-10, and

12  each of them, caught up to Plaintiff WHEELER and subjected him to

13  excessive force, including kicking, beating and/or choking the

14  Plaintiff.   As a result of the beating, Plaintiff required

15  medical treatment and received numerous stitches and/or staples

16  to his head.

17         85.  Defendants VAZQUEZ, MABANAG and/or DOES 1-10, and

18  each of them, individually and/or acting in concert with one

19  another, caused the Plaintiff to be falsely charged with crimes,

20  including false charges of possession of cocaine, assault on a

21  police officer and resisting arrest.

22         86.  On or about August 3, 2000, the charges against

23  Plaintiff WHEELER were dismissed.

24         **PLAINTIFF BOBBY JACKSON**

25         87.  On or about May 18, 2000, Plaintiff BOBBY JACKSON

26  was approached by Defendants SIAPNO, VAZQUEZ, DOES 1-10, and each

27  of them, individually and acting in concert with each other.

28         88.  Said Defendants demanded that Plaintiff JACKSON

COMPLAINT                              19

1  supply them with information about parolees.   When Plaintiff
2  JACKSON refused to provide Defendants with any information, he
3  was subjected to excessive force by Defendants VAZQUEZ, SIAPNO
4  and/or DOES 1-10, and each of them, individually and acting in
5  concert with one another.  Said excessive force included, but was
6  not limited to, punching the Plaintiff in the face and body.

7        89.   During this incident, Defendants VAZQUEZ, SIAPNO
8  and/or DOES 1-10, and each of them, individually and acting in
9  concert with one another used racial slurs, including "nigga,"
10 while referring to the Plaintiff during this incident.

11       90.  Defendant VAZQUEZ planted drugs and Defendants
12 VAZQUEZ, SIAPNO and/or DOES 1-10, and each of them, individually
13 and acting in concert with one another, caused Plaintiff JACKSON
14 to be falsely charged with violating his parole, arrested and
15 imprisoned Plaintiff without reasonable or probable cause.

16                    **PLAINTIFF BOBBY PREE**

17       91.  On or about October 25, 1999, Plaintiff BOBBY PREE
18 was in the vicinity of 21st and Market Streets in Oakland,
19 California, when he was approached by Defendant VAZQUEZ.

20       92.  Defendant VAZQUEZ asked Plaintiff PREE whether he
21 was on probation or parole.  When Plaintiff PREE denied that he
22 was on probation or parole, Defendant VAZQUEZ said words to the
23 effect, "Now you are."

24       93.  Defendant VAZQUEZ arrested the Plaintiff without
25 reasonable or probable cause and handcuffed him.   Defendant
26 VAZQUEZ asked the Plaintiff whether he had any illegal drugs and
27 the Plaintiff denied that he did.

28       94.  Defendant VAZQUEZ grabbed him the Plaintiff by the

COMPLAINT                          20

1 | throat.  Defendant VAZQUEZ put the Plaintiff in a patrol car,
2 | went into the trunk, came back with a plastic bag with a rock of
3 | cocaine and told the Plaintiff, "this is yours."

4 | 95.  Defendant VAZQUEZ then caused the Plaintiff to be
5 | falsely charged with possession of cocaine and caused the
6 | Plaintiff to be falsely imprisoned.

7 | 96.  On or about October 18, 2000, the charges from
8 | this incident were dismissed.

9 | **PLAINTIFF DAMIEN RUDD**

10 | 97.  On or about August 25, 1999, Plaintiff DAMIEN RUDD
11 | was riding in a car in the vicinity of Mandela and 9th Street in
12 | Oakland, California.

13 | 98.  Plaintiff was pulled over by Defendants MABANAG
14 | and/or DOES 1-10, and each of them.

15 | 99.  Plaintiff RUDD was ordered to get out of the car
16 | and was strip searched by Defendants MABANAG and/or DOES 1-10,
17 | and each of them, individually and/or acting in concert with one
18 | another.

