JOHN A. RUSSO, City Attorney, State Bar No. 129729
RANDOLPH W. HALL, Assistant City Attorney, State Bar No. 080142
ROCIO V. FIERRO, Senior Deputy City Attorney, State Bar No. 139565
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612
Telephone: (510) 238-6511
20752/343182

Attorneys for Defendants
CITY OF OAKLAND, et al.

ROCKNE A. LUCIA, JR., ESQ., State Bar No. 109349
RAINS, LUCIA & WILKINSON, LLP
2300 Contra Costa Blvd., Suite 230
Pleasant Hill, CA 94523
Telephone: (925) 609-1699

Attorneys for Interveners
OAKLAND POLICE OFFICERS ASSOCIATION

JAMES B. CHANIN, ESQ., State Bar No. 076043
LAW OFFICES OF JAMES B. CHANIN
3050 Shattuck Avenue
Berkeley, CA 94705
Telephone: (510) 848-4752

Attorneys for Plaintiffs

JOHN L. BURRIS, ESQ., State Bar No. 069888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Road, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al., <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF OAKLAND, et al., <br><br>Defendants. | Master Case No.: C00-4599 TEH (JL) <br><br>**STIPULATION AND ORDER RE: THE COMPLAINT RESOLUTION PROCESS PROVIDED UNDER SECTIONS III.D.1 AND III.H.2 OF THE SETTLEMENT AGREEMENT** <br><br>[Honorable Thelton E. Henderson] |

Case 3:00-cv-04599-TEH   Document 272   Filed 12/15/05   Page 2 of 5


## STIPULATION

IT IS HEREBY STIPULATED by and between the parties that Section III. D. 1 (Task 4); Section III, H. 2 (Task 8) are hereby amended as follows.

Section III, D. 1. (Task 4), "Complaint Control System for IAD" shall read as follows:

> Within 90 days, OPD shall develop a policy regarding an informal complaint resolution process which may be used by supervisors and IAD to resolve service complaints and Class II violations that do not indicate a pattern of misconduct as described in Section III, paragraph H (2). This process shall document the receipt of the complaint, date, time, location, name or the person making the complaint, the name of the person receiving the complaint, how the matter was resolved and that the person making the complaint was advised of the formal complaint process. The documentation shall be forwarded to IAD for review. If the informal complaint resolution process fails to resolve the complaint or if the person making the complaint still wishes to make a formal complaint, the person receiving the complaint shall initiate the formal complaint process pursuant to Section III, paragraph E. OPD personnel shall not unduly influence persons making a complaint to consent to the informal complaint resolution process.

Section III, H. 2 (Task 8), Classification of Citizens' Complaints shall read as follows:

> Class II offenses shall include minor misconduct situations. Complaints received from private persons, alleging a Class II violation, shall be processed as a complaint and referred for investigation or resolved through the Informal Complaint Resolution process. A Class II violation discovered by a supervisor, commander, or manager in the normal course of supervision, that does not indicate a pattern of misconduct, may be addressed through non-disciplinary corrective action. Statements and interviews from OPD personnel in Class II investigations shall be recorded, but not transcribed except at the request of the subject member/employee, complainant, command staff, Monitor, or the OIG. When a unit commander or the assigned investigator encounters a Class I violation during the Informal Complaint Resolution process or a Class II, division-level investigation, he/she shall contact the IAD Commander. The IAD Commander shall consult with the Chief of Police to determine whether the investigation shall be forwarded to IAD or remain in the unit in which the Class II violation was originally assigned.

| | | |
|---|---|---|
| 1 | Dated: December 8, 2005 | OAKLAND CITY ATTORNEY'S OFFICE |
| 2 | | |
| 3 | | |
| 4 | | By: _____ |
| 5 | | ROCIO V. FIERRO, Attorneys for Defendant CITY OF OAKLAND |
| 6 | Dated: December 8, 2005 | RAINS, LUCIA & WILKINSON, LLP |
| 7 | | |
| 8 | | By: _____ |
| 9 | | ROCKNE LUCIA, Attorney for Interveners |
| 10 | | OAKLAND POLICE OFFICERS ASSOCIATION |
| 11 | Dated: December 6, 2005 | LAW OFFICES OF JAMES B. CHANIN |
| 12 | | |
| 13 | | By: _____ |
| 14 | | JAMES B. CHANIN, Attorney for Plaintiffs |
| 15 | Dated: December 8, 2005 | LAW OFFICES OF JOHN BURRIS |
| 16 | | |
| 17 | | |
| 18 | | By: _____ |
| 19 | | JOHN L. BURRIS, Attorney for Plaintiffs |

1  **ORDER**

  III.D.1 and III.H.2

2  **IT IS HEREBY ORDERED** that Sections ~~III.E.~~ 5 of the Settlement Agreement

3  approved by this Court on or about ~~December XX, 2005~~ Jan. 22, 2003, are hereby revised and modified,

4  consistent with the terms of the Parties' Stipulation.

5  IT IS SO ORDERED.

6  Dated:  12/14/05

  */s/ Thelton E. Henderson*

  THELTON E. HENDERSON
  JUDGE OF THE DISTRICT COURT

*I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this E-filed document.*
*Dated: December 12, 2005.*

By: /s/ *Gregory M. Fox*
Gregory M. Fox