IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OAKLAND, et al., <br><br> Defendants. <br><br> AND RELATED CASES | MASTER CASE FILE <br> NO. C00-4599 TEH <br><br> ORDER RE: INTERNAL PERSONNEL ASSESSMENT SYSTEM |

The Court is in receipt of Defendant City of Oakland's letter, dated September 29, 2006, regarding the Personnel Assessment System ("PAS"), and has consulted with the Independent Monitoring Team ("IMT") regarding the issues raised in that letter. The Court remains puzzled as to how City of Oakland personnel will be able to develop an adequate internal personnel assessment system ("i-PAS") in the next two months when Motorola, which presumably has much greater expertise based on the City's original decision to contract with the company for completion of the PAS system, requires significantly more time. Nonetheless, the Court notes that the City anticipates that i-PAS "may be in place by the end of November 2006 and fully operational by December 31, 2006." Accordingly, based on the City's own proposal, IT IS HEREBY ORDERED that the i-PAS system shall be fully operational – i.e., fully functional and installed on all required computers – on or before **December 31, 2006.**

The City's letter further reveals the need for the following additional orders:

1. Although the City timely published the i-PAS system policy on September 29, 2006, the IMT has informed the Court that its approval of the system policy was contingent upon the City's also publishing a related operations guide and user's manual. Accordingly,

1  Defendants shall publish the i-PAS operations guide and user's manual on or before
2  **November 13, 2006.**  Training on both the i-PAS system policy and the i-PAS operations
3  guide and user's manual shall be completed on or before **January 31, 2006.**
4      2. The City repeated its desire, first raised prior to the July 27, 2006 status
5  conference, that Mr. Bob Glaze, Chief Information Technology Officer for the City of
6  Oakland, replace Mr. Ahsan Baig as the person responsible for completing the installation of
7  the PAS system.  The City also requested that Ms. Debra Taylor Johnson, Director of
8  Administration, replace Lieutenant Kenneth Parris as the person responsible for publishing
9  the PAS policy and completing training of all relevant personnel.  At the July 27 status
10 conference, the Court directed Defendants to submit a proposed order regarding the change
11 from Mr. Baig to Mr. Glaze.  It is unclear why Defendants have not yet managed to do so,
12 and the Court now orders both of the requested changes to occur.  Thus, if Defendants fail to
13 meet the policy and training deadlines regarding i-PAS, Ms. Taylor Johnson may be held in
14 contempt of court.  Similarly, if Defendants fail to meet the installation deadline for the
15 i-PAS system, Mr. Glaze may be held in contempt of court.  Moreover, in the future, when
16 the Court directs parties to meet and confer and file stipulations or proposed orders, the
17 parties shall do so in a more timely manner.  Although the Court understands that the meet-
18 and-confer process may take some time, it is unreasonable for Defendants to require more
19 than two months to submit a proposed order on such a simple matter as changing the person
20 responsible for a particular task.
21     3. The Court agrees with the IMT that Defendants' proposed changes to the i-PAS
22 thresholds, discussed on page 5 of Exhibit 2 to Defendants' letter, are not inappropriate.
23 However, Defendants fail to discuss in their letter to the Court that making such changes will
24 require a stipulated order to change the terms of the Negotiated Settlement Agreement
25 ("NSA") – in particular, to Section VII.B.6 of the NSA.  Consequently, IT IS HEREBY
26 ORDERED that the parties shall meet and confer regarding the necessary changes to the
27 NSA and submit a stipulation and proposed order regarding these changes on or before
28

2

**October 30, 2006.** The parties shall obtain the approval of the IMT prior to filing their stipulation.

    4. The Court is becoming increasingly concerned that the delays in implementing the i-PAS and PAS systems will hinder Defendants' ability to achieve substantial compliance with the NSA prior to its scheduled expiration in January 2008. The parties shall meet and confer regarding this issue and shall discuss the possibility of an extension of the NSA in their joint statement for the December 14, 2006 status conference.

    5. If, for any reason, Defendants believe that the deadlines set forth in this order are unattainable, then they shall immediately meet and confer with Plaintiffs and the IMT. If a stipulation between the parties, approved by the IMT, cannot be reached, then the parties shall call this Court's courtroom deputy to propose dates and times for a telephonic status conference.

**IT IS SO ORDERED.**

Dated:   10/11/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT