IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DELPHINE ALLEN, et al.,

               Plaintiffs,

v.

CITY OF OAKLAND, et al.,

               Defendants.

AND RELATED CASES

MASTER CASE FILE
NO. C00-4599 TEH

ORDER APPROVING
DEFENDANTS' PROPOSAL TO
CLOSE 756 COMPLAINTS OF
ALLEGED MISCONDUCT

       The Court is in receipt of Defendants' proposal, filed on October 4, 2006, to resolve the issue of 756 uninvestigated complaints of alleged misconduct by investigating 192 complaints and closing the remaining 564 complaints. Upon consultation with the Independent Monitoring Team ("IMT"), the Court finds good cause to approve Defendants' proposal, which Plaintiffs do not oppose. The deadline for imposing discipline pursuant to Government Code section 3304 has already expired on the remaining 564 complaints, and the Court agrees that the lengthy passage of time makes it unlikely that any further investigations would be productive for the reasons discussed in Defendants' proposal. Moreover, Defendants agree that information regarding the uninvestigated complaints will be made available whenever state or federal law would allow discovery of such complaints, and that data on any complaints made in the last thirty months shall be entered into the Personnel Assessment System. Thus, the data regarding these complaints will not be lost or destroyed even though no formal investigation will occur. Additionally, Defendants have recently made good progress in improving the operations of the Internal Affairs Division ("IAD"), and Defendants finally "recognize[] the urgency of rectifying [their] failures" in IAD, including improving both the timeliness and quality of investigations. Defs.' Proposal at 5.

1      However, as Defendants themselves acknowledge, much work in IAD remains to be
2 done, and the IMT will therefore continue to monitor carefully the policies and procedures in
3 IAD, as well as the timeliness and quality of the division's investigations.  In addition,
4 although the Court is in this instance approving the closure of a significant number of
5 complaints without investigation, it does not intend to do so in the future.  Defendants have
6 now revised their policies and procedures so that complaints should no longer languish in
7 IAD or, worse yet, never even be formally considered a complaint potentially in need of
8 investigation.  Future violations of these policies and procedures, which were approved by
9 the IMT under the terms of the Negotiated Settlement Agreement in this case, may be
10 punishable by contempt of court and, in any event, shall not result in the sort of one-time
11 amnesty that the Court now allows by approving Defendants' request to close 564 complaints
12 without further investigation.

13      In addition, data on all complaints made within the last thirty months of the date of
14 this order shall be entered into the Internal Personnel Assessment System ("i-PAS") no later
15 than **March 31, 2007,** and into the Personnel Assessment System ("PAS") no later than three
16 months after the final implementation of PAS.  Defendants shall file a proposed order
17 naming a person responsible for these tasks on or before **October 30, 2006.**  As with the
18 deadlines set in the Court's order regarding i-PAS, if, for any reason, Defendants believe that
19 these deadlines are unattainable, then they shall immediately meet and confer with Plaintiffs
20 and the IMT.  If a stipulation between the parties, approved by the IMT, cannot be reached,
21 then the parties shall call this Court's courtroom deputy to propose dates and times for a
22 telephonic status conference.

**IT IS SO ORDERED.**

Dated: 10/11/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2