JOHN A. RUSSO, City Attorney, State Bar No. 129729
RANDOLPH W. HALL, Assistant City Attorney, State Bar No. 080142
ROCIO V. FIERRO, Senior Deputy City Attorney, State Bar No. 139565
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612
Telephone: (510) 238-6511
20752/343182

Attorneys for Defendants
CITY OF OAKLAND, et al.

ROCKNE A. LUCIA, JR., ESQ., State Bar No. 109349
RAINS, LUCIA & WILKINSON, LLP
2300 Contra Costa Blvd., Suite 230
Pleasant Hill, CA 94523
Telephone: (925) 609-1699

Attorneys for Interveners
OAKLAND POLICE OFFICERS ASSOCIATION

JAMES B. CHANIN, ESQ., State Bar No. 076043
LAW OFFICES OF JAMES B. CHANIN
3050 Shattuck Avenue
Berkeley, CA 94705
Telephone: (510) 848-4752

Attorneys for Plaintiffs

JOHN L. BURRIS, ESQ., State Bar No. 069888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Road, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Master Case No.: C00-4599 TEH (JL)<br><br>**STIPULATION AND ORDER RE: CLARIFICATION OF GOVERNMENT CODE SECTION 3304 PURSUANT TO SECTIONS VII, B (TASK 41); VIII, D-E (TASK 42); X, A (TASK 44); AND X, C (TASK 46) OF THE SETTLEMENT AGREEMENT**<br><br>[Honorable Thelton E. Henderson] |

# STIPULATION

IT IS HEREBY STIPULATED by and between the parties that the following Sections are hereby amended to reflect clarification of Government Code Section 3304.

Section VII, B (Task 41), "Use of Personnel Assessment System (PAS)" shall read as follows:

B. **Use of Personnel Assessment System (PAS)**

    11.    PAS information shall be taken into account for a commendation or award recommendation; promotion, transfer, and special assignment, and in connection with annual performance appraisals. For this specific purpose, the only disciplinary information from PAS that shall be considered are sustained and not sustained complaints completed within the time limits imposed by Government Code Section 3304.

    13.    Relevant and appropriate PAS information shall be taken into account in connection with determinations of appropriate discipline for sustained misconduct allegations. For this specific purpose, the only disciplinary information from PAS that shall be considered are sustained and not sustained complaints completed within the time limits imposed by Government Code Section 3304.

Section VIII (Task 42), "FIELD TRAINING PROGRAM" shall read as follows:

D. **FTO Candidate Nomination and Requirements**

FTO candidates shall be nominated by field supervisors and commanders, but shall be approved for assignments to this duty, and for retention in it, by the Chief of Police. All FTO candidates must have completed three (3) years of Departmental service before selection, unless specifically authorized by the Chief of Police. FTO candidates shall be required to demonstrate their commitment to

community policing, and their problem- solving and leadership abilities. Ethics, professionalism, relationships with the community, quality of citizen contacts and commitment to OPD philosophy shall be primary criteria in the selection of FTOs. Excessive numbers of sustained and not sustained complaints completed within the time limits imposed by Government Code Section 3304, or excessive numbers of use of force incidents shall bar a candidate from selection as an FTO for no less than two (2) years.

E.      Decertification

The presumptive result of sustained disciplinary action, completed within the time limits imposed by Government Code Section 3304, against an FTO or the FTO Program Coordinator for excessive force, unlawful arrest, false testimony, racial, ethnic, sexual-orientation or gender-based discrimination or slurs, or other serious examples of police misconduct, shall be removal from the FTO program.  The Deputy Chief of the member's chain of command may recommend to the Chief of Police to grant an exception to this presumption after conducting a hearing on the facts of the matter.  The Chief of Police shall document the approval/disapproval in writing.

Section X (Task 44), "PERSONNEL PRACTICES" shall read as follows:

A.      Performance Appraisal Policy

Performance appraisals shall be written individually for the member/employee being evaluated and shall accurately reflect the quality of each member/employee's performance.

1.      Supervisors and commanders shall document, in performance appraisals, that they are aware of the nature and progress of complaints and investigations against members/employees, and shall consider all sustained and not sustained complaint findings completed within the time limits imposed by

1  Government Code Section 3304, in their performance appraisal of subordinates.
2  Section X, C (Task 46), "Promotional Consideration" shall read as follows:

**C.    Promotional Consideration**

   1.    Sustained misconduct cases completed within the time limits imposed by Government Code Section 3304 against a member/employee shall be an important factor in determining promotability. There shall be a presumptive ineligibility for promotion for 12 months following the sustained finding of a Class I offense as defined in Section III, paragraph H(1). Such cases shall be considered important in evaluating promotability for three (3) years following the completion of the investigation.

   2.    In addition to other factors, the Chief of Police shall consider the following criteria in making promotional determinations:

   a.    Commitment to community policing;
   b.    Quality of citizen contacts;
   c.    Number of sustained and not sustained complaints completed within the time limits imposed by Government Code Section 3304;
   d.    Instances of unnecessary use of force;
   e.    Support for Departmental integrity measures.

///
///
///
///
///
///
///

| | | |
|---|---|---|
| 1  Dated: ~~May~~ June 5, 2007 | | OAKLAND CITY ATTORNEY'S OFFICE |
| 2 | | |
| 3 | | |
| 4 | By: | *[signature]* |
| | | ROCIO V. FIERRO, Attorneys for Defendant CITY OF OAKLAND |
| 5 | | |
| 6  Dated: May 3, 2007 | | RAINS, LUCIA & WILKINSON, LLP |
| 7 | | |
| 8 | | *[signature]* |
| 9 | By: | ROCKNE LUCIA, Attorney for Interveners OAKLAND POLICE OFFICERS ASSOCIATION |
| 10 | | |
| 11  Dated: May 3, 2007 | | LAW OFFICES OF JAMES B. CHANIN |
| 12 | | |
| 13 | | *[signature]* |
| 14 | By: | JAMES B. CHANIN, Attorney for Plaintiffs |
| 15 | | |
| 16  Dated: May 3, 2007 | | LAW OFFICES OF JOHN BURRIS |
| 17 | | |
| 18 | By: | *[signature]* |
| 19 | | JOHN L. BURRIS, Attorney for Plaintiffs |

## ORDER

**IT IS HEREBY ORDERED** that Sections VII, B (Task 41); VIII, D-E (Task 42); X, A & C (Task 44) of the Settlement Agreement approved by this Court on or about January 22, 2003 ~~May ___, 2007~~, are hereby revised and modified, consistent with the terms of the Parties' Stipulation.

IT IS SO ORDERED.

Dated:   06/11/07

_____
THELTON E. HENDERSON
JUDGE OF THE DISTRICT COURT

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — Judge Thelton E. Henderson]