IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DELPHINE ALLEN, et al.,

Plaintiffs,

v.

CITY OF OAKLAND, et al.,

Defendants.

MASTER CASE FILE
NO. C00-4599 TEH

ORDER RE: LETTERS FILED ON
APRIL 1 AND APRIL 2, 2008

Upon careful consideration of the letters from Defendants and the Independent Monitoring Team ("IMT") filed on April 1 and April 2, 2008, the Court concludes that a private meeting with the Oakland City Attorney and Chief of Police is unnecessary at this time.[1]  The filed correspondence makes clear Defendants' position, as well as those of the IMT and Plaintiffs, regarding the compensation issue.  The Court will address the 30-day extension issue at the next status conference, at which time Defendants may also raise any concerns about the IMT's opinions regarding the Internal Affairs Division.  Letter briefs on these issues are neither required nor encouraged.

In addition, the Court does not find filings such as the recent letters to be productive, and the parties are advised that their first reaction to disputes with each other or the IMT should not be to file a letter or to request an immediate meeting with the Court.  If the Court believes that responses to a filing, including a filing by the IMT, are warranted, it will request them.  Obviously, the Court can and must resolve material disputes and motions properly filed before it.  Its role, however, is not to mediate all points of disagreement – large or small – among the parties or between the parties and the IMT.  With the parties' agreement, the

---

[1] The Court additionally notes that Defendants failed to follow the usual procedure of obtaining all parties' consent for such meetings prior to making a request.

Court has entertained multiple requests for ex parte meetings in the past, but such meetings will now only be granted in extraordinary circumstances.[2]

**IT IS SO ORDERED.**

Dated: 04/10/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Nothing in this order is intended to change what has become the Court's practice to meet with the Chief of Police and City Administrator prior to each status conference, as long as Defendants obtain consent from all parties in advance of each such meeting.

2