1   Gregory M. Fox, State Bar No. 070876
    BERTRAND, FOX & ELLIOT
2   The Waterfront Building - 2749 Hyde Street
    San Francisco, California  94109
3   *Email: gfox@bfesf.com*
    Telephone:    415.353.0999
4   Facsimile:    415.353.0990

5   John A. Russo, City Attorney, State Bar No. 129729
    Randolph W. Hall, Chief Assist. City Attorney, State Bar No. 080142
6   Rocio V. Fierro, Senior Deputy City Attorney, State Bar No. 139565
    OFFICE OF THE CITY ATTORNEY
7   CITY OF OAKLAND
    One Frank H. Ogawa Plaza, Sixth Floor
8   Oakland, California 94612
    Telephone:    510.238.3601
9   Facsimile:    510.238.6500

10

11  Attorneys for Defendant CITY OF OAKLAND

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15  DELPHINE ALLEN, et al.,                    )    **MASTER FILE: No.  C-00-4599-TEH**
                                               )
16              Plaintiffs,                    )    STIPULATION BETWEEN THE PARTIES
                                               )    AND ~~[PROPOSED]~~ ORDER Re: ATTORNEYS
17      vs.                                    )    FEES DURING THE NSA EXTENSION
                                               )    ORDERED BY THE COURT
18  CITY OF OAKLAND, et al.,                   )
                                               )
19                                             )
                                               )
20              Defendants.                    )
                                               )
21                                             )
                                               )
22  _____

23          The parties, acting by and through their legal counsel, executed that "Settlement Agreement

24  Re: Pattern and Practice Claims" in the above captioned matter on or about January 2003, and as later

25  amended, hereinafter known as the Negotiated Settlement Agreement ("NSA").   On or about March

26  2003 the parties, again acting by and through their legal counsel, entered into that "Agreement and

27  Release re: Attorneys' Fees Re: Pattern and Practice Claims."   Both agreements resolved and settled

28  plaintiffs' attorneys' then pending  claims for attorneys' fees and costs during the litigation and

                                                  1

1    settlement of the above-captioned matter.   The NSA also provided for additional attorneys fees and

2    costs for plaintiffs counsel during the NSA exclusively as follows:

4           "J. Meetings.

5    2.       The Monitor shall also convene meetings with representatives of the OPD, City Attorney's

6    Office, City Manager's Office, the Oakland Police Officers' Association and plaintiff's counsel to

7    provide a forum for the discussion and comment of the Monitor's reports before the reports are issued

8    to the Court. The plaintiffs' counsel and their retained experts and/or consultants shall be

9    compensated by the City up to but not to exceed Fifth Thousand Dollars ($50,000.00); this amount

10   shall include all fees and costs over the duration of this Agreement for their participation in the

11   review of policies called for in this Agreement.   The plaintiffs' counsel shall submit to the City, on

12   an annual basis during the duration of the Agreement a statement of such fees and costs. *NSA, XIII,*

13   *Independent  Monitoring, J. Meetings. 2.*

15           "R. Court Resolution of Disputes.

16           In the event the Monitor reports that the duties and the responsibilities of the Monitor, as

17   specified in this Agreement, cannot be carried out because of a lack of cooperation, failure to provide

18   appropriate data and documents otherwise called for in this Agreement, lack of timely response or

19   other forms of unwarranted delays from OPD or the City, the Court may impose such remedies as it

20   deems just and necessary. Plaintiffs' counsel may bring motions based on their belief that the City or

21   OPD is failing to comply with the provisions of this Agreement. The City may also bring motions to

22   amend the Agreement should it determine such changes are necessary to achieve the overall purpose

23   of the Agreement. Before any such motions are brought, the parties shall meet and confer following

24   the exchange of a letter brief.  Should it be necessary to continue the meet and confer process, the

25   parties may request mediation before Magistrate Judge Larson, another Magistrate Judge mutually

26   requested, or another Magistrate Judge as designated Court.  The Court shall hold hearings on such

27   matters and, if plaintiffs' prevail, plaintiffs' counsel shall be entitled to their costs and legal fees.

