Gregory M. Fox, State Bar No. 070876
BERTRAND, FOX & ELLIOT
The Waterfront Building - 2749 Hyde Street
San Francisco, California 94109
*Email: gfox@bfesf.com*
Telephone:   415.353.0999
Facsimile:   415.353.0990

John A. Russo, City Attorney, State Bar No. 129729
Randolph W. Hall, Chief Assist. City Attorney, State Bar No. 080142
Rocio V. Fierro, Senior Deputy City Attorney, State Bar No. 139565
OFFICE OF THE CITY ATTORNEY
CITY OF OAKLAND
One Frank H. Ogawa Plaza, Sixth Floor
Oakland, California 94612
Telephone:   510.238.3601
Facsimile:   510.238.6500

Attorneys for Defendant CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND, et al.,<br><br>  Defendants. | MASTER FILE: No. C-00-4599-TEH<br><br>STIPULATION BETWEEN THE PARTIES AND [PROPOSED] ORDER Re: ATTORNEYS FEES DURING THE NSA EXTENSION ORDERED BY THE COURT |

The parties, acting by and through their legal counsel, executed that "Settlement Agreement Re: Pattern and Practice Claims" in the above captioned matter on or about January 2003, and as later amended, hereinafter known as the Negotiated Settlement Agreement ("NSA"). On or about March 2003 the parties, again acting by and through their legal counsel, entered into that "Agreement and Release re: Attorneys' Fees Re: Pattern and Practice Claims." Both agreements resolved and settled plaintiffs' attorneys' then pending claims for attorneys' fees and costs during the litigation and

1  settlement of the above-captioned matter. The NSA also provided for additional attorneys fees and
2  costs for plaintiffs counsel during the NSA exclusively as follows:

3

4  "J. Meetings.
5  2.     The Monitor shall also convene meetings with representatives of the OPD, City Attorney's
6  Office, City Manager's Office, the Oakland Police Officers' Association and plaintiff's counsel to
7  provide a forum for the discussion and comment of the Monitor's reports before the reports are issued
8  to the Court. The plaintiffs' counsel and their retained experts and/or consultants shall be
9  compensated by the City up to but not to exceed Fifth Thousand Dollars ($50,000.00); this amount
10 shall include all fees and costs over the duration of this Agreement for their participation in the
11 review of policies called for in this Agreement. The plaintiffs' counsel shall submit to the City, on
12 an annual basis during the duration of the Agreement a statement of such fees and costs. *NSA, XIII,*
13 *Independent Monitoring, J. Meetings. 2.*

14

15        "R. Court Resolution of Disputes.
16        In the event the Monitor reports that the duties and the responsibilities of the Monitor, as
17 specified in this Agreement, cannot be carried out because of a lack of cooperation, failure to provide
18 appropriate data and documents otherwise called for in this Agreement, lack of timely response or
19 other forms of unwarranted delays from OPD or the City, the Court may impose such remedies as it
20 deems just and necessary. Plaintiffs' counsel may bring motions based on their belief that the City or
21 OPD is failing to comply with the provisions of this Agreement. The City may also bring motions to
22 amend the Agreement should it determine such changes are necessary to achieve the overall purpose
23 of the Agreement. Before any such motions are brought, the parties shall meet and confer following
24 the exchange of a letter brief. Should it be necessary to continue the meet and confer process, the
25 parties may request mediation before Magistrate Judge Larson, another Magistrate Judge mutually
26 requested, or another Magistrate Judge as designated Court. The Court shall hold hearings on such
27 matters and, if plaintiffs' prevail, plaintiffs' counsel shall be entitled to their costs and legal fees.
28 Should the plaintiffs not prevail, the standards set forth in FRCP rule 11 and 42 USC Section 1988

1  shall apply so as to determine if the City shall be entitled to an award of fees and costs.
2  Additionally, in the event of substantial and/or chronic non-compliance with the provisions of this
3  Agreement, the Court may impose such sanctions and/or remedies as it deems just and necessary,
4  including but not limited to, attorneys' fees." *NSA, XIII, R. Court Resolution of Disputes.*
5     Following the Court's Order extending the NSA until January 2010 the parties began meeting
6  and conferring on plaintiffs' attorneys request for fees and costs to compensate them for their
7  additional work during the extension period and consistent with the applicable existing provisions of
8  the NSA as set forth above re: *XIII, Section J and R*.  During this meet and confer process the parties
9  also entered into that Stipulation for an Order Extending the Court's jurisdiction until April 2010 for
10 the limited purpose of hearing any motions filed by either party regarding the Monitors
11 recommendations to the Court in January 2010 re OPD achievement of practice compliance.
12    The parties have now agreed to enter into the following stipulation amending the NSA as
13 follows:
14    Article XIII of the NSA, Section J, is amended to provide that plaintiffs' counsel and their
15 retained experts and consultants shall be compensated by the City during the extension of the NSA
16 from January 2008 through January 2010 up to but not to exceed Forty Thousand Dollars; this
17 amount includes all fees and costs over the duration of this NSA extension incurred by plaintiffs
18 counsel for their participation in all of the work called for in the NSA including but not limited to
19 meetings, motions, court appearances, legal research and any and all other work and motions and
20 related pleadings that discuss, refer or relate to the NSA.  The plaintiffs counsel shall submit to the
21 City by December 15 2009 a statement of their fees and costs with an explanation of the work
22 performed by the attorneys.  In consideration of this Agreement and additional compensation during
23 the NSA extension plaintiffs' counsel waive any and all rights and claims for any other additional
24 compensation for any other legal fees and costs incurred for any reason by plaintiffs counsel and their
25 experts and consultants from January 2003 through January 2010 that discuss, refer or relate to their
26 work related to the NSA.
27    The parties agree and further stipulate that all of the provisions of the NSA, Article XIII,
28 Sections R and S, including the provision of fees and costs, remain in full force and effect for both

parties regarding any motions either party may file during the extension of the Court's jurisdiction from January 2010 through April 2010 for the limited purpose of a party addressing the Monitors recommendations to the Court re OPD's achievement of practice compliance on or before January 2010. The parties agree that in particular the meet and confer provisions of these sections must be exhausted before the filing of any substantive motions during this limited time period.

So Stipulated:

Dated: November 9, 2009                     Bertrand, Fox & Elliot

By: /s/ _____
Gregory M. Fox, Attorney for
Defendant City of Oakland

Dated: November 9, 2009                     Oakland City Attorney's Office

By: /s/ _____
Rocio V. Fierro, Attorney for
Defendant City of Oakland

Dated: November 9, 2009                     Law Offices of John L. Burris

By: /s/ _____
John L. Burris, Attorney for
Plaintiffs

Dated: November 9, 2009         Law Offices of James B Chanin

By: /s/
James B. Chanin, Attorney for Plaintiffs

## ATTORNEY ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this E-filed document.

Dated: November 9, 2009

/s/
GREGORY M. FOX

GOOD CAUSE APPEARING THE STIPUATION OF THE PARTIES IS SO ORDERED

Dated: November 24, 2009

Judge of the U.S. District Court