IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>CITY OF OAKLAND, et al.,<br><br>                Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br>ORDER RE: WEEKLY REPORTS |

On August 31 and September 15, 2010, this Court ordered Defendants to submit weekly reports to the Monitor. On October 25, 2010, the Court extended the deadline for submitting such reports to 12:00 noon, Pacific time, on Wednesday of each week.

These orders were silent on whether Plaintiffs' counsel are entitled to receive copies of the weekly reports and whether the weekly reports should be filed in the public record, and Plaintiffs and Defendants have submitted briefs setting forth their respective positions on these issues. Upon careful consideration of the parties' arguments, the Court finds good cause to order the following:

1. On or before 12:00 noon, Pacific time, on Wednesday of each week, Defendants shall submit the weekly reports that are the subject of the above orders to Plaintiffs' counsel via electronic mail. This deadline shall automatically be extended accordingly if the Monitor, in his discretion, extends the deadline for Defendants to submit any particular weekly report to the Monitor. This order shall take effect with the weekly reports due on November 17, 2010.

2. The weekly reports shall not be filed in the public record and shall be deemed confidential. The parties shall meet and confer and file a stipulation and proposed protective order on or before **November 15, 2010.**

3. Any party seeking to file any weekly report or portion thereof as an exhibit to a Court filing shall meet and confer with the opposing party to determine whether filing under seal is warranted and, if so, shall follow the requirements of Civil Local Rule 79-5. The parties are reminded that a request to file a document under seal must "establish[] that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5.

4. Defendants shall provide the Monitor with fully unredacted versions of the weekly reports. Before submitting the reports to Plaintiffs' counsel, Defendants may redact the names of officers who are the subject of personnel matters that do not pertain to issues concerning Defendants' compliance with the Memorandum of Understanding filed on November 24, 2009.

5. If, upon receipt of any weekly report, Plaintiffs' counsel believe they are entitled to learn any of the names that have been redacted by Defendants, they shall notify Defendants' counsel and the Monitor within one business day. The parties shall then meet and confer with the Monitor, who shall determine whether good cause exists for the redaction of the names and instruct the parties accordingly. Although the Court expects that reasonable persons acting in good faith should be able to resolve these issues without Court intervention, any party who disagrees with the Monitor's determination may raise the matter before this Court by regular motion practice.

**IT IS SO ORDERED.**

Dated:  11/05/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2