1   JOHN L. BURRIS (SBN# 69888)
LAW OFFICES OF JOHN L. BURRIS
2   Airport Corporate Centre
7677 Oakport Street, Suite 1120
3   Oakland, California 94621
Telephone: (510) 839-5200
4   Facsimile: (510) 839-3882
Email: John.Burris@johnburrislaw.com
5

6   JAMES B. CHANIN (SBN# 76043)
JULIE M. HOUK   (SBN# 114968)
7   LAW OFFICES OF JAMES B. CHANIN
3050 Shattuck Avenue
8   Berkeley, California  94705
Telephone:  (510) 848-4752, Ext. 2
9   Facsimile:  (510) 848-5819
Email:       jbcofc@aol.com
10

11   Attorneys for Plaintiffs

12

13

14                   UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17

18   DELPHINE ALLEN, et al.,,           )   CASE NO:  C00-4599 TEH
                                              )
19               Plaintiffs,                 )   **STIPULATION AND [PROPOSED]**
                                              )   **PROTECTIVE ORDER RE: CITY OF**
20                                       )   **OAKLAND POLICE DEPARTMENT'S**
                                              )   **WEEKLY REPORTS PRODUCED TO**
21   vs.                                   )   **PLAINTIFFS' COUNSEL PURSUANT TO**
                                              )   **THE COURT'S ORDER OF NOVEMBER**
22   CITY OF OAKLAND, et al.,         )   **5, 2010**
                                              )
23             Defendants.                 )
                                              )
24                                       )
                                              )
25   _____ )

26         Plaintiffs (hereinafter, Receiving Party) and Defendant City of Oakland (hereinafter,

27   Producing Party), and Intervenor Oakland Police Officers Association (OPOA)  by and through

28   their respective attorneys of record, do hereby stipulate to the following Protective Order:

Stipulated Protective Order
Allen v. City of Oakland, C000-4599 TEH                             1

1. The weekly reports (hereinafter, "Protected Material"), which are to be produced by Defendant City of Oakland to Plaintiffs' and OPOA's counsel pursuant to the Court's Order Re: Weekly Reports, entered on November 5, 2010, shall be deemed CONFIDENTIAL and each page of each report shall be stamped with the designation "Confidential Subject to Protective Order" and each page will be bate stamped.

2. Any party seeking to file any Protected Material or portion thereof as an exhibit to a Court filing shall meet and confer with the opposing party to determine whether filing under seal is warranted and, if so, shall follow the requirements of Civil Local Rule 79-5. The parties acknowledge that a request to file a document under seal must "establish[] that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5.

3. Any Party desiring to maintain the confidentiality of the transcript or any exhibits affixed to the transcript pertaining to the content of said Protected Materials shall, before the close of the deposition, hearing, or other proceeding, specify any portions of the testimony that qualify as confidential. Transcript pages containing any such Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

4. A Party that elects to press a challenge to a confidentiality designation of a transcript of any proceeding concerning the Protected Material, after considering the justification offered by the Designating Party, may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer

1
2
3
4
5
6
7

requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

8
9
10
11
12
13
14

5. The Receiving Party or OPOA or Producing Party may use Protected Material in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has terminated, a Receiving Party and OPOA must comply with the provisions set forth below concerning the final disposition of the Protected Material.

15
16
17
18

6. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party or OPOA may disclose the Protected Material designated CONFIDENTIAL by this Stipulated Protective Order only to:

19
20
21

(a) employees of the Receiving Party or employees, officers or directors of the OPOA to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

22
23
24
25

(b) experts (as defined in this Order) of the Receiving Party or OPOA to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

26
27
28

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) during their deposition, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound as specified above;

(f) the author the document or the original source of the information.

7.  If a Receiving Party  or OPOA learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party or OPOA must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. Unless otherwise ordered or agreed in writing by the Producing Party, the Receiving Party and OPOA  must return all Protected Material to the Producing Party following the final termination of this action.  With permission in writing from the Producing Party, the Receiving Party or OPOA  may destroy some or all of the Protected Material instead or returning it.

9. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10. The Court shall retain jurisdiction over any matter covered by this Stipulation and Order for 24 months after the final termination of this action.

Stipulated Protective Order
Allen v. City of Oakland, C000-4599 TEH                                                   4

1    IT IS SO STIPULATED.

2

3

4    DATED:  November  15, 2010

5

6                                          By:_____/s/_____

7                                             JAMES B. CHANIN
                                              Attorney for Plaintiffs

8    DATED:  November 15, 2010

9                                          By:_____

10                                            GREGORY M. FOX
                                              Attorney for Defendant
11                                            City of Oakland

12

13   Dated: November 15, 2010

                                              _____/s/_____
14                                            Rockne A.  Lucia Jr.
                                              Attorney for the OPOA
15

16

17                    ATTORNEY ATTESTATION

18        I hereby attest that I have on file all holograph signatures for any signatures indicated by

19   a "conformed" signature (/s/) within this E-filed document.

20

21   Dated: November 15, 2010         _____

                                              GREGORY M. FOX
22

23   PURSUANT TO STIPULATION, IT IS SO ORDERED.

24
     DATED:  11/15_____, 2010
25

26

27

28                      THELTON  E.  _____
                        Judge of the United States District Court

     Stipulated Protective Order
     Allen v. City of Oakland, C000-4599 TEH                                    5

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States Court for the Northern District of California on

_____[date] in the case of <u>Allen v. City of Oakland, et al.</u> Case No. C-00-

4599 TEH.   I agree to comply with and be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of

_____[print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Stipulated Protective Order
Allen v. City of Oakland, C000-4599 TEH                                                6

[printed name]

Signature:_____
[signature]

Stipulated Protective Order
Allen v. City of Oakland, C000-4599 TEH

7