IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OAKLAND, et al., <br><br> Defendants. | MASTER CASE FILE <br> NO. C00-4599 TEH <br><br> ORDER DENYING <br> DEFENDANTS' REQUEST FOR <br> IN CAMERA HEARING |

Defendants' December 8, 2010 request for an in camera hearing concerning a use-of-force incident is DENIED. As the Court noted in its most recent order, this incident, and Defendants' response thereto, raises questions about the status of compliance efforts in the Department. However, the incident was uncovered during the Monitor's most recent site visit and therefore has not yet impacted any findings by the Monitor. Defendants' challenges are thus premature, as is Defendants' request to file their own findings with the Court.

Additionally, the incident in question stemmed from an internal investigation completed by Defendants and reviewed at all levels of command, including the Chief of Police. Thus, while Plaintiffs might claim surprise, the incident and subsequent findings were already known to Defendants. Moreover, Defendants' hiring of two additional outside experts is puzzling given what the Court has been told are challenging financial times for the City of Oakland and the fact that the Monitor and his team, whom Defendants selected, are themselves experts on policing and, in several cases, use of force.

While the Monitor did not – at the Court's direction – give advanced notice that this particular incident would be discussed at the November 18, 2010 exit interview, that did not and does not preclude subsequent discussions. Indeed, the Court expects that this incident will be further discussed as part of the Monitor's regular communications with the parties,

1 and the Court is confident that the Monitor will, as he has always done, keep the Court
2 regularly informed of these communications.
3      Defendants' request for an in camera hearing has served only to heighten the Court's
4 concern that Defendants are diverting limited resources from their efforts to improve the
5 Department. The Court reiterates its suggestion that Defendants focus on moving forward
6 instead of trying to justify past actions.

8 **IT IS SO ORDERED.**

10 Dated:   12/09/10

THELTON E. HENDERSON, JUDGE
11 UNITED STATES DISTRICT COURT