IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br>SCHEDULING ORDER RE:<br>EXTENSION OF COURT<br>MONITORING |

  After reviewing the parties' confidential joint statement submitted on April 11, 2011, the Court concludes that the parties will be unable to reach a timely settlement on the extension of monitoring in this case without further intervention by the Court. While the Court remains hopeful that the parties will be able to reach agreement, it must also prepare for the possibility, which appears increasingly likely, that no timely agreement will be reached and further court proceedings will be necessary. Accordingly, IT IS HEREBY ORDERED that:

  1. The parties shall have until **May 13, 2011,** to file a stipulated agreement and proposed order on the extension of court monitoring in this case. If the parties fail to reach agreement on all issues, then they shall file, by the same date, a stipulation as to all issues on which agreement has been reached.

  2. If full agreement is not reached, then Plaintiffs shall file a motion concerning all outstanding disputed issues on or before **June 20, 2011.** Defendants shall file an opposition on or before **July 11, 2011,** and Plaintiffs shall file a reply on or before **August 1, 2011.** The Court will hear argument on **August 29, 2011, at 10:00 AM.** The Court may modify the hearing schedule if it believes that an evidentiary hearing is necessary but, in any event, contemplates completing all hearings on this issue by the end of October.

3. The requirement that the parties file confidential joint written reports concerning the status of settlement discussions shall be discontinued.

To assist the parties in their negotiations, the Court makes the following observations: First, one of the major disputed issues appears to be whether to grant the Monitor additional authority in this case. This need not be in dispute. As the parties are aware, the Monitor is the Court's representative and agent. He does not need any additional authority because he has always had, and continues to have, the authority to bring issues to the Court for resolution. The Court will take all necessary steps – including entering orders for Defendants to take specific actions and orders to show cause regarding contempt – to ensure that compliance is finally achieved. The Court will also not hesitate to institute receivership proceedings if it becomes apparent that, due to a lack of leadership or for any other reason, Defendants are otherwise incapable of achieving compliance. This is not an invitation to bring every dispute to the Court; to the contrary, just as the Monitor has expressed his hope that he would never have to use any expanded authority granted to him, the Court hopes that it will rarely, if ever, be called upon by the Monitor to issue such orders.

Second, as the Court explained at the March 17, 2011 status conference, it believes that a longer rather than shorter term for an extension would be appropriate. The parties' actions in the last month have only confirmed the amount of resources that the parties devote to negotiating any extension. Such time and energy would be more productively spent on promoting implementation of sustainable reforms by Defendants, and the Court hopes that this will be the last extension it has to enter in this case. Defendants can rest assured that monitoring will continue no longer than necessary, and that any agreed upon extension may be terminated early depending on Defendants' progress.

Third, while the Court understands Defendants' desire to have objective criteria by which to measure their progress – and, indeed, believes such measures are appropriate – the Court does not believe that a detailed action plan is required as an order of this Court. Instead, the terms of the Negotiated Settlement Agreement and subsequent Memorandum of Understanding themselves provide objective criteria that define Defendants' progress.

Intermediate steps towards achieving compliance with particular tasks should, of course, be part of the conversation between the parties and the Monitor. However, such steps are not necessary components of a court order. Specific intermediate steps would need to be the subject of a court order only if Defendants failed to follow critical suggestions by the Monitor, and the Monitor were therefore forced to bring an issue to the Court for resolution.

Fourth, Defendants must consider who bears ultimate decision-making authority and responsibility for Defendants' actions in this case. In the past, the Court has directed Defendants to name persons responsible for compliance with particular tasks, and the Court will soon issue an order allowing Defendants to amend that list. It has become apparent that a clear line of responsibility for compliance must exist and be transparent to this Court, opposing counsel, and the public.

**IT IS SO ORDERED.**

Dated:   04/13/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT