IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>CITY OF OAKLAND, et al.,<br><br>            Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br>ORDER RE: ACCOUNTABILITY |

      Pursuant to the Court's August 31, 2010 order, Defendants designated Assistant Chief Howard Jordan, Deputy Chief Eric Breshears, and Deputy Chief Jeffrey Israel as persons responsible for particular tasks in the Memorandum of Understanding. The Court entered an order so naming these individuals on September 15, 2010.

      The Court understands that at least one of these individuals has taken on a different role within the Department and now offers Defendants an opportunity to amend their designations of senior command staff responsible for particular tasks. Defendants may also, but are not required to, name other command-level personnel who will be jointly responsible for implementing specific tasks. Defendants shall file any amendments or additions to their designations of responsible persons on or before **May 2, 2011.** No filing is required if Defendants do not request any changes.

      Additionally, as part of the joint statement submitted prior to the last status conference, Mayor Jean Quan submitted a letter indicating her commitment to reforming the Department. So that the record is clear as to accountability, Defendants shall submit, by **May 2, 2011**, a description of the line of authority above the Chief of Police. For example, Defendants must identify to whom the Chief reports. If he does not report directly to the Mayor, then Defendants shall identify all intermediate supervisors.

Finally, as the Court has explained repeatedly, including at the most recent status conference, all employees of the Department, and not just the Department's senior command staff and their superiors within the City, are subject to Court sanctions if they interfere with or undermine implementation of this Court's orders. The Court shares the hope that such sanctions, including possible contempt proceedings, will not become necessary. However, as the Court has indicated, it stands prepared to take all necessary action to ensure that the reforms it ordered – and to which the parties agreed – are finally implemented. It is well beyond time to move past good intentions and into good practices.

If Plaintiffs, Defendants, or Intervenor Oakland Police Officers' Association ("OPOA") believe that this Court's prior orders do not provide a sufficient legal basis to enter sanctions, including contempt findings, against the individuals discussed above, they shall file a brief explaining the deficiencies and proposing language to correct such deficiencies. Similarly, if Defendants or Intervenor OPOA believe that not all individuals are aware of their court-ordered obligation not to interfere with or undermine the reforms at issue in this case, then they shall notify the Court of how and when they will ensure that all individuals are aware of such obligations. Any submissions pursuant to this paragraph shall be filed on or before **May 16, 2011.**

**IT IS SO ORDERED.**

Dated: 04/13/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT