IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>              Plaintiffs,<br><br>       v.<br><br>CITY OF OAKLAND, et al.,<br><br>              Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br>SECOND ORDER RE:<br>ACCOUNTABILITY |

On April 13, 2011, this Court explained that "all employees of the Department, and not just the Department's senior command staff and their superiors within the City, are subject to Court sanctions if they interfere with or undermine implementation of this Court's orders." April 13, 2011 Order at 2. The Court ordered Plaintiffs, Defendants, and Intervenor Oakland Police Officers' Association ("OPOA") to file briefs by May 16, 2011, if they "believe[d] that this Court's prior orders do not provide a sufficient legal basis to enter sanctions, including contempt findings, against the individuals discussed above" or "that not all individuals are aware of their court-ordered obligation not to interfere with or undermine the reforms at issue in this case." *Id.*

Neither Plaintiffs nor OPOA submitted a filing, thereby indicating their understanding that this Court has a legal basis for sanctioning Department employees in this case. Defendants filed a timely brief explaining their position that:

> as of May 2, 2011 all members and employees of the Oakland Police Department, regardless of rank or assignment, are on notice of their personal responsibility and potential accountability to the Federal Court regarding their performance of duties related to compliance with the Negotiated Settlement Agreement and the Memorandum of Understanding as well [as] the extension of the Memorandum of Understanding.

Defs.' May 16, 2011 Resp. at 3. Thus, all parties and the OPOA now acknowledge that this Court has the legal authority to enter sanctions against any member or employee of the Oakland Police Department who interferes with compliance efforts in this case.

Defendants requested clarification as to whether they would be entitled to a hearing prior to imposition of sanctions or a finding of contempt. The answer is yes. If sanctions appear to be warranted, the Court will issue an order to show cause and allow the parties an opportunity to be heard. The Court reiterates its hope that such proceedings will not become necessary, and that Defendants will – during the pending extension of the Memorandum of Understanding – finally complete what they agreed to do more than eight years ago.

**IT IS SO ORDERED.**

Dated: 05/18/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT