Gregory M. Fox, State Bar No. 070876
BERTRAND, FOX & ELLIOT
The Waterfront Building - 2749 Hyde Street
San Francisco, California   94109
*Email: gfox@bfesf.com*
Telephone:    415.353.0999
Facsimile:    415.353.0990

Barbara  J. Parker, City Attorney, State Bar No. 069722
Randolph W. Hall, Chief Assist. City Attorney, State Bar No. 080142
Rocio V. Fierro, Senior Deputy City Attorney, State Bar No. 139565
OFFICE OF THE CITY ATTORNEY
CITY OF OAKLAND
One Frank H. Ogawa Plaza, Sixth Floor
Oakland, California 94612
Telephone:    510.238.3601
Facsimile:    510.238.6500

Attorneys for Defendant CITY OF OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF OAKLAND, et al.,<br><br>　　　　Defendants. | **MASTER FILE: No.  C-00-4599-TEH**<br><br>STIPULATION  AND AGREEMENT RE: PLAINTIFFS ATTORNEYS FEES COVERED UNDER AMENDED MEMORANDUM OF UNDERSTANDING COMMENCING JANUARY 22, 2012 THROUGH JANUARY 22, 2014 |

　　　　The parties, acting by and through their legal counsel, executed that Memorandum of Understanding ("MOU") effective January 22, 2010.  The  MOU expires on January 21, 2012. The Court has informed the Parties that additional time is necessary for the Oakland Police Department (OPD) to complete the reform work set forth in the 2010 MOU.  Said MOU replaced the 2003 Negotiated Settlement Agreement (NSA). The Court has further ordered the Parties to reach an agreement regarding the continuation of federal monitoring in this case, and to negotiate contracts and payment of fees to the federal monitors and the plaintiffs' attorneys.  Therefore the Parties have

agreed to enter into an Amended Memorandum of Understanding (AMOU) to allow for the completion of the reform work not completed under the MOU. The AMOU will commence on January 22, 2012. This agreement addresses the attorneys fees to which plaintiffs' attorneys will be entitled for their work during the duration of the AMOU.

The Parties have agreed as follows:

1. Plaintiffs counsel and any of their retained experts and consultants shall be compensated by the City for their regular, non-litigation work during the two years of the AMOU (January 22, 2012 through January 22, 2014) at a rate of $300 per hour per attorney. Regular, non-litigation includes, for example, the preparation for and attendance of CMC hearings; prepare status statements, review monitors' draft and final reports, review OPD's executive memos and other relevant documents; attend meetings required by the Monitor and the parties or sought by plaintiffs' attorneys; discuss OPD's compliance progress with each other and with the city's attorneys and the monitors; and all other work not involving contested motions or applications.

2. The plaintiffs' attorneys will make a good faith effort to perform their regular, non-litigation work during the first, and if necessary, second year of the AMOU for a total of $30,000 per attorney per year, or less, depending on the success of OPD achieving compliance with the AMOU during that two year period. Thirty thousand dollars is not a guaranteed minimum payment and the payments will be based on the actual regular, non-litigation work performed by plaintiffs' attorneys during the AMOU which may in fact be less than $30,000 per attorney per year.

3. If OPD experiences problems with its compliance work during the first year of the AMOU and the plaintiffs' attorneys are required to spend additional time resolving such compliance problems beyond the regular time spent in the regular, non-litigation work as described above, including, but not limited to, attending additional meetings with the parties and Monitor, review of additional reports by the Monitors about compliance problems, working with the parties and the Monitor on resolving compliance problems and preparing for and appearing at additional court proceedings, it is understood plaintiffs counsel fees may exceed $30,000 for each attorney during the first year of the AMOU. Regardless of the total amount of time incurred by plaintiffs counsel that discuss, refer or relate to any compliance problems during the first year of the AMOU, the <u>maximum</u>

amount of fees and costs to be paid by the City to plaintiffs attorneys during the first year of the AMOU is $80,000 to Mr. Burris for all his fees and costs, and $80,000 to Mr. Chanin for all his fees and costs, for a maximum total of fees and costs not to exceed $160,000 during the first year of the AMOU for both plaintiffs' attorneys.

