1  Barbara J. Parker, City Attorney, State Bar No. 69722
   Randolph W. Hall, Chief Assistant. City Attorney, State Bar No. 080142
2  Rocio V. Fierro, Senior Deputy City Attorney, State Bar No. 139565
   *ryfierro@oaklandcityattorney.org*
3  OFFICE OF THE CITY ATTORNEY
   CITY OF OAKLAND
4  One Frank H. Ogawa Plaza, Sixth Floor
   Oakland, California 94612
5  Telephone:    510.238.3601
   Facsimile:    510.238.6500
6  *Doc. No. 860687v1*

7  Gregory M. Fox, State Bar No. 070876
   BERTRAND, FOX & ELLIOT
8  The Waterfront Building - 2749 Hyde Street
   San Francisco, California  94109
9  *Email: gfox@bfesf.com*
   Telephone:    415.353.0999
10 Facsimile:    415.353.0990

11 Attorneys for Defendant CITY OF OAKLAND

12 Rockne A. Lucia, Jr., State Bar No. 109349
13 RAINS LUCIA STERN, PC
   2300 Contra Costa Boulevard, Suite 500
14 Pleasant Hill, California 94523
   Telephone:    925.609.1699
15 Facsimile:    925.609.1690

16
17 Attorneys for Intervener OAKLAND POLICE OFFICERS' ASSOCIATION

18                    UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20

21 DELPHINE ALLEN; et al;                    **MASTER CASE NO. C-00-4599 TEH**

22            Plaintiff,                      **REDACTED PUBLIC VERSION OF  JOINT
                                              RESPONSE TO ORDER RE: SEPTEMBER
23       vs.                                  22, 2011 STATUS CONFERENCE**
                                              Honorable Thelton E. Henderson
24 CITY OF OAKLAND, et al.,

25            Defendant.

26

27

28

In its August 25, 2011 sealed order, the Court requested that the parties file a joint response on or before September 2, 2011 that addresses (1) whether any part of the sealed order should be redacted before it is filed in the public record; and (2) whether any portion of the status conference and joint status statement should be sealed.  The Court directed that the parties file their joint response in the public record, with appropriate redactions, and that the parties file the unredacted response under seal.

The parties have discussed the confidentiality issues and hereby submit this joint response asking that the Court seal certain parts of its Order and allow the parties to file confidential and privileged information under seal.  Further, the parties request that portions of the status conference hearing which require discussion of confidential and privileged information be held in chambers.

1.  **Proposed Redactions to the Sealed Order**

   **City's Position.**

   The City respectfully requests that the Court redact from the Sealed Order before it is made public  the name of Officer X  and the reference to the Internal Affairs  Division ("IAD")   and Executive Force Review Board ("EFRB")   determinations  [redacted]  unless and until it is determined if said findings  have been made public.  With regard to the *Smith v City of Oakland* case the City also requests that the IAD determination that the complaint in that matter was [redacted] be redacted prior to the Sealed Order being filed in the public record unless and until it is determined said finding is a matter of public record.

   **Plaintiffs' Position**

   Plaintiffs' attorneys will use the term "Officer X:" in this public filing until the court makes a determination as to what part of its order will be made public.  However, Plaintiffs' attorneys completely disagree that Officer X's name should be redacted in every instance.  Officer X's' name and his case has been the subject of substantial news coverage including a San Francisco Chronicle article where his arbitration case was discussed in detail; the arbitrator's name was mentioned and parts of his opinion were quoted verbatim; and Officer X's OPOA attorney was quoted that Officer X was a "victim of political persecution".  Plaintiffs' attorneys believe that Officer X's attorney waived any claim of confidentiality when he made his public statements.  Furthermore, pursuant to Penal

REDACTED PUBLIC JOINT RESPONSE TO ORDER RE: SEPTEMBER 22, 2011 STATUS CONFERENCE

Code 832.7 (d) "a department or agency that employs peace or custodial officers may release factual information concerning a disciplinary investigation if the officer who is the subject of the disciplinary investigation, or the officer's agent or representative, publicly makes a statement he or she knows to be false concerning the investigation or the imposition of disciplinary actions." See Penal Code 832.7 (d).  In addition, state law privileges are not uniformly applied in Federal Court.

