IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DELPHINE ALLEN, et al.,

           Plaintiffs,

v.

CITY OF OAKLAND, et al.,

           Defendants.

MASTER CASE FILE
NO. C00-4599 TEH

SECOND ORDER RE:
SEPTEMBER 22, 2011 STATUS
CONFERENCE

      After carefully considering the parties' responses to the Court's August 25, 2011 order that was filed under seal, the Court now files the attached redacted version of that order in the public record. The Court finds that Officer Jimenez's name is a matter of public record, as his case was reported in the local press. His name will therefore not be redacted. However, out of an abundance of caution, the Court grants Defendants' request to redact the determinations of the Internal Affairs Division and Executive Force Review Board. The parties shall immediately meet and confer and notify the Court if they learn that such findings are part of the public record.

      The Court agrees with the parties that portions of the discussion at the September 22, 2011 status conference should be sealed from the public. The parties' response references discussions "in chambers," but the Court now clarifies that the status conference will take place in its entirety in Courtroom No. 2. The parties shall plan to address all public matters first. At the conclusion of those matters, the Court will then seal the courtroom, and the status conference will proceed with discussion of confidential matters. It is the Court's intention to include in the confidential discussions all counsel, the Chief of Police, Assistant Chief of Police, and City Administrator, as well as the Mayor, should she choose to attend the status conference. The parties and Intervenor Oakland Police Officers' Association ("OPOA") shall meet and confer and attempt to agree on whether any other individuals

1  should be allowed to participate in the confidential discussions. They shall include in their
2  joint status conference statement a list of individuals who will be part of the confidential
3  discussions and, if necessary, any individuals whose participation is disputed. The parties
4  and OPOA shall also meet and confer and set forth their views on which matters they believe
5  may be discussed in the public portion of the status conference and which should be kept
6  confidential.

7  Those portions of the joint status statement that will discuss confidential matters
8  should be filed under seal, but the Court cannot determine in a vacuum what specific
9  information should be sealed. Accordingly, the parties shall comply with Civil Local Rule
10 79-5 and General Order No. 62 when filing their joint statement, except that a redacted
11 version of the statement shall be timely filed in the public record on or before the
12 September 15 deadline.

**IT IS SO ORDERED.**

Dated: 09/08/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2