IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DELPHINE ALLEN, et al.,

              Plaintiffs,

v.

CITY OF OAKLAND, et al.,

              Defendants.

MASTER CASE FILE
NO. C00-4599 TEH

ORDER RE: EX PARTE COMMUNICATIONS

       This is an unusual case in which the parties have all agreed that the Court may engage in ex parte communications. Throughout the history of this case, the Court has agreed to repeated requests for in-person and telephonic ex parte meetings with counsel, as well as with City, Department, and union leaders. However, over time, the Court has come to realize that the time spent on these meetings has not yielded sufficient benefits to justify the continued granting of such requests. Moreover, it appears that such meetings may have been used, inadvertently or otherwise, for internal political gain, and the Court has no interest in involving itself in city or department politics. Accordingly, while the Court will proceed with all currently scheduled meetings, the Court now notifies all parties and Intervenor Oakland Police Officers' Association ("OPOA") that direct requests to the Court for ex parte communications – including meetings with City and Department leaders immediately preceding the status conferences – will no longer be entertained. In addition, any written correspondence submitted to the Court must be copied to counsel for all parties, as well as counsel for the OPOA when the subject concerns matters within the scope of OPOA's intervention, unless prior consent from the opposing parties or permission from the Court to submit a confidential document is obtained.

       The Court recognizes that there may be times that ex parte communications remain useful and productive, and the Court may continue to initiate through the Monitor a request

for an ex parte meeting if it believes one would be helpful. In addition, the parties and OPOA may continue to request such meetings, but they must do so through the Monitor, who will convey any such request to the Court, and are advised that requests will be granted only in exceptional circumstances.

Any party or intervenor who objects to continued ex parte communications in accordance with this order shall file an objection on or before **September 19, 2011**. Failure to timely object shall be construed as continued consent. If any objections are received, then consent from the objecting parties must be obtained prior to any future requests for ex parte meetings.

**IT IS SO ORDERED.**

Dated: 09/12/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT