IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OAKLAND, et al., <br><br> Defendants. | MASTER CASE FILE <br> NO. C00-4599 TEH <br><br> <u>ORDER SETTING STATUS</u> <br> <u>CONFERENCE</u> |

At the September 22, 2011 status conference, the Court instructed the parties to meet and confer with the Monitor on a date in early 2012 for the next status conference. The parties and Monitor have proposed January 26, 2012, which is available on the Court's calendar. Accordingly, the next status conference is set for **January 26, 2012, at 10:30 AM**, in Courtroom No. 2. The parties shall meet and confer and file a joint status conference statement on or before **January 19, 2012.**

If Plaintiffs remain dissatisfied with the level of progress made by Defendants in implementing the reforms in the consent decree, then they shall be prepared to discuss at the status conference their proposal for further proceedings, which might include, as appropriate, motions for contempt or a motion to appoint a receiver. In addition, the Court may separately choose to initiate such proceedings via an order to show cause if it believes there is an adequate basis for doing so. While the Court recognizes that the appointment of a receiver would be a drastic measure, and it understands that a new City Administrator has only recently been hired and has expressed her commitment to prioritizing police reforms, receivership nonetheless remains a potential remedy that may be needed to finally achieve the reforms in a reasonable period. In actuality, of course, far more than a reasonable amount of time has already elapsed since Defendants agreed to the reforms in early 2003. This Court has repeatedly given Defendants the benefit of the doubt, but it is increasingly less willing to

do so as we approach year nine of what was intended to be no more than a five-year process. Defendants have unquestionably made progress; however, the stagnation in the number of tasks in compliance – and, indeed, backsliding on some tasks – is troubling, as are recent examples of either resistance to the reforms or failure to comprehend their overall purpose of promoting public safety. Although the Court hopes that Defendants are able to turn this tide in the next several months without further judicial intervention, it remains prepared to take appropriate further corrective action if necessary.

**IT IS SO ORDERED.**

Dated: 10/03/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT