Barbara Parker, City Attorney, State Bar No. 069722
Randolph W. Hall, Chief Assistant City Attorney, State Bar No. 080142
Rocio V. Fierro, Senior Deputy City Attorney, State Bar No. 139565
Office of the City Attorney
One Frank H. Ogawa Plaza, Sixth Floor
Oakland, California 94612
Telephone:   (510) 238-3601
Facsimile:   (510) 238-6500

Gregory M. Fox, State Bar No. 070876
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990

Attorneys for Defendants CITY OF OAKLAND, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. C-00-4599 TEH<br><br>**DEFENDANT CITY OF OAKLAND'S STATEMENT IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS** |

//
//
//

Defendant City of Oakland ("City") opposes Plaintiffs' Motion for Sanctions ("the Motion") on several grounds. First the Motion is, at best, premature in the sense it was filed before City had the opportunity to investigate the alleged wrongdoings by two of its officers on crowd control duty during the Occupy Oakland protests on November 2, 2011. A basic objective of the Negotiated Settlement Agreement ("NSA") between the parties in *Allen et al. v. City of Oakland et al.* is to ensure that the Oakland Police Department ("OPD") develops and institutionalizes best professional police practices. A critical component of best professional police practices is institutionalizing the process of investigating and acting upon complaints of inappropriate officer conduct. The relief sought by plaintiffs is inconsistent with this NSA goal because it asks the Court to impose sanctions before City's investigative and administrative appeals process has been completed. To have the Court impose sanctions prior to a finding that City has violated the NSA infers that City's processes are inadequate to perform this function. This result would weaken, not strengthen, the goals of the NSA.

City acted decisively on the allegation that on or about November 2, 2011, an Oakland Police Officer performing crowd control duty concealed his name label (the "Incident"). Chief of Police Howard Jordan learned of the Incident on or about November 4, 2011. (*Declaration of Chief of Police Howard Jordan in Support of City of Oakland's Opposition to Plaintiffs' Motion for Sanctions, p. 2, lines 4-11*). Chief Jordan understood the seriousness of the complaint and ordered the Internal Affairs Division ("IAD") of the Oakland Police Department to immediately begin an Expedited Investigation (the "Investigation") into the allegation of the officer's conduct and into whether that officer's supervisor had failed to discharge his duty as a supervisor. (*Jordan Declaration, p. 2, lines 6-21*). "Expedited" means that the Investigation assumed priority over all other investigations. (*Jordan Declaration, p. 2, lines 24-25*).

The Investigation was completed in less than one month and on December 1, 2011 Chief Jordan reviewed and approved the Investigation's conclusions and recommendations. Based on his

review and approval, on December , Chief Jordan ordered action that he deemed appropriate. Chief Jordan's actions are now subject to the administrative due process rights of the officers to whom Chief Jordan's action applies. (*Jordan Declaration, p. 3, lines 1-12*).

Third, City opposes plaintiffs' Motion on the grounds that granting the relief that plaintiffs seek would impede the ability of the City of Oakland ("City") to effectively discipline police officers and would impede its ability to defend its disciplinary actions in arbitration proceedings. A decision by the Court to impose sanctions allows disciplined officers to argue in grievance arbitrations that City's disciplinary actions were not impartial. The officers will argue that City's actions were influenced by a desire not to reach results in their administrative proceedings that are inconsistent with the Court's determination to award sanctions. This result will make it more difficult for City to prevail at arbitrations challenging officer discipline.

Fourth, the remedies that plaintiffs seek will result in waste of scarce judicial resources because they would create parallel proceedings arising out of the Incident, i.e., a judicial proceeding by the court against officers who allegedly violated the NSA or a court order arising from the NSA and an administrative proceeding by City against the same officers for violating City rules. This result is wasteful and unnecessary, particularly given that plaintiffs have proffered no evidence that City is not addressing this manner consistent with its NSA obligations.

Judicial resources would also be wasted because due process would require a "Just Cause" hearing which would be vigorously contested by the officers and the City and would likely lead to appeals if sanctions are imposed. The record established by plaintiffs is void of facts that establish a basis upon which the hearing may be held.

Fifth, plaintiffs have not established an evidentiary basis upon which the court can grant the Motion. The Incident is not related in time, place, manner or issues to the issues in *Allen*. Plaintiffs have proffered no evidence that the individuals against whom they seek sanctions intended or otherwise sought to thwart, frustrate or in anywise violate the provisions of the NSA or were acting

in disregard of a court order. Also, neither of the individuals against who sanctions are sought, are named in *Allen*; nor have they ever been before this court in *Allen*.

Sixth, the NSA pertains to systemic reforms addressed in *Allen*. While the reach of the NSA does pertain to actions by persons responsible for implementing the systemic reforms, it does not pertain to random, unauthorized acts by individual officers who violate City rules and regulations. To award sanctions as requested by plaintiffs would allow plaintiffs to relate any case to *Allen* thereby creating the anomaly that court imposed sanctions pursuant to the NSA are available to plaintiffs as a remedy virtually every time an Oakland Police Officer allegedly acts in violation of the 4th Amendment or in a manner that plaintiffs believe violates the NSA. The Court would risk becoming bogged down in fact finding mini-trials that needlessly parallel simultaneous City personnel administrative proceedings pertaining to the same officers and incident.

Absent a finding that City's investigation or its actions based on the investigation violated or are inconsistent with the goals and purpose of the NSA, City believes granting plaintiffs' requested relief would undermine City's ability to independently investigate and discipline its police officers.

## I. CONCLUSION:

Based on the foregoing, Defendant City of Oakland urges the Court to deny Plaintiffs' Motion for Sanctions.

DATED: December 12, 2011

                    BARBARA J PARKER, City Attorney
                    RANDOLPH W. HALL, Chief Assistant City Attorney
                    ROCIO V. FIERRO, Deputy City Attorney

By: \_\_\_\_\_/s/_____
     Attorneys for Defendants
     CITY OF OAKLAND, et al.