IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DELPHINE ALLEN, et al.,

                   Plaintiffs,

       v.

CITY OF OAKLAND, et al.,

                 Defendants.

MASTER CASE FILE
NO. C00-4599 TEH

<u>ORDER DENYING PLAINTIFFS'
MOTION TO FILE
DECEMBER 14, 2011 LETTER
UNDER SEAL</u>

On December 14, 2011, Plaintiffs filed an administrative motion to file under seal a letter concerning two promotions and one appointment recently made by Defendants. Plaintiffs represent that Intervenor Oakland Police Officers' Association agrees that the filing should be made under seal. Defendants filed a timely opposition to the motion, but their opposition was to the filing, and not the filing under seal, of the letter. Plaintiffs filed an unsolicited reply.

Civil Local Rule 79-5(a) provides that a filing may be made under seal only if the request to do so "establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Such requests "must be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a).

In this case, Plaintiffs have failed to make the requisite showing. For example, Defendants' opposition, which was not filed under seal, names the individuals whose promotions and appointment formed the basis for Plaintiffs' letter. In addition, much of Plaintiffs' letter refers to events that occurred in other court proceedings, and there is no indication that those proceedings were sealed from the public. Beyond that, Plaintiffs' reply discusses, in a public filing, some of the issues raised in the letter that Plaintiffs seek to file under seal. All of the above indicates that at least some portions, if not all, of Plaintiffs' December 14, 2011 letter need not be filed under seal. Accordingly, Plaintiffs' motion to file

under seal is DENIED without prejudice.  If Plaintiffs so desire, they may re-submit a
narrowly tailored request that complies with Civil Local Rule 79-5(a).

Defendants correctly observe that the letter Plaintiffs seek to file under seal appears to
request no remedy.  Indeed, Plaintiffs confirm in their reply that they are not seeking any
remedy at this time, and instead simply wanted to give Defendants additional time to respond
prior to the January 26, 2012 status conference.  Although the Court acknowledges Plaintiffs'
efforts to inform the Court of developments they deem significant, the Court neither requires
nor expects a substantive responsive filing from Defendants, nor does the Court intend to
address these matters at this time.

As the parties are aware, they must meet and confer and file a joint status conference
statement on or before January 19, 2012.  They should fully discuss the issues raised by
Plaintiffs, and all other relevant issues, during the meet-and-confer process, and include a
discussion of all such issues in their joint statement.  The Court does not expect any party to
raise new issues at the status conference unless those issues could not have been raised prior
to the filing of the joint statement.

**IT IS SO ORDERED.**

Dated:   12/22/11

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California