IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>  Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br>ORDER REQUIRING PLAN RE:<br>OCCUPY OAKLAND INTERNAL<br>AFFAIRS INVESTIGATIONS |

Based on the Monitor's most recent quarterly report, filed on April 30, 2012, it is apparent that Defendants will be unable to comply with the 180-day investigation deadline, mandated by both the Negotiated Settlement Agreement ("NSA") and Department policy, as to many of the complaints that have been filed arising out of Occupy Oakland activities, including large-scale events on October 25 and November 2, 2011. Given the magnitude and scope of the investigations that had yet to be completed at the time of the Monitor's review, it is also not clear whether Defendants will be able to complete all investigations in time for discipline, if any is found to be appropriate, to be imposed in compliance with California Government Code section 3304.

This is far from the first time the Court has expressed concern with the manner in which Defendants have handled – or failed to handle, as the case has been – the investigation of complaints. Seven years ago, the Court was forced to order Defendants to address 775 citizen contacts entered into the Internal Affairs Division ("IAD") database that the former Independent Monitoring Team discovered had not been assigned IAD case numbers. Several months later, it came to light that Defendants had placed numerous complaints, including 26 cases of allegations of Class I misconduct – the most serious level – in a so-called "tickler file," a correspondence file where the complaints languished without investigation either as a result of incompetence or bad faith. At multiple status conferences since then, the Court has

underscored the importance of correcting the serious deficiencies in the operations of IAD – one of the linchpins of the NSA, as well as of any effective police department.

It would be problematic enough if, as seems inevitable, Defendants' compliance levels were to backslide as a result of their failure to address the Occupy Oakland complaints in a timely fashion. It would be an even greater injustice if the investigations were to reveal serious misconduct for which discipline is warranted but cannot be imposed because the investigations were delayed beyond the time frame allowed by California statute. Such failures would be further indication that, despite the changed leadership at the City of Oakland and its police department, Defendants might still lack the will, capacity, or both to complete the reforms to which they so long ago agreed.

The Monitor has informed the Court that multiple City officials have themselves expressed the view that the Department lacks capacity to complete all of the outstanding investigations without outside assistance. The Monitor has further informed the Court that the City originally intended to expand its contract with an outside consultant to conduct internal affairs investigations related to Occupy Oakland, but that this decision has been plagued by a series of delays. It appears that timely action on this extremely critical issue will not be taken without further intervention by this Court.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

1. On or before **May 7, 2012,** Defendants shall provide to the Monitor in writing a specific plan, including timelines, as to how they will address all outstanding internal affairs investigations stemming from Occupy Oakland activities prior to December 31, 2011, while maintaining compliance with the NSA and Department policy on all other internal investigations. If, as seems probable, the plan includes the engagement of any outside consultants, the names and qualifications of the proposed consultants must be fully identified in the plan for approval by the Monitor. The plan must provide for completion of all investigations within the time frame required for discipline by California Government Code section 3304. The plan shall also provide for completion of all investigations within the 180-day deadline required by the NSA and Department policy to the extent possible.

2

Unfortunately, the Court does not expect Defendants to meet this deadline in all cases because it has likely passed or is soon to pass for some of the earlier-filed complaints.

2. Subject to the restrictions included in the NSA, Defendants shall make available all information requested by the Monitor so that he may make an informed decision on whether to approve the plan.

3. Unless otherwise ordered, the plan shall be approved by the Monitor and shall be implemented no later than **May 14, 2012.**

4. If the Monitor informs the Court that Defendants have failed to comply with either of the above deadlines or have failed to cooperate with the Monitor in his requests for information, the Court will consider appropriate sanctions, including the imposition of daily or weekly monetary sanctions, until compliance is achieved.

**IT IS SO ORDERED.**

Dated: 05/01/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT