IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br><u>ORDER RE: PERSONS<br>RESPONSIBLE FOR OCCUPY<br>OAKLAND INVESTIGATIONS</u> |

On May 31, 2012, this Court ordered Defendants to submit, by June 8, 2012, their plan for completing the Occupy Oakland-related investigations that were the subject of the Court's May 1, 2012 order. The Court directed Defendants to "identify specific actions that named individuals shall take by certain deadlines or else face contempt or other sanctions from this Court. The Court may also consider monetary sanctions against the City for each day that the deadlines are missed." May 31, 2012 Order at 2. Defendants timely filed their plan, and Plaintiffs filed unsolicited objections on June 11, 2012.

Having reviewed the parties' submissions, and having consulted with the Monitor, the Court now orders that:

1. Defendants' Investigation Plan filed on June 8, 2012, is adopted as an order of this Court, except as modified below.

2. Investigations must be completed and submitted to Acting Lieutenant John Lois no later than 60 days prior to the expiration of the deadline under California Government Code section 3304. In cases in which the 3304 period is tolling, investigations must be completed and submitted to Acting Lieutenant Lois within 120 days of the date of this order. Acting

1 Captain Danielle Outlaw and Deputy Chief Sean Whent shall be responsible for ensuring that
2 all investigations are completed within these time frames.

3       3. Acting Captain Outlaw and Deputy Chief Whent shall also be responsible for
4 ensuring that all investigations comply with the complaint procedures adopted pursuant to
5 the Negotiated Settlement Agreement ("NSA") and for ensuring that all investigations are
6 completed without delay. The Court recognizes that the 180-day deadline for completing
7 investigations, as required by the NSA and Department policy, has already passed for many
8 of the cases identified in the Investigation Plan, and that it is quickly approaching in others.
9 Unfortunately, this makes it impossible for Defendants to comply with this provision of the
10 NSA. Nothing in this order shall be construed to excuse noncompliance with the 180-day
11 deadline in any case, but Acting Captain Outlaw and Deputy Chief Whent shall not be held
12 responsible for missing the 180-day deadline for cases identified in the Investigation Plan
13 unless the record demonstrates avoidable delay.

14       4. Acting Lieutenant Lois shall be responsible for completing the first level of review,
15 as described in the Investigation Plan, within five calendar days of receiving the
16 investigation.

17       5. Acting Captain Outlaw shall be responsible for completing the second level of
18 review, as described in the Investigation Plan, within five calendar days of receiving the
19 investigation.

20       6. Deputy Chief Whent shall be responsible for completing the third level of review,
21 as described in the Investigation Plan, within five calendar days of receiving the
22 investigation.

23       7. Chief Howard Jordan and City Administrator Deanna Santana shall be responsible
24 for acting on all sustained findings within five calendar days of receiving the investigation.

25       8. Chief Jordan and City Administrator Santana shall also be responsible for ensuring
26 that any appropriate discipline is administered prior to the expiration of the section 3304
27 deadline. Returning investigations to the investigator for additional work, as may occur
28 under the Investigation Plan at any level of review, shall be no excuse for noncompliance

United States District Court
For the Northern District of California

with this order, and Chief Jordan and City Administrator Santana may therefore want to set internal deadlines prior to the deadlines set forth in this order if they believe it is necessary to ensure compliance.

9. The Monitor shall inform the Court if Defendants miss any of the deadlines set by this order, and he shall also make recommendations on whether sanctions are appropriate and, if so, against whom. Although this order identifies persons responsible for various tasks, the Monitor shall consider whether other individuals in the line of authority, up to and including Mayor Jean Quan, should also be held liable for any missed deadlines. The Court will then consider whether to issue an order to show cause as to why sanctions should not be imposed. Sanctions will not be imposed without Defendants' having an opportunity to respond.

Finally, Defendants' list of persons responsible for specific tasks in the Negotiated Settlement Agreement is out-of-date. The Court is aware of at least two necessary changes at this time: Captain Paul Figueroa has been reassigned and no longer leads the Internal Affairs Division, and Captain Edward Tracey is no longer employed by the Department. Both individuals were identified as persons responsible for several tasks in Defendants' most recent list, submitted to the Court on February 24, 2012. The Court reminds Defendants of their obligation to promptly notify the Court when they make changes to the persons responsible for any task.

**IT IS SO ORDERED.**

Dated: 06/18/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3