IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>CITY OF OAKLAND, et al.,<br><br>              Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br><u>ORDER DENYING</u><br><u>INTERVENOR'S MOTION FOR</u><br><u>CLARIFICATION</u> |

       Intervenor Oakland Police Officers' Association ("OPOA") has filed a motion for clarification of this Court's order concerning the confidentiality of communications by the Monitor. The OPOA has no objection to keeping all such communications confidential from the public, but it does object to preventing its members from learning about conversations the Monitor may have with the Chief of Police concerning discipline of individual officers. The OPOA requests that the Court clarify that its confidentiality order does not apply to those situations. The Court now DENIES that request for the reasons discussed below.

       As an initial matter, the OPOA's reliance on policies referring to the "chain of command" or the "Discipline Officer" is misplaced. The Monitor is neither the Department's "Discipline Officer" nor in the Chief's chain of command. Instead, the Monitor communicates with the Chief of Police only as an agent of the Court, and his communications therefore bear the same protection as communications from this Court.

       Moreover, the Court is not persuaded that any officer's due process rights will be impacted by its order. The Monitor currently does not have the power to exercise the duties of the Chief of Police, City Administrator, Mayor, or any other City official. Thus, unless and until there is a receivership in place or the Court confers additional authorities on the Monitor, the Chief's disciplinary decisions remain his own, based on his own judgment and review of records contained in the disciplinary file. If the Chief's judgment differs from the

Monitor's, the Monitor will bring that issue to the Court, and the OPOA will have a full and fair opportunity to discuss the issue if the Court contemplates ordering the Chief to take a particular action. Under these circumstances, the Court does not find the confidentiality of communications between the Monitor and the Chief to violate any officer's due process rights.

Accordingly, with good cause appearing, the OPOA's motion for clarification is DENIED.[1]

**IT IS SO ORDERED.**

Dated: 08/07/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiffs correctly observe in their opposition that the OPOA did not follow the Court's Civil Local Rules in filing its motion. Nonetheless, because Plaintiffs have been heard in opposition and the Court is denying the requested relief, the Court finds no prejudice to ruling on the motion despite the procedural improprieties.

2