1  JOHN L. BURRIS, STATE BAR NO. 69888
   Law Offices of John L. Burris
2  Airport Corporate Centre
3  7677 Oakport Road, Suite 1120
   Oakland, California 94621
4  Telephone:    510.839.5200
   Facsimile:    510.839.3882
5

6
   JAMES B. CHANIN, STATE BAR NO. 76043
7  JULIE M. HOUK, STATE BAR NO. 114968
   Law Offices of James B. Chanin
8  3050 Shattuck Avenue
   Berkeley, California 94705
9  Telephone:    510.848.4752
   Facsimile:    510.848.5819
10

11 Attorneys for Plaintiffs

12

13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17 | DELPHINE ALLEN; et al; | **MASTER CASE NO. C-00-4599 TEH** |
|---|---|
| Plaintiffs, | **PLAINTIFFS' ADMINISTRATIVE MOTION TO PERMIT PLAINTIFFS TO PRESENT LIMITED ORAL TESTIMONY AT HEARING ON PLAINTIFFS' RECEIVERSHIP MOTION; DECLARATION OF PLAINTIFFS' COUNSEL IN SUPPORT THEREOF AND [~~PROPOSED~~] ORDER** |
| vs. | |
| CITY OF OAKLAND, et al., | |
| Defendants. | **Hearing Date: December 13, 2012**<br>**Time: 10:00 a.m.**<br>**Courtroom: 2, 17th Floor**<br>**The Honorable Thelton E. Henderson** |

1

Allen v. City of Oakland, Case No. C00-4599 TEH
Plaintiffs' Administrative Motion re Expanding Brief Length

**PLAINTIFFS' ADMINISTRATIVE MOTION AND
DECLARATION OF PLAINTIFFS' COUNSEL**

I, JAMES B. CHANIN, DECLARE:

1. I am an attorney licensed to practice law in the State of California and am one of the attorneys representing the Plaintiffs in the within action. I have personal knowledge of the matters stated herein and would testify to the same if called to do so in Court.

2. The hearing on Plaintiffs' motion for a receivership is scheduled to take place starting at 10:00 a.m. on December 3, 2012.

3. Northern District Local Rule 7-6 provides that no oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge.

4. Plaintiffs are hereby moving the Court for an Order allowing Plaintiffs to present limited oral testimony at the hearing on Plaintiffs' receivership motion as described below.

5. The parties stipulated to the December 13, 2012 hearing date for the Plaintiffs' receivership motion specifically because the Monitoring team is scheduled to be in the Bay Area performing their Monitoring duties at that time, with the expectation that members of the Monitoring team could be called to testify at the hearing on the receivership motion.

6. Since the Monitoring team will be in the Bay Area at the time of the hearing, it would be substantially less burdensome and more cost effective to have members of the Monitoring team testify at the time of the hearing, rather than at depositions. This is particularly true given the fact that most of the Monitoring team members reside on the East Coast. Taking depositions of Monitoring team members in multiple locations on the East Coast prior to the hearing would not only inconvenience and burden Monitoring team members, but it would substantially add to the cost and the attorneys' fees incurred by counsel for all the parties. Furthermore, it is likely that members of the Monitoring team will be continuing to develop information concerning the City's compliance efforts between now and the hearing date and their live testimony at the time of the hearing would provide the Court and the parties with the benefit of their most current data and information, which would not be the case if they were deposed prior to the hearing.

7. Plaintiffs also anticipate that they will need to present expert testimony in support of their receivership motion and respectfully request that the Court permit Plaintiffs to call their experts to provide oral testimony at the hearing. This would also be less burdensome, less time consuming and less expensive for all concerned if the Plaintiffs are permitted to call their experts to testify at the time of the hearing.

8. Prior to bringing this administrative motion, Plaintiffs' counsel met and conferred in good faith with Defendants' counsel, Randolph Hall, in an attempt to reach a stipulation about presenting oral testimony at the hearing of Plaintiffs' motion. These efforts have, to date, been unsuccessful in reaching any agreement about the nature and scope of oral testimony at the hearing on this motion.

9. Plaintiffs are amenable to the Court setting reasonable time limits on the oral testimony presented at the hearing of this motion.

10. I declare that the foregoing is true and correct under penalty of perjury. Executed this 5th day of September 2012, at Berkeley, California        .

_____/S/_____
James B. Chanin
Attorney for Plaintiffs

### [~~PROPOSED~~] ORDER

Having considered the Administrative Motion of Plaintiffs and for good cause shown,

IT IS HEREBY ORDERED THAT Plaintiffs shall be granted leave to call members of the Monitoring team and Plaintiffs' experts to give oral testimony at the time of the hearing on Plaintiffs' motion for a receivership, which is set for hearing commencing at 10:00 a.m. on December 13, 2012.

IT IS SO ORDERED:

Dated: September 11, 2012



Thelton E. Henderson
Judge of the United States District Court

3

Allen v. City of Oakland, Case No. C00-4599 TEH
Plaintiffs' Administrative Motion re Expanding Brief Length