IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br><u>ORDER DENYING<br>INTERVENOR'S MOTION FOR<br>FURTHER INTERVENTION AND<br>MOTION TO SHORTEN TIME</u> |

    This matter comes before the Court on Intervenor Oakland Police Officers' Association's ("OPOA's") motion to intervene in discovery and court proceedings regarding the appointment of a receiver. The Court DENIES the motion for the reasons discussed below. OPOA's motion to shorten time on its motion for further intervention is therefore DENIED as moot.

    As an initial matter, although the OPOA styled its motion as a motion to intervene, the OPOA is already an intervenor in this case. Following the parties' agreement, the Court ordered that the OPOA was "permitted to intervene for the limited purpose of addressing Section XV C of the Settlement agreement entered on January 22, 2003 by the Court." Apr. 23, 2003 Stip. & Order for the Limited Intervention of the OPOA at 3 (Docket No. 194). As the Court recently reiterated following a challenge by the OPOA to its exclusion from a meeting held by the Monitor, "Section XV.C of the NSA [Negotiated Settlement Agreement] concerns the interplay between the NSA and collective bargaining agreements, and the OPOA has no right to participate in meetings or other proceedings, or portions thereof, where other NSA-related issues are discussed." Aug. 27, 2012 Order re: Limited Nature of Intervention by OPOA (Docket No. 713). Thus, the OPOA's motion is properly

1 construed as a motion to expand its intervention. However, the OPOA has failed to provide
2 any justification for doing so. It does not, for example, assert any other basis for its motion
3 aside from protecting the collective bargaining and due process rights of its members.

4 Moreover, the record belies OPOA's assertions that the receivership proceedings do not arise out of the NSA and that the OPOA had no reason to consider that the Court might conduct receivership proceedings until July 13, 2012, when Plaintiffs served a copy of a discovery request on OPOA's counsel. First, while the NSA does not specifically mention receivership as a potential remedy, it provides that:

> Plaintiffs' counsel may bring motions based on their belief that the City or OPD is failing to comply with the provisions of this Agreement. . . . Additionally, in the event of substantial and/or chronic non-compliance with provisions of this Agreement, *the Court may impose such sanctions and/or remedies as it deems just and necessary*. . . .

NSA § XIII.R (Docket No. 169) (emphasis added). Beyond that, receivership has been specifically identified as a potential remedy since at least September 2010, when Plaintiffs suggested in a joint status conference statement that a receivership might be warranted. Sept. 9, 2010 Joint Status Conf. Statement at 6 (Docket No. 554). The Court addressed Plaintiffs' suggestion at the September 16, 2010 status conference, noting that a receivership motion appeared premature at that time but that, "[i]f the time comes that Plaintiffs believe a receivership is necessary and file an appropriate motion, I would, of course, carefully review the record and the law to see if that remedy were appropriate." Sept. 16, 2010 Rep. Tr. at 8:9-17 (Docket No. 572). Rockne Lucia, counsel for the OPOA, signed the joint status conference statement and attended the status conference. The Court has also mentioned receivership as a potential remedy in multiple orders since that time. *E.g.*, Apr. 13, 2011 Sched. Order re: Extension of Court Monitoring at 2 (Docket No. 602); Oct. 3, 2011 Order Setting Status Conference at 1 (Docket No. 641); Jan. 24, 2012 Order Vacating Jan. 26, 2012 Status Conference & Conferring Add'l Authority on Monitor at 3-4 (Docket No. 675). Both Mr. Lucia and Michael Rains received notification of these orders as counsel of record for the OPOA. More recently, Mr. Lucia signed a stipulation on behalf of the OPOA setting

2

1 forth an agreed upon schedule for receivership proceedings that was entered as an order of
2 the Court on February 24, 2012. Feb. 24, 2012 Stip. & Order re: Briefing & Hearing Dates
3 for Receivership Proceedings (Docket No. 686). In light of the above record, the Court
4 rejects the OPOA's contention that its motion is timely because it only recently became
5 aware of the potential for receivership proceedings.

