1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 | DELPHINE ALLEN, and others,        | Case No. 00-cv-04599 TEH (NC)
12 |            Plaintiffs,              | **ORDER DENYING PROTECTIVE ORDER**
13 |        v.
14 | CITY OF OAKLAND, and others,
15 |            Defendants.
16

17      On September 24, 2012, approximately four hours into the deposition of Oakland

18 Mayor Jean Quan, the parties jointly requested this Court to resolve a discovery dispute

19 that arose during the deposition.  The Court addressed the dispute over the telephone and

20 issued an order on the record as documented by the Court reporter at the deposition.  The

21 Court did not have the benefit of a deposition transcript and relied on the representations of

22 counsel as to the questions and objections that triggered the dispute.

23      The central question presented was whether Mayor Quan should be compelled to

24 respond to certain questions about Oakland's internal investigation, response, and actions

25 relating to a very recent dispute involving the City Administrator.  This order summarizes

26 the Court's reasoning.

27 //

28

1    **1.    Oakland's assertions in support of a protective order**

2         First, Oakland asserted that the questions were irrelevant and sought information that

3    was not reasonably calculated to lead to the discovery of admissible evidence.  Oakland's

4    counsel characterized the questions as a "fishing expedition," and expressed that responses

5    to these questions would not assist the Court in resolving the motion for the appointment of

6    a receiver for the Oakland Police Department.

7         Second, Oakland asserted that the questions requested "confidential" information

8    about internal Oakland government investigations and personnel decisions.  The Mayor

9    stated that responding to these questions made her "uncomfortable."  Oakland did not

10   identify any specific evidentiary privilege that was implicated by the deposition questions.

11        Oakland therefore sought a protective order precluding questions to Mayor Quan

12   about the disputed topics.

13   **2.    The Court's analysis and conclusion**

14        The Court denied Oakland's request for a protective order.  First, the method and

15   timing of the request disfavored a protective order.  Plaintiffs had asked similar questions

16   of previous deponents, including the City Administrator.  Oakland did not object at those

17   depositions, and agreed that any confidentiality concerns could be addressed through the

18   protective orders already in place.  *See* Dkt. Nos. 114, 144, 149, 215, 577.  Second,

19   instructions not to answer are generally not permissible under the Federal Rules of Civil

20   Procedure absent a specifically asserted privilege.  Fed. R. Civ. P. 30(c)(2) ("A person may

21   instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a

22   limitation ordered by the court, or to present a motion under Rule 30(d)(3).").  Here,

23   objections based on relevance and "confidentiality" are not sufficient to instruct a witness

24   not to answer.  Third, Oakland's valid concerns about confidentiality are addressed through

25   an existing protective order that limits the use of this type of information.  Dkt. No. 577.

26   Fourth, based on the Court's understanding of the recent dispute involving the City

27   Administrator, the Court finds that the questions directed to Mayor Quan were relevant and

28   reasonably calculated to lead to the discovery of admissible evidence.  If the entire seven

hour deposition were devoted to these topics, then the questions would perhaps be burdensome and harassing.  But as expressed to the Court, the plaintiffs had asked approximately four hours of questions on other topics.  At bottom, a deponent—even a Mayor—does not get to choose the questions she wants to answer.  For all these reasons, Oakland's request for a mid-deposition protective order was denied.

The Court may revisit this Order after reviewing the Mayor's deposition transcript, on any party's motion.  Any party may object to this Order within fourteen days under Federal Rule of Civil Procedure 72(a).

IT IS SO ORDERED.

Date: September 28, 2012

Nathanael M. Cousins
United States Magistrate Judge

Case No. 00-cv-04599 TEH (NC)
ORDER DENYING PROTECTIVE
ORDER

3