IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF OAKLAND, et al.,<br><br>　　　　　Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br><u>ORDER RE: OCTOBER 19, 2012<br>STIPULATION BETWEEN<br>PLAINTIFFS AND INTERVENOR<br>OAKLAND POLICE OFFICERS'<br>ASSOCIATION</u> |

　　　　The Court is in receipt of the stipulation and proposed order filed by Plaintiffs and Intervenor Oakland Police Officers' Association ("OPOA") on October 19, 2012. Plaintiffs and the OPOA have reached an agreement concerning certain aspects of the remedy that Plaintiffs intend to seek in their receivership motion, as well as the OPOA's intended withdrawal of its motion for further intervention. They do not need the Court's approval to enter into this agreement, and the Court therefore finds it unnecessary to sign the proposed order accompanying their stipulation.

　　　　However, Plaintiffs and the OPOA may not limit by agreement the scope of any receivership the Court might impose. The Court must make that determination after carefully examining all relevant factors. To assist with that determination, the Court is considering appointing an expert witness under Federal Rule of Evidence 706. If the Court opts to pursue such an appointment, it will allow the parties an opportunity to show cause as to why an expert should not be appointed. *See* Fed. R. Evid. 706(a). The Court may also appoint counsel to represent the expert. *See, e.g., Oracle America, Inc. v. Google Inc.*, Case No.

C10-3561 WHA, Order Appointing Rule 706 Expert and Counsel (Docket No. 374) (N.D. Cal. Aug. 30, 2011).

**IT IS SO ORDERED.**

Dated:   10/22/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT