IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>CITY OF OAKLAND, et al.,<br><br>      Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANT'S<br>ADMINISTRATIVE MOTION RE:<br>DISCOVERY AND ORAL<br>TESTIMONY |

On October 23, 2012, Defendant City of Oakland filed an administrative motion regarding discovery and oral testimony at the December 13, 2012 hearing on Plaintiffs' motion to appoint a receiver. Plaintiffs filed a timely response on October 25, 2012.

Plaintiffs oppose Defendant's request for discovery but do not oppose Defendant's request to cross-examine Plaintiffs' witnesses. Plaintiffs also do not oppose Defendant's request to identify witnesses it would like to call at the December 13 hearing; however, they reserve the right to object to specific witnesses or areas of testimony once identified by Defendant.

With good cause appearing, Defendant's motion is GRANTED IN PART and DENIED IN PART, consistent with the following:

1. Defendant's request for discovery is denied as procedurally improper. As Plaintiffs correctly observe, matters – such as discovery – that are governed by the Federal Rules of Civil Procedure are improper subjects of motions for administrative relief under Civil Local Rule 7-11.

2. The denial of Defendant's request is without prejudice to its raising the motion in a proper manner before Magistrate Judge Nathanael Cousins, to whom discovery in this case has been referred. The Court notes, however, that Defendant's request may be untimely. Defendant stipulated to a briefing and hearing schedule on Plaintiffs' motion to appoint a

receiver on February 22, 2012, and did not oppose Plaintiffs' September 5, 2012 administrative motion to allow oral testimony at the December 13 hearing. Plaintiffs' motion, which the Court granted on September 11, 2012, specifically contemplated that the Monitor and members of his team would testify at the hearing in lieu of depositions. If Defendant objected to that process, its opposition was due on or before September 10, 2012. *See* Civ. L.R. 7-11(a) (setting deadline for oppositions to motions for administrative relief).

3. Any witness called by a party to testify at the hearing on Plaintiffs' motion to appoint a receiver shall be subject to cross-examination by the opposing party. Both parties shall be entitled to cross-examine any witness called by the Court.

4. The parties shall meet and confer on proposed witnesses for the hearing on Plaintiffs' motion to appoint a receiver. They shall file a joint statement on or before **November 19, 2012,** identifying the witnesses that each party intends to call, along with any objections from the other party, proposed areas of testimony, and estimated time for each proposed witness, including cross-examination. The Court will review the joint statement to determine whether further proceedings, such as a pre-hearing conference, are necessary.

**IT IS SO ORDERED.**

Dated: 11/06/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2