IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DELPHINE ALLEN, et al.,

              Plaintiffs,

   v.

CITY OF OAKLAND, et al.,

              Defendants.

MASTER CASE FILE
NO. C00-4599 TEH

ORDER TO MEET AND CONFER
RE: PLAINTIFFS' MOTION TO
APPOINT RECEIVER

      Plaintiffs' motion to appoint a receiver is scheduled to be heard before the Court on December 13, 2012. On November 8, 2012, Defendants and Intervenor Oakland Police Officers' Association ("OPOA") filed timely responses to Plaintiffs' motion. The OPOA "does not dispute or disagree with many points raised" by Plaintiffs' motion, OPOA Opp'n at 1; indeed, the union's arguments focus on its agreement with Plaintiffs that the leadership of the City and Department has been ineffective. While the OPOA does not explicitly argue for further court intervention, it does not oppose it.

      Defendants oppose the appointment of a receiver, but their opposition papers make clear that the City of Oakland and its leaders, as well as the leadership of the Oakland Police Department, do not contest a number of critical issues. Defendants "do not suggest that the status quo is either appropriate or acceptable," and they "acknowledge that more aggressive and invasive assistance is necessary to effect significant and lasting reform." Defs.' Opp'n at 2. They also agree with Plaintiffs on the factors that courts generally consider when deciding whether to appoint a receiver and contest only four of these factors: whether "there is a grave and immediate threat or actuality of harm"; whether "less extreme measures have been exhausted or proven futile"; "whether there is bad faith"; and "whether a receiver is

likely to provide a relatively quick and efficient remedy."[1]  *Id.* at 12 (citing *Plata v. Schwarzenegger*, Case No. C01-1351 TEH, 2005 U.S. Dist. LEXIS 8878 at *22 (N.D. Cal. May 10, 2005)).  Admitting that "several of the . . . factors exist here," Defendants concede that "continued insistence [on] compliance with the Court's orders would lead only to confrontation and delay"; that "there is a lack of leadership to turn the tide within a reasonable time"; and that "resources are being wasted."  *Id.*

To overcome these shortcomings, Defendants propose what they consider to be an effective remedy short of receivership.  Specifically, they request "the appointment of both a Compliance Director and Assistant Chief of Constitutional Policing."  Defs.' Opp'n at 25.  While the appointment of an Assistant Chief of Constitutional Policing would need to be done in consultation with the Monitor under this Court's January 24, 2012 order, Defendants do not indicate why a court order is required to create this position, or why they have previously failed to create what they now suggest is an "essential" position that would help "[t]o ensure lasting change."  *Id.* at 27.  Either the position is unnecessary and would result in wasted resources, or it is necessary and the failure to adopt such a position earlier indicates a lack of leadership or will.[2]

As to the proposed Compliance Director, Defendants request that this be a "salaried, full-time, on-site position," and indicate that a court order is required to create such a position.  *Id.* at 25, 28.  It is not clear to the Court whether or how this position differs from the receiver that Plaintiffs seek.  For example, Defendants assert that Plaintiffs seek a receiver who would "have complete control over the entire Department," *id.* at 25, but it is not clear that this is the case.  Plaintiffs request the appointment of "a receiver who shall have the power to bring the City and OPD into compliance with the NSA and AMOU."  Mot.

---

[1] The Court expresses no views on these disputed factors at this time and will address them, if necessary, in further proceedings.

[2] Likewise, it is not clear why Defendants have only recently taken action to "(a) identify the negative norms, mores and values" that "are impeding and, in some cases, undermining the City's efforts to achieve complete compliance with the NSA," and "(b) develop a viable strategy for moving forward with implementation of NSA provisions."  Jordan Decl. ¶¶ 6, 8.

2

at 50. Defendants apparently assume that this would involve control over the entire Department, but Plaintiffs' intent is not clear. The Court does not now decide whether such broad control is required; however, it notes that if Defendants assume that control over the entire Department is necessary "to bring the City and OPD into compliance with the NSA and AMOU," then their proposal to create a position with lesser powers would necessarily be inadequate.

One of the differences between the parties' proposals could be that Defendants do not clearly indicate whether they intend for the Compliance Director to be appointed by and report to the Court. However, Defendants' request for the creation of a Compliance Director position acknowledges that the current leadership of the City and the Department is incapable, without the Court's further intervention, of finally getting the Department into compliance. By Defendants' own admission, nothing would be achieved if the only further remedy were another intermediate position that reported to Defendants' existing leadership. Any proposal would therefore be a nonstarter if it does not include appointment by and reporting to the Court, or if it does not include ample powers to ensure full compliance.

Although the differences, if any, between the parties' proposed remedies are not clear from their respective papers, Defendants' opposition underscores that the City and Department are in full agreement with Plaintiffs that the status quo must change, and that this Court's further intervention is both desirable and required. Given the potential for substantial, if not complete, agreement on an appropriate further remedy, IT IS HEREBY ORDERED that the parties shall immediately meet and confer to attempt to reach agreement. The Court will entertain a joint request for a referral to a magistrate judge to assist with this process if the parties agree that such assistance would be helpful. The parties would be wise to consult with the Monitor during the meet-and-confer process, as the Court will consider his views on whether any proposed remedy would be appropriate and effective. If it appears necessary, the Court may also issue an order to show cause as to why an independent expert should not be appointed to advise the Court under Federal Rule of Evidence 706.

3

To be clear, the Court will not approve any stipulation submitted by the parties if it concludes that the proposed remedy would be unlikely to lead to full compliance in a reasonable time. Even if the Court were to approve a further remedy short of receivership, it would continually evaluate whether that remedy was proving to be effective and might subsequently consider the necessity of appointing a receiver.

Consistent with the above, IT IS FURTHER ORDERED that, on or before the November 29 deadline for Plaintiffs to file their reply, the parties shall file a joint statement setting forth all areas on which they have agreed, thereby narrowing the scope of any necessary proceedings before this Court. Plaintiffs shall focus their reply only on issues that remain in dispute. The Court extends the deadline for the parties to submit a joint witness list to November 29, to allow maximum time for discussion on what issues, if any, will need to be considered at the December 13 hearing.

**IT IS SO ORDERED.**

Dated:   11/14/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT