UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DELPHINE ALLEN, and others,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF OAKLAND, and others,<br><br>　　　　　Defendants. | Case No. 00-cv-04599 TEH (NC)<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 751 |

Plaintiffs move to seal portions of their motion for appointment of a receiver and the exhibits offered in support of that motion. The issues are whether plaintiffs have established good cause to seal these documents and whether their proposed redactions are narrowly tailored to protect confidential information and still accommodate the significant public interest in this case. Because plaintiffs have met their burden, the Court GRANTS the motion to seal.

## I. BACKGROUND

In January 2003, the parties effected a negotiated, nonmonetary settlement agreement to expedite the implementation of reforms within the Oakland Police Department in areas such as supervision, training, the use of force, report writing, and community policing. The terms of the agreement provide that the police department is required to strive to act in full compliance. Since then, the extent of the police department's compliance and the additional steps necessary to bring the department into compliance have been in dispute.

## II. STANDARD OF REVIEW

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and quotation omitted). Therefore, a party must show "compelling reasons" to seal documents that are part of a dispositive motion. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Conversely, the policy of public access "do[es] not apply with equal force to nondispositive materials." *Kamakana*, 447 F.3d at 1179. Accordingly, a party seeking to file a motion to seal in connection with a nondispositive motion must show only "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil Local Rule 79-5(a). A party must "narrowly tailor" its request to sealable material only. *Id.*

## III. DISCUSSION

The Ninth Circuit has not addressed whether a motion for appointment of a receiver is a dispositive motion for the purpose of determining whether the "good cause" or "compelling reasons" standard applies to motions to seal. It has, however, contrasted its jurisdiction under 28 U.S.C. § 1291 to review a district court's final judgment with its jurisdiction under 28 U.S.C. § 1292(a)(2), which "permits interlocutory appeals of orders appointing receivers." *Plata v. Schwarzenegger*, 603 F.3d 1088, 1099 (9th Cir. 2010). The appointment of a receiver in this case will not resolve this dispute on its merits or end the litigation; rather the motion is made in the context of the parties' negotiated agreement.

Case No. 00-cv-04599 TEH (NC)
ORDER GRANTING MOTION TO SEAL        2

Therefore, the Court considers the motion for appointment of a receiver nondispositive for the purposes of the motion to seal.

Furthermore, the "good cause" standard adequately protects the confidential information filed in conjunction with the motion for appointment and while accommodating the significant public interest in this case. Plaintiffs in this litigation have the public's interest in mind, and plaintiffs have proposed very limited redactions to only nine of ninety exhibits. Redactions, as opposed to filing entire documents under seal, "have the virtue of being limited and clear," *Kamakana*, 447 F.3d at 1183, and thereby preserve more of the record for public viewing.

The majority of the material plaintiffs seek to seal is subject to existing protective orders. *See* Dkt. Nos. 114, 144, 149, 215, 577. "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Thus, the Court finds that there is good cause to seal Exhibits 46, 47, 50, 52, and all references to these exhibits in plaintiffs' motion for appointment of a receiver and proposed order.

Plaintiffs seek to seal portions of Exhibits 30, 35,[1] 55, and 66 on the grounds that they relate to or discuss matters that Judge Henderson has already deemed confidential and sealable. The proposed redactions are narrowly tailored and address only certain matters related to the police department's progress towards compliance, which in turn is the subject of a protective order. *See* Dkt. No. 577. Accordingly, plaintiffs have established good cause to seal the redacted portions of these exhibits.

//

---

[1] In the redacted version of Exhibit 35 submitted to the Court, plaintiffs identify pages 164-172, 174-178, 229-230, 251, and 284 as having been redacted. Page 250, however, is present in the unredacted version and absent from the redacted version. Given that the subject of page 250 is the same subject as page 251, and that the proposed redactions to Exhibit 55 reference page 250 of Exhibit 35, the Court seals page 250 of Exhibit 35 as well.

1  Plaintiffs move to seal Exhibit 82 pending its formal publication.  Because Exhibit 82
2  deals with currently confidential information, and is in draft form, plaintiffs have shown
3  good cause for it to remain confidential until it is final.  It, too, may be sealed.

4  Finally, plaintiffs' proposed redactions to its motion for appointment of a receiver and
5  proposed order are limited only to references to the above-mentioned exhibits.  Because
6  these redactions are narrowly tailored to sealable material, plaintiffs' motion to seal these
7  portions of their motion and order is granted.

8  On December 11, 2013, the Court will hold a status conference to ascertain whether
9  these materials need to remain sealed.  The conference will be held at 10:00 a.m. in
10 Courtroom A, U.S. District Court, 450 Golden Gate Ave., San Francisco.  By December 4,
11 2013, Plaintiffs must file a status update on whether good cause still warrants keeping these
12 documents under seal.

13 IT IS SO ORDERED.

14 Date: November 28, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 00-cv-04599 TEH (NC)
ORDER GRANTING MOTION TO SEAL                4