IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DELPHINE ALLEN, et al.,

                Plaintiffs,

v.

CITY OF OAKLAND, et al.,

                Defendants.

MASTER CASE FILE
NO. C00-4599 TEH

ORDER RE: SUBJECT MATTER EXPERTS

On March 4, 2013, the Court appointed Thomas C. Frazier as the Compliance Director in this case and provided that "staff for the Compliance Director shall, upon the Court's approval, . . . be paid through the Court's registry." Mar. 4, 2013 Order Appointing Compliance Director at 3. The Court approved three part-time staff members on April 17, 2013, and provided that "the Compliance Director may also hire a project manager or administrative assistant, as well as subject matter experts as required," subject to the Court's approval. Apr. 17, 2013 Order Approving Compliance Director Staff at 1.

Since that time, the Compliance Director has consulted with the Court about hiring subject matter experts, and the Court directed him to use the expenditure authority granted him by the Court's December 12, 2012 order. Dec. 12, 2012 Order re: Compliance Director at 6 ("The Compliance Director will have expenditure authority up to and including $250,000 for expenditures included in the Plan."). The order further provided that "[t]he Compliance Director may seek an order from this Court if he or she experiences unreasonable funding delays." *Id.*

The Compliance Director has been attempting to procure a contract for a subject matter expert on personnel management for several weeks. It does not appear that the City objects to the hiring of the expert nor to the expert's rates. Instead, disputes have arisen over specific contract wording and issues such as to whom the expert reports. On the latter issue,

1 let there be no doubt that any subject matter experts hired by the Compliance Director report
2 solely to the Compliance Director, and that neither the City Administrator nor any other City
3 official or employee has any authority to direct the subject matter experts or to demand
4 copies of any of the experts' reports.

5       The weeks of delay on the part of the City in approving a contract with this subject
6 matter expert provides good cause for the Court's intervention. The City's contracting
7 process has proven to be unduly cumbersome for purposes of engaging subject matter experts
8 to assist the Compliance Director, and the delay in approving contracts is impeding the
9 Compliance Director's work and, by extension, the City's ability to comply with the
10 Negotiated Settlement Agreement.

11       Accordingly, with good cause appearing, IT IS HEREBY ORDERED that all subject
12 matter experts hired by the Compliance Director shall be paid through the Court's registry in
13 the same manner that the Compliance Director's staff is paid. Thus, to obtain payment for
14 subject matter experts, the Compliance Director will submit invoices to be approved by the
15 Court. As with members of the Compliance Director's staff, subject matter experts will be
16 entitled to reimbursement for reasonable travel costs but not for time spent traveling. The
17 Compliance Director shall obtain the Court's approval prior to engaging any subject matter
18 experts.

19       The Court previously ordered the City to deposit $100,000 into the Court's registry
20 for this action for payment to the Compliance Director's staff. Apr. 17, 2013 Order at 2.
21 Because subject matter experts will be paid out of the same funds, the Court now increases
22 the required amount to $150,000. The City shall therefore deposit an additional $50,000 into
23 the Court's registry for this action on or before **July 18, 2013**. Within twenty-one days of the
24 entry of each order approving payment to one or more subject matter experts or members of
25 the Compliance Director's staff, the City shall deposit the full amount paid by the order so
26 that the funds on deposit are replenished to $150,000. Whenever the service of the
27 Compliance Director and his staff is terminated, the Clerk shall disburse to the City the
28 balance of funds on deposit in the registry, including any earned interest.

Finally, the Compliance Director has reported to the Court that the City has continued to engage in apparently obstructive behavior, including, for example, excluding him and his staff from relevant meetings, and the Court will continue to evaluate carefully any such reports. If it appears that additional intervention by this Court is necessary to ensure the timely exercise of the Compliance Director's authority, the Court will appoint counsel, whose fees will be paid by the City, to prosecute a show cause hearing. The City is reminded of the Compliance Director's full authority, *see, e.g.,* Apr. 10, 2013 Order of Clarification, and is further reminded that if "Defendants fail to make acceptable progress even under the [Compliance Director], the Court will institute proceedings to consider appropriate further remedies," which may include "expansion of the Compliance Director's powers, or a full receivership." Dec. 12, 2012 Order at 9.

**IT IS SO ORDERED.**

Dated: 06/27/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT