IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DELPHINE ALLEN, et al., <br><br>              Plaintiffs, <br><br>v. <br><br>CITY OF OAKLAND, et al., <br><br>              Defendants. | MASTER CASE FILE <br>NO. C00-4599 TEH <br><br>ORDER MODIFYING <br>COMPLIANCE OVERSIGHT <br>MODEL |

      As the parties are well aware, the remedial phase of this case has extended far longer than originally anticipated and far longer than the Court believes should have been necessary had Defendants consistently acted with diligence to implement the reforms they agreed to over eleven years ago. The parties' Negotiated Settlement Agreement, entered as an order of the Court on January 22, 2003, was designed to effectuate reforms within five years, with a possible two-year extension. Years later – and following two further Memoranda of Understanding between the parties and the appointment of a second monitoring team – Defendants remain out of compliance with a number of significant tasks.

      On October 4, 2012, Plaintiffs filed a motion to appoint a receiver based on their belief that a monitor alone was insufficient to bring Defendants into compliance. While that motion was pending, the parties reached an agreement with the assistance of Magistrate Judge Nathanael Cousins and jointly proposed that the Court appoint a Compliance Director in lieu of considering Plaintiffs' motion to appoint a receiver. The Court approved the parties' agreement, with modifications, on December 12, 2012. The Compliance Director position was designed to last a minimum of one year and at least until Defendants had achieved full compliance with the settlement agreement. After conducting a series of interviews, the Court appointed Thomas C. Frazier as Compliance Director, effective March 11, 2013.

As we approach the one-year anniversary of Mr. Frazier's appointment, the Court has given serious consideration to whether the Compliance Director/Monitor model is the best approach to moving Defendants into compliance as quickly and sustainably as possible. At the heart of the dispute giving rise to the creation of the Compliance Director position lies the premise that compliance has not been more quickly attained because the Monitor lacks directive authority to ensure that Defendants correct identified deficiencies. The parties agreed to grant such authority – broad, essentially receiver-like powers in areas related to the negotiated reforms, including procurement authority for individual expenditures not exceeding $250,000 and the power to discipline, demote, or remove the Chief of Police – to a Compliance Director to be appointed by the Court. Although the Court considered granting these additional powers to the Monitor instead of creating a second position, it endorsed the parties' agreement to vest such powers in a separate individual. However, this arrangement has proven to be unnecessarily duplicative and has been less efficient and more expensive than the Court contemplated, and the Court finds that it would be more appropriate and effective to now concentrate the powers of the Compliance Director and Monitor into one position.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

1. The Court's appointment of Thomas C. Frazier as Compliance Director will terminate on **March 10, 2014**.

2. Effective immediately, all authority previously vested by the Court in Mr. Frazier is revoked and hereby transferred to the Court-appointed Monitor, Robert S. Warshaw, until otherwise ordered.

3. Between now and the expiration of his appointment, Mr. Frazier shall close down his office in an orderly manner and work closely with the Monitor to ensure a smooth transition and Defendants' uninterrupted progress.

4. Mr. Frazier and the Monitor shall immediately discuss all work in progress by the Compliance Director's office, and the Monitor shall determine what portion of that work is essential to moving the Department toward sustainable compliance or for an orderly

transition. Individuals paid hourly at Mr. Frazier's direction, including subject matter experts, shall immediately cease all activity unless that work is deemed essential and Mr. Frazier is unable to personally perform such work. All outstanding invoices for hourly work and expenses must be submitted for the Court's approval on or before **March 10, 2014**.

     5. Beginning on **April 15, 2014**, the Monitor shall file bimonthly reports discussing Defendants' progress. Prior to filing each bimonthly report, the Monitor shall provide the parties and Intervenor Oakland Police Officers' Association an opportunity to review the report for the sole purpose of discussing with the Monitor whether any information is confidential and subject to filing under seal. These reports will not replace the Monitor's quarterly reports, which will continue to provide the official record of Defendants' progress.

     6. The Monitor shall discuss with the parties necessary modifications to his contract as a result of the expansion of his powers and duties, including whether he needs to have a greater on-site presence and the amount of additional compensation that would be appropriate. The Court expects the additional compensation, including travel expenses and costs associated with any assistants, not to exceed $150,000 annually. Any disputes regarding the contract modifications will be resolved by the Court.

**IT IS SO ORDERED.**

Dated: 02/12/14

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3