United States District Court

For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    DELPHINE ALLEN, et al.,

6                        Plaintiffs,

7         v.

8    CITY OF OAKLAND, et al.,

9                        Defendants.

10

MASTER CASE FILE
NO. C00-4599 TEH

ORDER RE: CONSULTATION
REQUIREMENTS

11         In a recent Class I misconduct case, the Chief of Police consulted with the

12    Compliance Director as required, and the Compliance Director approved the Chief's

13    proposed disciplinary action.  However, the City Administrator subsequently imposed a

14    different level of discipline without consulting the Compliance Director.  As explained

15    below, these actions violated the orders of this Court.[1]  The Court therefore issues this order

16    to reiterate what should need no clarification: Orders of this Court must be followed, and

17    appropriate sanctions shall be imposed when they are not.

18         On February 4, 2012, the Court transferred all authority of the Compliance Director to

19    Robert S. Warshaw, the Court-appointed Monitor.  Feb. 4, 2012 Order at 2.  Part of the

20    Compliance Director's  authority is that "Defendants will not implement any of the types of

21    changes or actions identified in the January 24, 2012 order without the Compliance

22    Director's direction or approval."  Dec. 12, 2012 Order at 3.  The topics covered by the

23    January 24, 2012 order include "personnel decisions, including promotions, engagement of

24    consultants, and *disciplinary actions in Class I misconduct cases*."  Jan. 24, 2012 Order at 3

25    (emphasis added).  Thus, among many other actions, no discipline in Class I misconduct

26    cases can be imposed absent the Compliance Director's direction or approval.  If the City

27    ───────────────

28         [1]In addition, the imposed discipline appears to violate the disciplinary matrix that was
implemented under the Negotiated Settlement Agreement ("NSA").  The Monitor will
evaluate this issue in his quarterly report reviewing the relevant time period.

disagrees with the Compliance Director, it must follow the dispute resolution process set forth in the December 12, 2012 order. *See* Dec. 12, 2012 Order at 8. In this case, the City failed even to inform the Compliance Director that it did not intend to follow the action he previously approved.

Rather than institute show cause proceedings against a City Administrator who has since departed, the Court instead provides a stern reminder to Defendants of their obligations to consult with – and follow the direction and approval of – the Compliance Director on the wide range of matters under the Compliance Director's authority. These requirements apply not only to the Chief of Police, who appears to have complied with the Court's orders in this instance, but to the City as a whole. The Compliance Director shall discuss the City's obligations with the Chief of Police, City Administrator, and Mayor to ensure that they understand this Court's orders.

The Court hopes that this order will serve its intended prophylactic effect and that this situation will not recur. If Defendants fail to heed the Court's warning, they should expect a show cause order for future violations, which would also undermine any confidence in the sustainability of the reforms that have been and continue to be achieved.

**IT IS SO ORDERED.**

Dated:   07/22/14

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT