United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>                 Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>                 Defendants. | MASTER CASE FILE<br>NO. C00-4599 TEH<br><br><u>ORDER RE: INTERNAL AFFAIRS<br>INVESTIGATIONS AND<br>SUBSEQUENT PROCEEDINGS</u> |

      As has been widely reported, Officer Robert Roche's termination based on events surrounding an Occupy Oakland protest on October 25, 2011, was recently overturned by arbitrator David Stiteler. This is not the first time an arbitrator has overturned an officer's termination by Defendants, and, indeed, this Court previously ordered the parties to discuss the reinstatement of Officer Hector Jimenez by arbitration at the September 22, 2011 status conference. The City's promises to correct deficiencies at that time have fallen short, and further intervention by this Court is now required.

      Failure to address the issues addressed in this order will prevent compliance, let alone sustainable compliance, with the Negotiated Settlement Agreement ("NSA"). Defendants cannot be in compliance with Task 5 if the internal investigations leading to disciplinary decisions by Defendants are inadequate. Likewise, they cannot be in compliance with Task 45 if discipline is not consistently imposed. Because imposition of discipline is meaningless if it is not final, the Monitor and the Court must consider whether discipline is upheld at the highest level, most often arbitration. Just like any failure to impose appropriate discipline by the Chief or City Administrator, any reversal of appropriate discipline at arbitration undermines the very objectives of the NSA: "to promote police integrity and prevent conduct that deprives persons of the rights, privileges and immunities secured or protected by the Constitution or laws of the United States" and "to provide for the

implementation . . . of the best available practices and procedures for police management in the areas of supervision, training and accountability mechanisms, and to enhance the ability of the Oakland Police Department . . . to protect the lives, rights, dignity and property of the community it serves." NSA at 1. While the Court understands that there may be room for differences of opinion, and that not every disciplinary decision will be upheld at arbitration, the Court questions whether Defendants are adequately preparing cases for arbitration such that consistency of discipline can be assured to the greatest extent possible.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that the Compliance Director shall use his authority to investigate the following matters and, where necessary, direct Defendants to take appropriate corrective action to ensure sustainable reforms, including, if necessary, immediate corrective action pending further investigation:

1. Whether any shortcomings in the Internal Affairs, Force Review Board, Executive Force Review Board, or *Skelly* hearing processes give rise to disciplinary decisions that are likely to be overturned at arbitration;

2. How expert witnesses are selected by the City, and whether they are qualified to be experts and appropriately prepared to testify at arbitrations;

3. How counsel are assigned to represent the City at arbitrations, including how far in advance of the arbitration counsel are assigned to each case; whether appointing outside counsel without institutional knowledge is appropriate; the criteria for choosing outside counsel; and whether the stated selection criteria are applied in practice;

4. How various entities within the City, including the Oakland Police Department and City Attorney's Office, coordinate concerning the assignment of counsel, the engagement of expert witnesses, and the preparation of cases for defense at arbitration;

5. Whether the City's representation at arbitrations has been adequate, including, for example, whether appropriate percipient or expert witnesses were called, whether cross-examination was effective, and whether counsel displayed sufficient case-specific and institutional knowledge;

6. Whether the selection process for arbitrators can and should be changed;

     7. Whether officers who are reinstated by arbitration are appropriately trained and evaluated for fitness for duty for field work, including overtime assignments at special events; and

     8. Any other policies, procedures, and practices related to these matters.

     Given the scope of this order, the Compliance Director may submit for approval to this Court a request for additional staff, whose costs will be paid by Defendants through the Court registry.

     As always, the Court expects full and complete cooperation with its orders from City personnel and officials, including the Mayor, City Administrator, Chief of Police, and City Attorney. The Compliance Director shall immediately report any hindrances to the Court.

**IT IS SO ORDERED.**

Dated: 08/14/14

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT