UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 00-cv-04599-TEH<br><br>**ORDER DENYING FRANK MORROW JR.'S MOTION TO INTERVENE** |

This matter comes before the Court on Frank Morrow Jr.'s motion to intervene.[1] After reviewing the parties' written arguments, the Court finds this motion suitable for resolution without oral argument and hereby VACATES the September 22, 2014 hearing. For the reasons discussed below, Morrow's motion to intervene is DENIED.

First, Morrow is not entitled to intervention as of right under Federal Rule of Civil Procedure 24(a). An applicant seeking intervention as of right bears the burden of showing that four elements are satisfied:
> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks and citation omitted). Here, Morrow seeks intervention more than fourteen years after this case was filed, eleven years after the consent decree was signed, and a decade after he filed his first lawsuit, *Morrow v. City of Oakland*, Case No. 04-0315 MHP, alleging the injuries that he believes justifies intervention. This is not timely. *See, e.g., United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004)

---
[1] The Court previously denied Morrow's motion to relate his pending case, *Morrow v. City of Oakland*, Case No. C14-1514 JD, to this one.

("A party must intervene when he knows or has reason to know that his interests might be adversely affected by the outcome of litigation." (internal quotation marks and citation omitted)); *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) ("Intervention after entry of a consent decree is reserved for exceptional cases."). In addition, Morrow has filed numerous lawsuits asserting violation of his rights, which indicates that his ability to protect his interests has not been impaired by this matter. Morrow might argue that his prior lawsuits have so far been unsuccessful, but nothing in those cases indicates that he was denied relief because of any events in this case. Consequently, he has failed to satisfy at least two of the elements required for intervention as of right. The Court need not reach the remaining elements. *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011).

The Court also declines to grant permissive intervention under Federal Rule of Civil Procedure 24(b). An applicant seeking permissive intervention must satisfy three requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citation omitted). Morrow's motion does not satisfy the second requirement because, as discussed above, it is not timely. Moreover, even if Morrow were to satisfy all three requirements, this Court would have discretion to deny intervention and would do so here. *Id.*; *see also Orange County v. Air Calif.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court. . . ."). The Court has already appointed a Monitor and Compliance Director and continues to believe that is the best way to ensure that Defendants comply with the reforms they agreed to implement in 2003. As the Court has repeatedly advised the parties, it will not hesitate to institute further proceedings, including contempt or receivership proceedings, if such actions become necessary. In any event, however, the Court does not find Morrow's intervention necessary to protect his or anyone else's interests in the enforcement of the consent decree. Accordingly, the Court would not find permissive intervention to be appropriate even if Morrow's motion were timely and satisfied the other two requirements.

2

Having found that Morrow has failed to establish the requirements for intervention as of right or for permissive intervention, the Court DENIES Morrow's motion to intervene in its entirety.

**IT IS SO ORDERED.**

Dated: 09/10/14

_____
THELTON E. HENDERSON
United States District Judge

3