UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DELPHINE ALLEN, et al.,

           Plaintiffs,

      v.

CITY OF OAKLAND, et al.,

           Defendants.

Case No. 00-cv-04599-TEH

**ORDER RE: PRODUCTION OF DOCUMENTS**

On August 20, 2014, the Court approved the engagement of Edward W. Swanson, of Swanson & McNamara LLP, to assist the Compliance Director with the investigation of police disciplinary procedures ordered by the Court on August 14, 2014.  To enable Mr. Swanson to carry out his duties, the Court granted him the same rights and privileges as the Compliance Director.  Aug. 20, 2014 Order at 1 (ECF No. 1017).

The Court understands that Mr. Swanson has now worked with both the Oakland Police Department and the Oakland City Attorney's Office to obtain and review relevant documents, including documents relating to the investigation and arbitration aspects of the disciplinary process.  In response to requests for certain relevant documents, the City Attorney has withheld some documents or portions of documents on the grounds that they are protected by the attorney-client privilege or work-product doctrine.  Mr. Swanson submitted a proposed order (ECF No. 1031) concerning production of these documents and portions thereof on December 3, 2014.

The City of Oakland asserts that Mr. Swanson should not be able to access documents containing attorney-client privileged communications or attorney work product on several bases.  On December 4, 2014, the City of Oakland filed a submission (ECF No. 1034) with this Court setting forth the express terms of the Negotiated Settlement Agreement which provide that the Court Monitor is not entitled to documents containing attorney-client privileged communications or attorney work product.  The City of

1    Oakland's submission also cites the provisions of the Oakland City Charter which identify

2    the clients of the City Attorney and require the City Attorney to preserve the City's legal

3    privileges for each of those clients.  Finally, in its submission, the City of Oakland advises

4    the Court that the City's voluntary production of documents containing attorney-client

5    privileged communications or attorney work product would place the City at risk of

6    waiving such protections with respect to the plaintiffs, plaintiff intervenors, and, at a later

7    date, by future litigants in other proceedings, to the prejudice of the City of Oakland and its

8    residents.

9           The City requested that the Court deny Mr. Swanson's request for access to the

10   disputed documents in its entirety and requested a hearing if the Court intended to grant

11   such access.  The City further requested that the Court enter an order including the City's

12   proposed language, *see* Ex. A to Chao Decl. (ECF No. 1035-1), if it determined that no

13   hearing was necessary and that Mr. Swanson's access to the disputed documents was

14   appropriate.

15          Upon careful consideration, the Court finds good cause to allow Mr. Swanson to

16   access the disputed documents in a manner that maintains the City's assertions of privilege

17   at this time, and the Court does not find a hearing to be necessary.  The Court is persuaded

18   by the reasoning in *Cobell v. Norton*, 213 F.R.D. 48 (D.D.C. 2003), a case cited by the

19   City as the "only one . . . in which a court required a party to produce potentially

20   privileged documents in response to document requests from a special master."  City's

21   Submission at 14 (ECF No. 1034).  Notably, the City has cited no case in which a court

22   declined to order production of documents under these circumstances, and the Court is

23   aware of none.  As the *Cobell* court explained, when a court-appointed monitor "issues a

24   request for documents pursuant to his authority as court monitor, [he] is proceeding as an

25   adjunct of the Court, and is therefore entitled to production of the documents requested,

26   any claims of privilege notwithstanding."  *Cobell*, 213 F.R.D. at 55.  Although

27   Mr. Swanson was appointed as an investigator and not a monitor, the Court finds this

28   difference to be immaterial.  As in *Cobell*, "the sole relevance of the privilege issue

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    pertains to whether, after [Mr. Swanson] had received the documents, it would be

2    appropriate for him to disclose the contents of the documents, either in his reports or to

3    plaintiffs." *Id.*

4         The City's attempts to distinguish *Cobell* are unpersuasive.  First, although the

5    Negotiated Settlement Agreement ("NSA") provides that "the Monitor shall not access

6    attorney-client privileged information or work product," NSA § XIII.L (ECF No. 169), it

7    does not preclude the Court from ordering production of such documents.  Moreover,

8    Mr. Swanson was not appointed under the auspices of the Monitor and instead reports

9    independently to this Court.  He requires access to the disputed documents to complete the

10   investigation ordered by the Court, and the Court therefore finds it appropriate to expand,

11   for this limited purpose, the scope of Mr. Swanson's rights beyond the NSA's limitations

12   on the Monitor's access to documents.  Second, as noted above, questions of privilege are

13   irrelevant as to whether the City must produce the documents to Mr. Swanson; thus, it is of

14   no consequence whether Mr. Swanson believes the documents are privileged – a belief that

15   the Chao Declaration is insufficient to establish – or that the Court has not made any

16   rulings on the City's assertions of privilege.  Where, as here, the City contends that certain

17   documents requested by Mr. Swanson are privileged or protected, the "proper course of

18   action" is for the City to produce the documents to Mr. Swanson "while simultaneously

19   informing [him] that defendants [are] asserting attorney-client privilege [or work-product

20   protection] with respect to the requested documents."  *Cobell*, 213 F.R.D. at 55.

21   Mr. Swanson "may not discuss the contents of [such] documents in his reports, or provide

22   them to plaintiffs," without first getting a determination from the Court, *id.*, or obtaining

23   the City's agreement that he may do so.

24        To facilitate the Court-ordered investigation while also respecting and addressing

25   the City Attorney's concerns over privilege and work-product protection, the Court enters

26   the following order, which adopts all of the changes proposed by the City.[1]  The only

27   _____

28        [1] The Court has already incorporated above the City's proposed introductory
     paragraph setting forth its positions.

United States District Court
Northern District of California

1  substantive changes to the City's proposed order are: (1) interchanging paragraphs 5 and 6;

2  (2) in paragraph 6, allowing the Court or a magistrate judge to rule on any privilege or

3  protection issues that the City and Mr. Swanson or the Compliance Director cannot

4  resolve; (3) also in paragraph 6, requiring a hearing only if necessary; and (4) in

5  paragraph 8, allowing Mr. Swanson to destroy all copies of documents rather than return

6  them to the City Attorney's Office.  With good cause appearing, and adopting the City's

7  proposed changes to Mr. Swanson's proposed order, IT IS HEREBY ORDERED that:

8        1.     Notwithstanding any contrary provisions in the Negotiated Settlement

9  Agreement concerning the Monitor's access to privileged or protected information,

10  Mr. Swanson, in his role assisting the Compliance Director for purposes of this

11  investigation, may review such privileged or protected information under the conditions set

12  forth in this order.

13        2.     The City Attorney's Office shall produce to Mr. Swanson for his review all

14  documents that it has withheld in whole or in part on the grounds of attorney-client

15  privilege or work-product protection.

16        3.     In connection with its production of documents, the City Attorney's Office

17  shall also produce a privilege log indicating which documents it believes are protected by

18  the attorney-client privilege or work-product doctrine.

19        4.     The City Attorney's production of the documents in question subject to the

20  terms of this order shall not be construed as a waiver of the attorney-client privilege or

21  work-product protection in this or any other matter.

22        5.     Mr. Swanson and the Compliance Director each may not disclose or share

23  any documents produced pursuant to this order, or any of the information in such

24  documents, with anyone other than individuals employed by Mr. Swanson to investigate

25  the issues set forth in the August 14, 2014 Order (ECF No. 1015).

26        6.     Before including in a report or otherwise referencing in any way or

27  disclosing to any third party a document or portion of a document identified by the City

28  Attorney's Office as potentially privileged or protected, Mr. Swanson, in the case of any

report he submits to the Court, and the Compliance Director, in the case of any report he submits to the Court, must first meet and confer with the City Attorney's Office or its designated representatives.  If Mr. Swanson or, as the case may be, the Compliance Director and the City Attorney's Office are unable to resolve any disputes as to whether such documents are properly withheld on attorney-client privilege or work-product protection grounds, Mr. Swanson or, as the case may be, the Compliance Director and the City of Oakland shall bring the matter to the Court's attention.  The Court or a magistrate judge will rule on the applicability of the privilege or protection at issue as well as whether the document may be referenced in any report prepared by Mr. Swanson or the Compliance Director after giving the City Attorney's Office an opportunity to fully brief the matter and, if necessary, a hearing.

7.     None of the documents produced pursuant to this order may be used for any purpose other than for purposes of Mr. Swanson's investigation as set forth in this Court's August 14 and August 20, 2014 Orders.

8.     After Mr. Swanson has finalized and filed his report with the Court, all copies of documents produced pursuant to this order, including all abstracts, compilations, summaries, and any other format reproducing or capturing any of the documents produced pursuant to this order, will be returned to the City Attorney's Office or destroyed.

**IT IS SO ORDERED.**

Dated:   12/15/14

_____
THELTON E. HENDERSON
United States District Judge

United States District Court
Northern District of California

5