UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br>　　　Plaintiffs,<br>　　v.<br>CITY OF OAKLAND, et al.,<br>　　　Defendants. | Case No. 00-cv-04599-TEH<br><br>**ORDER RE: FORCE REVIEW BOARD AND EXECUTIVE FORCE REVIEW BOARD POLICY** |

　　　In his July 10, 2015 report, the Monitor recommended that the Force Review Board and Executive Force Review Board processes be expanded "to include a review of whether the use of deadly force may have been avoided, and to identify tactics, strategies, and opportunities as events unfolded that may have avoided such an outcome." July 10, 2015 Monitor Report at 10. Since then, the Monitor has conferred repeatedly with the Chief of Police on this issue and has also consulted with the Mayor, City Administrator, and Plaintiffs. In August, the Chief "committed to provide suggested policy revisions" to address the Monitor's recommendation. Sept. 10, 2015 Monitor Report at 13.

　　　By November, the Chief had "commenced the implementation process, a portion of which includes a 'meet and confer' component with the police officers' union, or OPOA. This meeting is scheduled to occur during the month of November." Nov. 12, 2015 Monitor Report at 8. The Chief reported to the Monitor that the meeting did, in fact, occur, and that additional meeting and conferring with the OPOA, its counsel, and Plaintiffs' counsel both preceded and followed that meeting. The Chief ultimately proposed policy language with which the Monitor concurred, and the Chief informed the Monitor that he would implement the revised policy on December 9, 2015 – nearly five months after the Monitor's initial recommendation.

However, the City has now rescinded implementation of the revised policy based on the OPOA's objection that the required process of meeting and conferring has not been completed. It is not clear whether the policy changes under consideration are even subject to any meet and confer requirement, but even if they are, there has been more than ample time to complete the process. Moreover, the Court understands that the union and the City have had extensive exchanges on this issue, and even if the City was required to meet and confer, the union cannot unilaterally decide when the meet and confer process should be deemed complete. This process has gone on long enough, and IT IS HEREBY ORDERED that the City must complete any additional meeting and conferring it believes it must do with the union and reach a final determination on whether it will implement the revised policy on or before **December 21, 2015**.

IT IS FURTHER ORDERED that, if the City does not implement the revised policy by the above deadline, then the Compliance Director shall invoke his authority to direct its implementation. There can be no doubt that this falls within the Compliance Director's authority, which extends to "policies, procedures, and practices that are related to the objectives of the NSA," the "overall objective" of which is "to enhance the ability of the Oakland Police Department . . . to protect the lives, rights, dignity and property of the community it serves." Dec. 12, 2012 Order at 6; NSA at 1. The Court can think of nothing that goes more to the heart of protecting lives than a policy that requires the Department to consider whether loss of life could have been avoided. To reject the proposed changes would indicate that the only important issue following a use of force is whether an officer should be disciplined because the force fell outside of department policy, and that it is unimportant to evaluate whether deadly force could have been prevented and, as a result, one or more lives saved. Indeed, the City itself appears to understand the importance of the proposed policy changes. Following the tragic deaths of four officers in March 2009, the City evaluated the totality of the circumstances, including whether different tactical or strategic choices might have saved the officers' lives. To treat fatal officer-involved shootings any differently would imply that police officers' lives

somehow matter more than civilian lives – a message that the Court hopes neither the City nor the union intends to send.

**IT IS SO ORDERED.**

Dated:   12/11/15

_____
THELTON E. HENDERSON
United States District Judge