UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 00-cv-04599-TEH<br><br>**ORDER RE-ENGAGING COURT INVESTIGATOR** |

On April 16, 2015, the Court Investigator issued a report that this Court characterized as "both disappointing and shocking. After reviewing the report, it is difficult to reach any conclusion other than that the City has been indifferent, at best, to whether its disciplinary decisions are upheld at arbitration." Apr. 20, 2015 Order re: Investigator's Rep. on Arbitrations at 2-3. As the Court explained, "there are many steps the Department and the City can take to improve the manner in which discipline cases are prepared both internally and for arbitration. It is difficult to imagine how, absent these steps, the goals of accountability and fair and consistent discipline – two of the foundations of the NSA [Negotiated Settlement Agreement] – will ever be achieved." *Id.* at 5.

The Court ordered the City to file a report by September 1, 2015, and subsequently ordered the City to file quarterly reports, discussing the City's progress on improving its disciplinary system. The City states in its filings that the vast majority of the recommendations in the Court Investigator's report have been implemented and that the remaining recommendations are scheduled for implementation. However, in many instances, the descriptions of the steps the City has taken do not reflect full and sustainable implementation. Most concerning is that the City apparently believes that having the Mayor and City Administrator attend parties' meetings in this case, and having the Mayor and City Council receive updates on the City's compliance efforts, are sufficient to satisfy the recommendation that the City establish sustainable accountability procedures that will

outlive this litigation. *See* Sept. 2015 Progress Report at 13. This response falls far short of the accountability that is so fundamental to this case.

Likewise, the City appears to characterize all six arbitrations discussed in the December report as victories, despite the discipline in one case being reduced from termination to a 30-day suspension – a reversal that resulted in the reinstatement of an officer whom the City believes is unfit to police its community. While the City clearly stated that there was a reduction in discipline, it emphasized the arbitrator's agreement with its decision to impose some level of discipline, and not the arbitrator's drastic reversal of what level of discipline to impose. Moreover, while the City expressed disappointment in the outcome, it has not identified any steps it has taken to try to avoid similar outcomes in the future.

The Court's concerns about accountability and sustainability – issues that the Court has repeatedly emphasized – are underscored by the Monitor's two most recent reports, both of which noted that, "[w]hile the majority of the [internal affairs] cases we reviewed comported with NSA requirements and OPD policy, the exceptions noted in our relatively small sample should serve as a caution against complacency." Dec. 2015 Monitor's Rep. at 10; Jan. 2016 Monitor's Rep. at 10. In one case, the Monitor found an "obvious reluctance to assign a sustained finding" when the investigator apparently ignored a video recording. Jan. 2016 Monitor's Rep. at 10. The Monitor previously commented on an investigator's "incredible display of semantics gymnastics" in reaching an unfounded finding in a different case, where "the investigation clearly substantiated the allegation." Dec. 2015 Monitor's Rep. at 9. In yet another case, the Monitor found that "a supervisor involved in the incident conducted the investigation," in clear violation of the NSA's provision – supported by common sense – that an investigator must be removed from an investigation if he or she "was directly involved in the incident being investigated." *Id.* at 9-10. That these issues occurred while the City and Department are still being monitored raises concerns as to what will happen when the Court and Plaintiffs' counsel are no longer holding them accountable.

Given this context, the Court finds good cause to re-engage the services of the Court Investigator to examine whether the City has implemented and is making sustainable progress on the recommendations in the Court Investigator's April 16, 2015 report. In doing so, he shall consult with Plaintiffs' counsel and other stakeholders. He shall file a report on or before **March 7, 2016**, to give the City time to incorporate any recommendations in its report due by March 31, 2016. The cost of the Court Investigator's services shall continue to be paid by Defendants through the Court registry.

**IT IS SO ORDERED.**

Dated:   01/26/16                                  _____
                                                   THELTON E. HENDERSON
                                                   United States District Judge