UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF OAKLAND, et al.,<br><br>  Defendants. | Case No. 00-cv-04599-TEH<br><br>**ORDER RE: COMPENSATION OF MONITOR AND COMPLIANCE DIRECTOR** |

Earlier this week, the Oakland City Council refused to approve the annual renewal of the Monitor's and Compliance Director's contracts. Rather than approve a one-year extension, the Council approved only a two-month extension. This is untenable.

As the Court has repeatedly reminded the City, the Monitor and Compliance Director are appointed by and derive their authority from the Court, not from any contractual arrangement with the City. One example of this can be found in the Court's April 10, 2013 order, which clarified that which should have needed no clarification:

> To avoid any ambiguity, the Court makes explicit that which should have been clear from the outset: The scope of the Monitor's work is governed by this Court and not by the Monitor's contract with the City. If the City contends that it cannot pay the Monitor for any work ordered or directed by this Court that may go beyond the contract, then the City shall immediately notify the Court so that the Court can arrange for payment of the Monitor's reasonable fees and expenses through the Court's registry.

Apr. 10, 2013 Order at 2 n.1. *See also, e.g.*, Dec. 12, 2012 Order at 3 ("The Court expects the City to reach a prompt compensation agreement with the Compliance Director upon appointment. If an agreement or any payment is unduly delayed, the Court will order the City to pay the Compliance Director, as well as the Monitor, through the Court's registry."); Mar. 4, 2013 Order at 2 ("find[ing] it prudent to have the Compliance Director's salary paid through the Court" and ordering the City to deposit sufficient funds to cover the first year of the Compliance Director's salary).

The Monitor and current Compliance Director have previously reached contractual agreements with the City – albeit not always without delay – but such agreements are not required for their compensation.  To avoid further delays, and to ensure the continuity of court oversight, the Court now orders that the Monitor and Compliance Director shall both be paid through the Court registry.

Accordingly, IT IS HEREBY ORDERED that the City shall deposit $100,000 into the Court registry on or before **February 1, 2017**.  Within fourteen calendar days of the entry of each order approving payment to the Monitor or Compliance Director, the City shall deposit the full amount paid by the order such that the funds on deposit are replenished to $100,000.  When both the Monitor's and Compliance Director's services are terminated, the Clerk shall disburse to the City the balance of funds on deposit in the registry, including any earned interest.

Finally, the Court notes that the timing of the City's defiance is somewhat suspicious, coming a week after the undersigned announced that he will be taking inactive status later this year.  Defendants are reminded that the Court's announcement does not diminish its authority, and Defendants remain obligated to achieve substantial, sustainable compliance as a prerequisite to ending court oversight.

**IT IS SO ORDERED.**

Dated:   01/19/17

THELTON E. HENDERSON
United States District Judge