UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No. 00-cv-04599-TEH<br><br>**ORDER RE: PRODUCTION OF DOCUMENTS AND DISCLOSURE OF ORAL COMMUNICATIONS TO COURT INVESTIGATOR** |

On March 23, 2016, the Court directed the Compliance Director to "use his authority to ensure that [Internal Affairs Case No. 15-0771] and any related matters are properly and timely investigated, and that all appropriate follow-up actions are taken." Mar. 23, 2016 Order at 1 (ECF No. 1089). The Compliance Director has engaged Edward Swanson to conduct an investigation of the City's handling of IA Case No. 15-0771. To facilitate the Court-ordered investigation while also addressing the Oakland City Attorney's concerns over privilege and work-product protection, the Court enters the following order:

1. Notwithstanding any contrary provisions in the Negotiated Settlement Agreement concerning the Monitor's access to privileged or protected information, Mr. Swanson, in his role assisting the Compliance Director for purposes of this investigation, may review such privileged or protected information under the conditions set forth in this order.

2. The City, including the City Attorney's Office, shall produce to Mr. Swanson for his review all documents and disclose all oral communications that it might otherwise withhold in whole or in part on the grounds of attorney-client privilege or work-product protection.

3. In connection with the City's production of documents, the City Attorney's Office shall also produce a privilege log indicating which documents it believes are protected by the attorney-client privilege or work-product doctrine.

4. The City's production of the documents and disclosure of oral communications subject to the terms of this order shall not be construed as a waiver of the attorney-client privilege or work-product protection in this or any other matter.

5. Mr. Swanson and the Compliance Director each may not disclose or share any documents produced or oral communications disclosed pursuant to this order, or any of the information in such documents, with anyone other than individuals employed by Mr. Swanson or the Compliance Director to investigate the issues set forth in the Court's March 23, 2016 Order.

6. Before including in a report or otherwise referencing in any way or disclosing to any third party a document identified by the City Attorney's Office as potentially privileged or protected, or an oral communication between an attorney for the City and an employee or officer of the City, Mr. Swanson, in the case of any report he submits to the Court, and the Compliance Director, in the case of any report he submits to the Court, must first meet and confer with the City Attorney's Office or its designated representatives. If Mr. Swanson or the Compliance Director and the City Attorney's Office are unable to resolve any disputes as to whether such documents or oral communications are properly withheld on attorney-client privilege or work-product protection grounds, Mr. Swanson or the Compliance Director and the City of Oakland shall bring the matter to the Court's attention. The Court or a magistrate judge will rule on the applicability of the privilege or protection at issue as well as whether the document or oral communication may be referenced in any report prepared by Mr. Swanson or the Compliance Director after giving the City Attorney's Office an opportunity to fully brief the matter and, if necessary, a hearing.

7. None of the documents or oral communications produced or disclosed pursuant to this order may be used for any purpose other than for purposes of

Mr. Swanson's investigation regarding the issues set forth in the Court's March 23, 2016 Order.

8. After Mr. Swanson has finalized and filed his report with the Court, all copies of documents produced pursuant to this order, including all abstracts, compilations, summaries, and any other format reproducing or capturing any of the documents produced pursuant to this order, will be returned to the City Attorney's Office or destroyed.

**IT IS SO ORDERED.**

Dated:   02/14/17                                   _____
                                                    THELTON E. HENDERSON
                                                    United States District Judge