19 | 100. Defendant MABANAG and/or DOES 1-10, and each of
20 | them, individually and/or acting in concert with one another,
21 | falsely claimed that he/they found rock cocaine and caused
22 | Plaintiff RUDD to be arrested without reasonable or probable
23 | cause and falsely imprisoned.

24 | 101. On or about November 14, 2000, the charges against
25 | the Plaintiff were dismissed.

26 | **PLAINTIFF JASON ROBINSON**

27 | 102. On or about November 23, 1999, Plaintiff JASON
28 | ROBINSON was pulled over by CITY OF OAKLAND Police Officers,

COMPLAINT                                    21

1   including, but not limited to, Defendants MABANAG, HORNUNG and/or
2   DOES 1-10, individually and/or acting in concert with one
3   another.

4          103. Defendants MABANAG, HORNUNG and/or DOES 1-10, and
5   each of them, initially claimed that Plaintiff was being detained
6   for suspicion of being in possession of guns. However,
7   Defendants failed to find any guns in Plaintiff's possession.

8          104. Defendants MABANAG, HORNUNG and/or DOES 1-10, and
9   each of them, then falsely claimed that the Plaintiff had drugs.

10         105. During the incident, Defendant MABANAG, while in
11  the presence of Defendants HORNUNG and/or DOES 1-10, and each of
12  them, subjecting Plaintiff to excessive force, struck Plaintiff
13  in the head with a gun, kicked and/or beat the Plaintiff.
14  Defendants HORNUNG and/or DOES 1-10, and each of them, failed to
15  intervene to stop the beating of the Plaintiff taking place in
16  his/their presence.

17         106. As a result of the incident, the Plaintiff was
18  arrested and imprisoned without reasonable or probable cause.
19  The Plaintiff was eventually released in November 2000 as a
20  result of a successful Habeas Corpus petition.

21                     **PLAINTIFF CALVIN EDWARDS**

22         107. On or about February 1, 2000, Plaintiff CALVIN
23  EDWARDS was going up the stairs to his aunt's home at or about
24  721 West MacArthur Boulevard, Oakland, California. As he walked
25  up the stairs, he was approached by CITY OF OAKLAND Police
26  Officers (DOES 1-10), whom Plaintiff is informed and believes and
27  thereon alleges was/were (an) officer(s) identified as "The
28  Riders." Said officer(s), individually and/or acting in concert

COMPLAINT                          22

1  with one another, stopped Plaintiff without reasonable or

2  probable cause, handcuffed him and brought him down the stairs.

3      108.   Defendants DOES 1-10, and each of them,

4  individually and/or acting in concert with one another, asked the

5  Plaintiff whether he was on probation or parole. The Plaintiff

6  denied that he was on probation or parole. Nevertheless, the

7  Plaintiff was put into a patrol car and taken by Defendants DOE

8  1 and DOE 2 to the parking lot of Carl's Jr.'s restaurant on West

9  MacArthur and Telegraph Avenue, Oakland, California.

10     109.   While Plaintiff was being held in the police

11  vehicle, Defendants DOE 1 and DOE 2, and each of them, falsely

12  claimed the Plaintiff had rock cocaine in his possession. As a

13  result, the Plaintiff was arrested and imprisoned without

14  reasonable or probable cause.

15     110.   Plaintiff is informed and believes and thereon

16  alleges that other members of the City of Oakland Police

17  Department (Does 3-10, and/or each of them) had knowledge of the

18  acts and/or omissions of Defendants DOES 1 and 2, and/or each of

19  them, and that said officers directly and/or indirectly

20  authorized, encouraged, approved, and/or condoned the

21  unreasonable search and seizure of the Plaintiff.

22     111. On or about November 8, 2000, the false charges

23  were dismissed on the motion of the Alameda County District

24  Attorney's office.

25                    **CLASS ACTION ALLEGATIONS**

26     112. The named Plaintiffs seek class certification

27  pursuant to Fed.R.Civ.P. 23(a) and (b)(2) to pursue relief on

28  behalf of themselves and all persons similarly situated. The

COMPLAINT                              23

proposed class will consist of all persons who were arrested, searched, beaten and/or detained without reasonable or probable cause by Defendants VAZQUEZ, MABANAG, HORNUNG, SIAPNO, and/or by other Oakland Police Officers (DOES 1-100) and each of them, who were assigned to West Oakland neighborhoods during the period from January 1, 1995 to the present.

113. This case satisfies the pre-requisites of a Rule 23(b)(2) class action.

114. The class is so numerous that joinder of all members is impracticable. At present there are thousands of people who live, visit and/or travel within West Oakland neighborhoods where "The Riders" and/or other City of Oakland Police officers (DOES 1-100) were assigned.   Plaintiffs are informed and believe and thereon allege that the Alameda County District Attorney's Office has already dismissed and/or is in the process of dismissing, one hundred or more criminal actions that were maliciously instituted by "The Riders," and/or by other officers and the number of said dismissals is likely to increase as the investigation into the misconduct of these officers continues.   Joinder of these individuals as named plaintiffs would not be feasible.

115. There are questions of law and fact common to the class. The questions include whether the City of Oakland police officers engaged in a pattern of systemic abuse of the type described in this Complaint; whether there were City policies of deliberate indifference to such citizen abuse; whether the City's policy of deliberate indifference were a moving force behind the recurring violations by police officers of citizens'

constitutional rights; whether the City and the Oakland Police Department and its supervisors repeatedly failed to discipline officers who violated citizens' constitutional rights; whether the City and its high ranking supervisors failed to properly train and supervise police officers; whether there exists within the City police department a Code of Silence that helps to perpetuate misconduct, and whether the City's failure to dismantle the Code of Silence and/or "The Riders" at an earlier date contributed to the pattern of abuse alleged herein.

116. The claims of the named Plaintiffs are typical of the claims of the class, namely, members of the public who were arrested, searched, beaten and/or detained without reasonable or probable cause by Defendants VAZQUEZ, MABANAG, HORNUNG, SIAPNO and/or by other Oakland Police Officers (DOES 1-100) who were assigned to West Oakland neighborhoods during the period from January 1, 1995 to the present.  The claims of the class members arise from the same practice or course of conduct that has injured the class representatives and are based on the same legal theories.

117. The representative plaintiffs will fairly and adequately protect the interests of the class because they are and were subject to the complained of policies, customs and practices.  In addition, Plaintiffs' counsel are experienced in litigating federal civil rights cases, including federal civil rights actions against the City of Oakland and its police department.

118. The defendants have acted or refused to act on grounds generally applicable to the class, thereby making it

1  appropriate to grant relief with respect to the class as a whole.
2  The challenged practices, policies and resulting abuses have
3  potential application to all members of the class.

4  **CAUSES OF ACTION**

5  <u>FIRST CAUSE OF ACTION</u>

6  (42 U.S.C. SECTION 1983)
   (AGAINST DEFENDANTS VAZQUEZ, MABANAG,
7  HORNUNG, SIAPNO, DOES 1-100)

8  119. Plaintiffs incorporate by reference and re-allege
9  herein Paragraphs 1 through 118.

10  120. In doing the acts complained of herein, Defendants
11  VAZQUEZ, MABANAG, SIAPNO, HORNUNG and/or DOES 1 through 100,
12  individually and/or while acting in concert with one another, did
13  act under color of state law to deprive Plaintiffs as alleged
14  heretofore of certain constitutionally protected rights,
15  including, but not limited to:

16      (a)  the right to be free from excessive and unnecessary
17      police use of force;

18      (b)  the right not to be deprived of liberty without Due
19      Process of Law;

20      (c)  the right to be free from unreasonable search or
21      seizure;

22      (d)  the right to be free from pre-trial punishment; and/or

23      (e)  the right to be free from discrimination based on race
24      and/or gender; and/or

25      (f)  the right to Equal Protection of the Law.

26  121. Said rights are substantive guarantees under the
27  Fourth and/or Fourteenth Amendments to the United States
28  Constitution.

COMPLAINT                            26

1    WHEREFORE, Plaintiffs pray for relief as hereinafter set
2  forth.

3                        SECOND CAUSE OF ACTION
                        (42 U.S.C. SECTION 1983)
4        (AGAINST CITY OF OAKLAND, DEFENDANT WORD, DOES 1-100)

5        122. Plaintiffs incorporate by reference and re-allege
6  herein Paragraphs 1 through 121.

7        123. As against Defendant CITY OF OAKLAND and/or
8  Defendant WORD and/or DOES 1-100 in his/their capacity as
9  official policy-maker(s) for the CITY OF OAKLAND, the
10  Plaintiffs, and each of them, further allege that the acts
11  and/or omissions alleged in the Complaint herein are indicative
12  and representative of a repeated course of conduct by members of
13  the CITY OF OAKLAND Police Department tantamount to a custom,
14  policy or repeated practice of condoning and tacitly encouraging
15  the abuse of police authority, and disregard for the
16  constitutional rights of citizens.

17        124. Plaintiffs are further informed and believe and
18  thereon allege that the acts alleged herein are the direct and
19  proximate result of the deliberate indifference of Defendants
20  CITY OF OAKLAND, WORD, DOES 1-100, and each of them, to repeated
21  acts of police misconduct which were tacitly authorized,
22  encouraged or condoned by the CITY OF OAKLAND, Defendant WORD,
23  DOES 1-100, and each of them.

24        125. The injuries to the Plaintiffs, and each of them,
25  were the foreseeable and proximate result of said customs,
26  policies, patterns and/or practices of Defendant CITY OF
27  OAKLAND, Defendant WORD and/or DOES 1-100, and each of them.

28        126. Plaintiffs are further informed and believe and

COMPLAINT                    27

1    thereon allege that the damages sustained as alleged herein were
2    the direct and proximate result of municipal customs and/or
3    policies of deliberate indifference in the training, supervision
4    and/or discipline of members of the CITY OF OAKLAND Police
5    Department.

6            127.  Plaintiffs are further informed and believe and
7    upon such information and belief allege that Plaintiffs' damages
8    and injuries were caused by customs, policies, patterns or
9    practices of the CITY OF OAKLAND, Defendant WORD, DOES 1-100,
10   and each of them, of deliberate indifference in the training,
11   supervision and/or discipline of "The Riders," and/or other
12   Oakland Police Officers assigned to West Oakland neighborhoods,
13   including, but not limited to, Defendants VAZQUEZ, MABANAG,
14   HORNUNG, SIAPNO, DOES 1-100, and/or each of them.

15           128.    The aforementioned customs, policies or
16   practices of Defendant CITY OF OAKLAND, Defendant WORD, DOES 1-
17   100, and each of them, resulted in the deprivation of
18   Plaintiffs' constitutional rights including, but not limited to,
19   the following:

20           (a) the right to be free from excessive and unnecessary
21   police use of force;

22           (b)  the right not to be deprived of liberty without Due
23   Process of Law;

24           (c)  the right to be free from unreasonable searches and/or
25   seizures;

26           (d)  the right to be free from pre-trial punishment;
27           (e)  the right to be free from discrimination based on race
28   and/or gender; and/or

COMPLAINT                            28

1      (f)   the Equal Protection of the Law.

2          129. Said rights are substantive guarantees under the

3    Fourth and/or Fourteenth Amendments to the United State

4    Constitution.

5      WHEREFORE, Plaintiffs pray for relief as hereinafter set

6    forth.

7                    THIRD CAUSE OF ACTION
                     (42 U.S.C. SECTION 1983)
8          (AGAINST DEFENDANTS WORD, HAYTER AND DOES 1-100)

9          130. Plaintiffs incorporate by reference and re-allege

10   herein Paragraphs 1 through 129.

11         131. Plaintiffs are informed and believe and thereon

12   allege that high ranking City of Oakland officials, including

13   high ranking police supervisors, such as Defendant WORD,

14   Defendant HAYTER and/or DOES 1 through 100, knew and/or

15   reasonably should have known about the repeated acts of

16   misconduct by "The Riders" and/or other Oakland Police Officers

17   assigned to West Oakland neighborhoods, including, but not

18   limited to, repeated acts of misconduct by Defendants VAZQUEZ,

19   MABANAG, SIAPNO, HORNUNG, DOES 1-100, and/or each of them.

20         132. Despite having such notice, Plaintiffs are

21   informed and believe and thereon allege that Defendants WORD,

22   HAYTER and/or DOES 1-100, and/or each of them, approved,

23   ratified, condoned, encouraged and/or tacitly authorized the

24   continuing pattern and practice of misconduct and/or civil

25   rights violations by said officers.

26         133. Plaintiffs are further informed and believe and

27   thereon allege that at the time of the subject incident,

28   Defendant HAYTER supervised "The Riders," and specifically

COMPLAINT                          29

1   approved and ratified their conduct as alleged herein.

2          134. Plaintiffs are further informed and believe and
3   thereon allege that as a result of the deliberate indifference,
4   reckless and/or conscious disregard of the misconduct by "The
5   Riders" and/or other Oakland Police Officer by Defendants WORD,
6   HAYTER and/or DOES 1-100, said officers were encouraged to
7   continue their course of misconduct and violated citizens'
8   rights as alleged in this Complaint.

9          135.  The aforementioned acts and/or omissions and/or
10  deliberate  indifference  by  high  ranking  City  of  Oakland
11  officials,  including  high  ranking  City  of  Oakland  Police
12  Department supervisors, Defendants WORD, HAYTER and/or DOES 1-
13  100,  and  each  of  them,  resulted  in  the  deprivation  of
14  Plaintiffs' constitutional rights including, but not limited to,
15  the following:

16         (a) the right to be free from excessive and unnecessary
17  police use of force;

18         (b)  the right not to be deprived of liberty without Due
19  Process of Law;

20         (c)  the right to be free from unreasonable searches and/or
21  seizures;

22         (d)  the right to be free from pre-trial punishment;

23         (e)  the right to be free from discrimination based on race
24  and/or gender; and/or

25         (f)  the Equal Protection of the Law.

26         136. Said rights are substantive guarantees under the
27  Fourth  and/or  Fourteenth  Amendments  to  the  United  State
28  Constitution.

COMPLAINT                         30

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(42 U.S.C. §§1985-86)
(AGAINST DEFENDANTS CITY OF OAKLAND, WORD, HAYTER, VAZQUEZ, MABANAG, HORNUNG, SIAPNO, DOES 1-100)

137. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 136.

138. In doing the acts and/or omissions alleged herein, Defendants VAZQUEZ, MABANAG, HORNUNG, SIAPNO, DOES 1-100, and each of them, individually and/or acting in concert with one another, conspired for the purpose of depriving Plaintiffs and/or persons similarly situated to the Plaintiffs, either directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws as alleged in this Complaint in violation of 42 U.S.C. §1985.

139. As a result of said conspiracy and/or conspiracies by Defendants VAZQUEZ, MABANAG, HORNUNG, SIAPNO, DOES 1-100, and each of them, Plaintiffs and/or persons similarly situated, are entitled to recover damages in amounts to be determined according to proof.

140. Plaintiffs are further informed and believe and thereon allege that Defendant CITY OF OAKLAND, Defendant WORD, DOES 1-100, and each of them, had the power to stop and/or aid in preventing the conspiracy and/or conspiracies by Defendants VAZQUEZ, MABANAG, SIAPNO, HORNUNG, DOES 1-100, and/or each of them, as alleged herein, but instead maintained customs, policies, and/or practices which encouraged, authorized, condoned, ratified, failed to prevent and/or failed to aid in

1 the prevention of the wrongs conspired to be done by Defendants

2 VAZQUEZ, MABANAG, SIAPNO, HORNUNG, DOES 1-100, and/or each of

3 them as alleged herein.

4     141. As a result of said customs, policies and/or

5 practices, Defendant CITY OF OAKLAND, Defendant WORD, DOES 1-

6 100, and each of them, are liable under 42 U.S.C. §1986 for

7 their failure to stop and/or failure to prevent the wrongs

8 conspired to be done by Defendants VAZQUEZ, MABANAG, SIAPNO,

9 HORNUNG, DOES 1-100, and/or each of them as alleged herein.

10     142. Plaintiffs are further informed and believe and

11 thereon allege that high ranking CITY OF OAKLAND officials,

12 including, but not limited to high ranking CITY OF OAKLAND

13 Police Department supervisors, including Defendant WORD,

14 Defendant HAYTER and/or DOES 1-100, and each of them, knew

15 and/or reasonably should have known of the wrongs conspired to

16 be done by Defendants VAZQUEZ, MABANAG, HORNUNG, SIAPNO, DOES 1-

17 100, and each of them, had the power to prevent or aid in

18 preventing the commission of the same, and neglected and/or

19 refused to do so in violation of 42 U.S.C. §1986.

20     143. As a result of the failure and/or refusal of

21 Defendant WORD, Defendant HAYTER, and/or DOES 1-100, and each of

22 them, to prevent or aid in preventing the commission of the

23 conspiracy and/or conspiracies by Defendants VAZQUEZ, MABANAG,

24 HORNUNG, SIAPNO, DOES 1-100, and each of them, Plaintiffs and

25 persons similarly situated to them are entitled to recover

26 damages in amounts to be determined according to proof.

27 STATEMENT OF DAMAGES

28     144. Plaintiffs incorporate by reference and re-allege

1   herein Paragraphs 1 through 143.

2         145. As a result of the acts and/or omissions of

3   Defendants, and each of them, as alleged herein, Plaintiffs

4   and/or each of them, and/or persons similarly situation to them

5   suffered all and/or some of the damages listed below:

6         a. General damages, including, but not limited

7   to, past, present and future damages for pain, suffering,

8   emotional distress, loss of liberty in amounts to be determined

9   according to proof;

10         b. Past, present and/or future damages for

11   medical and/or related expenses in amounts to be determined

12   according to proof;

13         c. Past, present and/or future damages for wage

14   loss and/or damage to career in amounts to be determined

15   according to proof;

16         d. Past, present and/or future damages for

17   attorneys' fees, fines, bail expenses, court costs, tow and

18   storage charges and/or other costs incurred in connection with

19   the underlying false arrests and/or the defense against false

20   criminal charges filed as a result of the acts and/or omissions

21   of Defendants and/or each of them.

22         146. The acts and/or omissions of Defendants

23   VAZQUEZ, MABANAG, SIAPNO, HORNUNG, HAYTER, WORD, DOES 1-100,

24   and/or each of them, were intentional, malicious, oppressive

25   and/or done with a conscious or reckless disregard for the

26   rights of the Plaintiffs and to persons similarly situation to

27   the Plaintiffs. Accordingly, Plaintiffs pray for an award of

28   punitive and exemplary damages in amounts to be determined



1    according to proof.

2         147.   Plaintiffs will also be entitled to an award of

3    their attorneys' fees and costs pursuant to statute(s) in the

4    event that they are the prevailing parties in this action under

5    42 U.S.C. Sections 1983, 1985, 1986, 1988 and/or under other

6    statutes and/or laws.

7                          JURY TRIAL DEMAND

8         148. Plaintiffs hereby demand a jury trial.

9                               PRAYER

10        WHEREFORE, Plaintiffs pray for judgment against Defendants,

11   and each of them, as follows:

12        1.   General damages to be determined according to proof;

13        2.   Special damages, including but not limited to medical

14   and related expenses, wage loss and/or damage to career;

15   attorneys' fees, court costs and/or other out of pocket expenses

16   in connection with the underlying criminal charges and/or false

17   arrests as alleged herein;

18        3.   Attorneys' fees pursuant to statutes;

19        4.   Costs of suit;

20        5.   Punitive and exemplary damages in amounts to be

21   determined according to proof as to the individual defendants;

22        6.   For prejudgment interest as permitted by law;

23        7.   For such other and further relief as the Court may

24   deem just and proper.

25

26   DATED: December  7, 2000

                                    JOHN L. BURRIS
27                                  Attorney for Plaintiffs

28

COMPLAINT                    34