28   Should the plaintiffs not prevail, the standards set forth in FRCP rule 11 and 42 USC Section 1988

1    shall apply so as to determine if the City shall be entitled to an award of fees and costs.

2    Additionally, in the event of substantial and/or chronic non-compliance with the provisions of this

3    Agreement, the Court may impose such sanctions and/or remedies as it deems just and necessary,

4    including but not limited to, attorneys' fees." *NSA, XIII, R. Court Resolution of Disputes.*

5      Following the Court's Order extending the NSA until January 2010 the parties began meeting

6    and conferring on plaintiffs' attorneys request for fees and costs to compensate them for their

7    additional work during the extension period and consistent with the applicable existing provisions of

8    the NSA as set forth above re: *XIII, Section J and R.* During this meet and confer process the parties

9    also entered into that Stipulation for an Order Extending the Court's jurisdiction until April 2010 for

10    the limited purpose of hearing any motions filed by either party regarding the Monitors

11    recommendations to the Court in January 2010 re OPD achievement of practice compliance.

12      The parties have now agreed to enter into the following stipulation amending the NSA as

13    follows:

14      Article XIII of the NSA, Section J, is amended to provide that plaintiffs' counsel and their

15    retained experts and consultants shall be compensated by the City during the extension of the NSA

16    from January 2008 through January 2010 up to but not to exceed Forty Thousand Dollars; this

17    amount includes all fees and costs over the duration of this NSA extension incurred by plaintiffs

18    counsel for their participation in all of the work called for in the NSA including but not limited to

19    meetings, motions, court appearances, legal research and any and all other work and motions and

20    related pleadings that discuss, refer or relate to the NSA. The plaintiffs counsel shall submit to the

21    City by December 15 2009 a statement of their fees and costs with an explanation of the work

22    performed by the attorneys. In consideration of this Agreement and additional compensation during

23    the NSA extension plaintiffs' counsel waive any and all rights and claims for any other additional

24    compensation for any other legal fees and costs incurred for any reason by plaintiffs counsel and their

25    experts and consultants from January 2003 through January 2010 that discuss, refer or relate to their

26    work related to the NSA.

27      The parties agree and further stipulate that all of the provisions of the NSA, Article XIII,

28    Sections R and S, including the provision of fees and costs, remain in full force and effect for both

STIPULATION RE EXTENDING COURT'S JURISTCITION OVER THE NSA

parties regarding any motions either party may file during the extension of the Court's jurisdiction from January 2010 through April 2010 for the limited purpose of a party addressing the Monitors recommendations to the Court re OPD's achievement of practice compliance on or before January 2010. The parties agree that in particular the meet and confer provisions of these sections must be exhausted before the filing of any substantive motions during this limited time period.

So Stipulated:

Dated: November 9, 2009                    Bertrand, Fox & Elliot

By: _____
Gregory M. Fox, Attorney for
Defendant City of Oakland

Dated: November 9, 2009                    Oakland City Attorney's Office

By: _____
Rocio V. Fierro, Attorney for
Defendant City of Oakland

Dated: November 9, 2009                    Law Offices of John L. Burris

By: _____
John L. Burris, Attorney for
Plaintiffs

Dated: November 9, 2009                    Law Offices of James B. Chanin

By: _____
James B. Chanin, Attorney for
Plaintiffs

ATTORNEY ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this E-filed document.

Dated: November 9, 2009                    _____/s/_____
GREGORY M. FOX

GOOD CAUSE APPEARING THE STIPUATION OF THE PARTIES IS SO ORDERED

Dated: November 24, 2009 _____
Judge of the U.S. District Court

STIPULATION RE EXTENDING COURT'S JURISTCITION OVER THE NSA