4.    And if the AMOU continues in effect after January 22, 2013 for a second year then the parties further agree that the plaintiffs counsel and their retained experts and consultants shall be compensated by the City for the period of January 22, 2013 through January 22, 2014 at the same rate of $300 per hour per attorney for all of their regular, non-litigation work during the second year of the AMOU, as more specifically described in paragraphs 1 and 2 above.

5.    If OPD experiences problems with its compliance work during the second year of the AMOU and the plaintiffs' attorneys are required to spend additional time resolving such problems during the second year of the AMOU including but not limited to attending additional meetings with the parties and Monitor, review of additional reports by the Monitors about compliance problems, working with the parties and the Monitor on resolving compliance problems and preparing for and appearing at additional court proceedings, it is understood plaintiffs counsel fees may exceed $30,000 for each attorney during the second year of the AMOU.  Regardless of the total amount of time incurred by plaintiffs counsel that discuss, refer or relate to any compliance problems during the second year of the AMOU, the maximum amount of fees and costs to be paid by the City during this second year of the AMOU for Plaintiffs' attorneys' regular work shall not exceed $80,000 to Mr. Burris for all his fees and costs and $80,000 to Mr. Chanin for all his fees and costs for a total of $160,000 for both attorneys for the second year of the AMOU.

6.    The maximum amount of fees and costs compensation for Plaintiffs' attorneys should the AMOU continue for two full years shall not exceed a total of $320,000 and shall cover all fees and costs for performing their regular, non-litigation work, and any additional work because of compliance problems from January 22, 2012 through January 22, 2014.

7.    Plaintiffs' attorneys shall submit quarterly statements of their fees and costs to the Office of the City Attorney.

8.    The parties agree to cooperate fully in all reasonable ways to perform the regular work

required under the AMOU in the most efficient and economical manner.

9. Section 25 of the AMOU provides: "If the Plaintiffs conclude that OPD is not proceeding in good faith in complying with the reform requirements under the AMOU, and after meeting and conferring between the Parties and the Monitor, Plaintiffs' counsel may file an appropriate motion with the Court for relief and reasonable attorneys' fees and costs." This section of the AMOU is unaffected by the terms of this Amended Fees Agreement and any fees recovered by Plaintiffs in a motion pursuant to Section 25 shall be in addition to any fees referenced in this agreement.

10. In consideration of this Agreement plaintiffs' attorneys waive any and all rights and claims for additional compensation for any other regular non-litigation legal fees and costs incurred for any reason by them, their experts and consultants, from January 22, 2012 through January 22, 2014 that discuss, refer to or relate to the AMOU.

11. The parties further agree and stipulate that plaintiffs' counsels' agreement to be paid at a rate of $300.00 per hour per attorney is a compromise of plaintiffs' counsels' standard higher hourly rate for litigation work. That the agreed upon hourly rate of $300 per hour per attorney is a special consulting rate paid to plaintiffs' counsel for their regular work to be performed during the AMOU including but not limited to attending meetings, reviewing documents and policies, discussing with the monitor and the parties the status of the reforms and compliance work, attending regular status conferences, etc. The parties agree that neither side will discuss, refer or relate to this special and reduced hourly rate for plaintiffs' counsel in any other legal proceeding, that this special rate is not admissible by any third party in any other legal proceeding, and that plaintiffs' counsel reserve all of their rights to request reasonable compensation based on their standard, higher litigation fee for litigation work in any other legal proceeding.

So Stipulated:

Dated: June  2011                                           Bertrand, Fox & Elliot


By:  _____/s/_____
       Gregory M. Fox, Attorney for
       Defendant City of Oakland

4

| | | |
|---|---|---|
| Dated: June 2011 | | Okland City Attorney's Office |
| | By: | /s/ |
| | | Rocio V. Fierro, Attorney for Defendant City of Oakland |
| Dated: June , 2011 | | Law Offices of John L. Burris |
| | By: | /s/ |
| | | John L. Burris, Attorney for Plaintiffs |
| Dated: June 2011 | | Law Offices of James B Chanin |
| | By: | /s/ |
| | | James B. Chanin, Attorney for Plaintiffs |

5

STIPULATION: ATTORNEYS FEES DURING AMOU COMMENCING JANUARY 2012 THROUGH JANUARY 2014