Moreover, the Woodfox v. City of Oakland court file is not sealed.  In fact, the City of Oakland has never even requested that the court file be sealed.  Plaintiffs' attorneys have also been informed that the arbitrator's decision is a public document and are formally requesting that the City of Oakland forward a copy of this document to the Court and Plaintiffs' counsel, or formally explain how the arbitrator's decision is not a public document. While Internal Affairs information should be made confidential, this does not extend to every single aspect of Officer X's conduct, Officer X's identity, and the fact that an arbitrator reinstated him.  Moreover, it is simply not fair to allow Officer X's attorney, the City and others to make public comments about Officer X and his conduct, and then urge the court to sanitize every court document and omit his name.

**OPOA's statement:**

The OPOA concurs with the City's position as set forth hereinabove.

2. **Reinstatement of Officer X**

**Plaintiffs' statement:**

Plaintiffs' attorneys in this case were also the attorneys in the lawsuit which concerned the incident and conduct that led to X's termination. Officer X's termination was then reversed by an arbitrator.

Plaintiffs' attorneys agree with defense counsel that personnel decisions regarding X's future should probably be addressed in a confidential manner given the restricted nature of California law on this subject.  We also agree that any filings or discussions that may take place regarding the process used by the City and OPOA for selecting arbitrators in police cases can be made public.

Plaintiffs' attorneys' strongly believe that the OPD could have successfully terminated Officer X.  We would like to address our reasons for this opinion to the court.   Plaintiffs' attorneys hired an investigator who discovered two witnesses to the incident. They made shocking allegations

REDACTED PUBLIC JOINT RESPONSE TO ORDER RE: SEPTEMBER 22, 2011 STATUS CONFERENCE

concerning the OPD's treatment of them at the scene of the incident which will be discussed in detail in our Case Management Conference Statement.

Plaintiffs' attorneys see no reason why the information concerning these witnesses should not be public. These witnesses were developed in our investigation. They were not part of the internal affairs investigation.

Plaintiffs' attorneys also wish to discuss other aspects of the Officer X's shooting incident that do involve confidential material. This information should be in a confidential filing and therefore, if the Court decides that Officer X's name can be made public along with other information already in the public domain, Plaintiffs' attorneys will be submitting a "public" Case Management Conference Statement and a "confidential" Case Management Conference Statement

**City's statement:**

Officer X was terminated by the City not because the Plaintiffs filed the Woodfox case but in response to the City's own IAD Investigation and the EFRB findings that the subject officer violated OPD policies prohibiting the use of excessive force. He was ordered reinstated to his position as an OPD Officer by an independent Arbitrator and the City had to comply with the Arbitrator's ruling under the Memorandum of Understanding between the City and the OPOA. The City contends that information pertaining to the Officer X's work activities and future work assignments are confidential personnel matters and should not be discussed publicly. The IAD and EFRB's findings are also confidential unless they have been published or otherwise made public.  Information pertaining to the process the City and OPOA use to select arbitrators in police cases is not confidential and neither are the credentials and qualifications of the Arbitrator  who ordered the officer's reinstatement. However, the opinions of the City and the OPOA regarding whether the Arbitrator was qualified to decide the X arbitration should not be addressed in open court. The City's actions and efforts to address the arbitrator's decision are confidential and privileged and can be disclosed only to the Court unless the City Council waives its closed session privilege. The City will address substantive issues as well as the confidentiality of any new information the Plaintiffs' attorneys provide respecting the conduct of police officers at the scene of the Woodfox shooting and the quality of IA's investigation.

**OPOA's statement:**

The OPOA concurs with the City's position as set forth hereinabove. Moreover, the OPOA proposes that, should there be a public exchange in these proceedings concerning the X case, the identity of any other peace officer be maintained on a confidential basis unless previously made public.  Further, the OPOA will address issued raised by the Court and Plaintiffs' counsel in this matter in the Case Management Conference Statement to be filed with the Court prior to the September 22nd hearing.

**2.    Operation Summer "Tune-Up"**

**Plaintiffs' statement:**

Plaintiffs' attorneys agree with Defendants' attorneys that the specific question the Court has raised regarding the name given to this Operation can be addressed in public.

**City's statement:**

The City agrees that OPD may discuss in public why the term "Tune-Up" was given to this crime suppression operation. Similarly, the purpose of the operation and the City's partnership with the Alameda County Probation Department can be discussed in public.   However, specific information pertaining to implementation strategies, tactical considerations, and other matters that relate to the identification of probationers, police intelligence, and the safety of officers and the public are confidential and privileged and should be discussed in chambers.

**OPOA's statement:**

The OPOA concurs with the City's position as set forth hereinabove.

**3.    Internal Affairs Investigation and the Court Verdict in Smith v. City of Oakland**

**Plaintiffs' statement:**

California Penal Code 832.7 requires that the department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.  (California Penal Code 832.7 (e)(1)).  Therefore, absent a compelling argument by the Defendants' attorneys including some facts why this finding should be made confidential, there should be no reason why there cannot be a public discussion of the OPD's disposition in the matter

1    that Judge Patel found liability and punitive damages.  If, however, this discussion alludes to specific

2    parts of the Internal Affairs investigation, that discussion alone should be made confidential.

3              Plaintiffs' attorneys also note that unfounded and exonerated complaints cannot be used

4    in any way except as permitted by California Government Code Section 3304 (f). See California

5    Government Code 832.5 (c).  Therefore, any judge's findings, including those findings by Judge

6    Patel, cannot be used against any of the involved parties (including IPAS and promotions) if the OPD

7    made a finding of exonerated or unfounded.

8         Plaintiffs' attorneys also note the following public findings by Judge Patel:

9    6. Officer Mayor was required to complete a "Racial Profiling Stop-Data Collection
     Form" for this traffic stop. That form was supposed to document the reason for the
10   stop. Officer Mayer was unable to locate a completed stop data form for this incident,
     and none was ever produced by the City of Oakland at trial.
11

12   86. The officers, including sergeants and a lieutenant, have testified that the Police
     Department requires that forms called stop data forms be completed for all contacts,
13   stops or detentions. Field contact cards may be created for detentions, but are not
     required. Arrest reports are to be completed for all arrests. Documentation might not
14   be produced for consensual encounters.

15
     87. The purpose of the stop data forms was to determine whether the Oakland Police
16   Department was engaging in racial profiling and officers were supposed to fill them
     out for any vehicle, walking stop, and/or bicycle stop. The forms are turned into the
17   Department where the supervisor reviews them for completeness, signs them and
     places them in a report writing receptacle. There have been problems on occasion
18   with failure to complete the forms or turn them in; on other occasions some forms
     that were turned in had been lost.
19

20   91. Stop data forms and field contact cards were not produced for any of the other
     stops or detentions alleged in this case.
21

22        Plaintiffs' attorneys believe the City of Oakland should give a public explanation for these

23   findings by Judge Patel.

24        **City's statement:**

25        The City's response to the Court regarding the IAD's finding of  [redacted], and the steps the

26   City has taken to further  review the  IAD  investigation following Judge Patel's ruling in the *Smith*

27   case will necessitate discussions of confidential personnel matters; therefore the responses should be

28   sealed.  The finding of [redacted] should also be sealed because California Penal Code Section

832.7(e) (1) authorizes and requires the City to release the IA finding <u>only</u> to the Complainant and there is no other statutory provision or legal authority which authorizes the City to publicly disclose this information.[1]

**OPOA's statement:**

The OPOA concurs with the City's position as set forth hereinabove**.**

**4.    Level 4 Uses of Force Involving Pointing of Firearms**

**Plaintiffs' statement:**

Plaintiffs' attorneys agree with Defendants' attorneys that the filings and discussions in response to the Court's questions are public.

**City's statement:**

The City agrees that oral and written responses to the Court's questions are not confidential or privileged. However, individual officers' names to the extent they may be relevant to the proceedings should be kept confidential.

**OPOA's statement:**

The OPOA concurs with the City's position as set forth hereinabove. Furthermore, the OPOA asserts that the filings and discussions on the Level 4 use of force issue should not include a disclosure of individual officers and their respective involvement in use of force.

**5.    <u>Empanelment of Outside Board to Review Use of Force Incidents</u>**

**Plaintiffs' statement:**

The parties agree that filings and discussions on City policies governing the work and responsibilities of OPD's EFRBs should be public, as well as the general process by which the City of Oakland determines when it is appropriate to empanel an outside independent board to decide a force incident. Plaintiffs' attorneys can see a limited number of issues which might involve confidential materials and will meet and confer with Defendants if such issues are involved here. However, the overall use of City funds to hire consultants and outside investigators should be a public discussion absent any compelling reason to the contrary.   This includes how the City

---

[1] Defendants understand that the Smith proceedings have not resulted in the public disclosure of the City's IA findings

REDACTED PUBLIC JOINT RESPONSE TO ORDER RE: SEPTEMBER 22, 2011 STATUS CONFERENCE

determines whether a conflict exists and the criteria used by the City to select panel members when it determines that external review is required.

**City's statement:**

The process the City uses to decide whether to retain an outside board to hear a Use of Force incident is public information.  However, discussions about the City's selection of an outside board and the qualifications of its members as they relate to a pending Use of Force investigation are confidential and should be sealed to protect personnel matters and avoid compromising open investigations.[2]  The City also requests that names of any individual officers that may be relevant to the discussion be maintained as confidential.

**OPOA's statement:**

The OPOA concurs with the City's statement set forth above.

//

//

//

//

//

---

and thus these findings remain confidential.
[2] The City notes that the January 26, 2011 officer-involved shooting referenced in the Court's order did not involve an outside Executive Force of Review Board.

REDACTED PUBLIC JOINT RESPONSE TO ORDER RE: SEPTEMBER 22, 2011 STATUS CONFERENCE

Dated: September 2, 2011

                                    _____/s/_____
                                    JOHN L. BURRIS
                                    Attorney for Plaintiffs

Dated: September 1, 2011

                                    _____/s/_____
                                    JAMES B. CHANIN
                                    Attorney for Plaintiffs

Dated: September 1, 2011

                                    _____/s/_____
                                    GREGORY M. FOX
                                    Attorney for the Defendant

Dated: September 1, 2011            BARBARA J. PARKER
                                    CITY ATTORNEY


                                    By:   _/s/_____
                                    ROCIO V. FIERRO
                                    Attorney for the Defendant

Dated: September 1, 2011

                                    _____/s/_____
                                    ROCKNE A.  LUCIA JR.
                                    Attorney for the OPOA

REDACTED PUBLIC JOINT RESPONSE TO ORDER RE: SEPTEMBER 22, 2011 STATUS CONFERENCE

ATTORNEY ATTESTATION

*I hereby attest that I have received telephonic or email authorization for any signatures*

*indicated by a "conformed" signature (/s/) within this E-filed document.*

*Dated: September 1, 2011*          _____/s/_____

                                           Gregory M. Fox

REDACTED PUBLIC JOINT RESPONSE TO ORDER RE: SEPTEMBER 22, 2011 STATUS CONFERENCE