6       In addition, the OPOA has failed to demonstrate that further intervention is necessary.
7 Although the OPOA asserts that its full participation in receivership-related discovery
8 proceedings is required to protect the rights of its membership, the Court's review of the
9 transcript of the August 23, 2012 deposition of Thomas Frazier reveals that Harry Stern,
10 counsel for the OPOA, spent over ninety minutes questioning Mr. Frazier about issues
11 unrelated to the union's bargaining rights.[1] Instead, Mr. Stern questioned Mr. Frazier about
12 the methodology and content of Mr. Frazier's report, including questions whose answers are
13 obvious from reading the report itself – for example, several pages of questions in the general
14 form of, "You spoke to (insert name), correct?" Dep. Tr. at 248:9-252:1 (Ex. A to Chanin
15 Decl.). Such questioning is an inefficient use of time, and none of Mr. Stern's questioning
16 appears to have been necessary to protect the rights of the OPOA membership. Indeed, none
17 of his questions addressed the purported basis for the OPOA's motion: the potential
18 impairment of OPOA members' collective bargaining or due process rights under a
19 receivership. Accordingly, with good cause based on all of the above, the Court DENIES the
20 OPOA's motion to expand the nature of its intervention.

21       However, the Court also clarifies that its August 27, 2012 order did not, as the OPOA
22 claims, deny the union "the right to participate in discovery proceedings pursuant to the
23 previous stipulation and Order." Mot. at 11-12. Instead, the Court's recent order reiterated
24 what has always been the rule: that the OPOA has a right to attend and participate in
25 proceedings related to the limited nature of its intervention, but that it cannot demand to

---

[1] The OPOA made no mention of this deposition in its moving papers and noted only that its counsel "attended and participated in the first day of the deposition of Chief Jordan on August 9, 2012." Mot. at 10. However, Plaintiffs attached portions of the Frazier deposition transcript to their opposition to the OPOA's motion to shorten time.

3

participate in other NSA-related proceedings that go beyond the scope of its limited intervention. In the case of the receivership proceedings, the parties' and the OPOA's stipulation, which was entered as an order of this Court, provides that the OPOA "retains the right to file responsive pleadings and make appearances in this matter." Feb. 24, 2012 Stip. & Order re: Briefing & Hearing Dates for Receivership Proceedings at 2. Thus, the OPOA is not barred from participating in these proceedings. Any opposition to – or statement in support of – Plaintiffs' motion to appoint a receiver shall be filed by the OPOA on or before **November 8, 2012,** the same date on which Defendants' opposition brief is due. Counsel for the OPOA may also attend the hearing on the motion, currently scheduled for December 13, 2012, at 10:00 AM, and may address the Court if any issues arise concerning the collective bargaining or other due process rights of the OPOA's membership.

     The OPOA may also participate in any discovery with the consent of the parties. If the parties contend that any particular discovery proceeding, or portion thereof, extends beyond the scope of the OPOA's intervention, then the burden will be on the OPOA to demonstrate that its participation is necessary to protect its members' rights under the collective bargaining agreement. Unless otherwise ordered, matters arising under this order shall be adjudicated by this Court as an exception to the order referring all discovery disputes to a magistrate judge. Any request for relief under this order shall be filed by the parties and the OPOA in a joint letter brief of no longer than five pages. The joint letter brief must: (1) attest that counsel with full and complete authority on discovery matters met and conferred in person, and that lead counsel have concluded that no agreement can be reached; (2) concisely summarize the issues that the parties and the OPOA were unable to resolve; (3) set forth any legal authority that addresses the specific issues in dispute; and (4) state each party's and the OPOA's last offer of compromise. The joint letter brief may include as an attachment specific excerpts of disputed discovery material, if applicable. No other declarations, affidavits, or exhibits may be attached unless a declaration is necessary to support a specific claim of undue burden. Following review of the joint letter brief, the Court will advise the parties and the OPOA if additional briefing or a telephonic or in-person

4

conference will be necessary.  The Court may also order lead counsel to meet and confer in good faith at the courthouse.

**IT IS SO ORDERED.**

Dated:   09/25/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT