BARBARA J. PARKER, City Attorney, SBN 069722
MARIA BEE, Chief Assistant City Attorney, SBN 167716
RYAN G. RICHARDSON, Special Counsel, SBN 223548
KIMBERLY A. BLISS, Supervising Deputy City Attorney, SBN 207857
JAMILAH A. JEFFERSON, Senior Deputy City Attorney, SBN 219027
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone:   (510) 238-7686;  Facsimile:   (510) 238-6500
Email: jjefferson@oaklandcityattorney.org
R20752/2599452

Attorneys for Defendant
CITY OF OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF OAKLAND, et al.,<br><br>　　　　Defendants. | Case No. C 00-4599 WHO<br><br>**DEFENDANT CITY OF OAKLAND'S <u>NOVEMBER 16, 2018 STATUS REPORT</u> PURSUANT TO OCTOBER 2, 2017 MINUTE ENTRY ORDER REQUIRING COMBINED STATUS REPORTS** |

Defendant City of Oakland ("City") files the attached combined status report pursuant to the Court's October 2, 2017 Minute Entry Order requiring the City to file a combined status report regarding:

(1) OPD's progress on the Swanson Report recommendations;

(2) additional commitments related to the Critical Incident Review and policy and training improvements; and

(3) the status of Arbitrations and Retaliation Investigations.

There are three attachments to the status report. **Attachment A** combines the status of arbitrations, OPD's progress on the Swanson Report recommendations and additional commitments related to the Critical Incident Review. **Attachments B and C** outline the status of retaliation investigations and incorporates public and sealed documents.

Dated: November 16, 2018

> BARBARA J. PARKER, City Attorney
> MARIA BEE, Chief Assistant City Attorney
> RYAN G. RICHARDSON, Special Counsel
> KIMBERLY A. BLISS, Deputy City Attorney
> JAMILAH A. JEFFERSON, Senior Deputy City Attorney
>
> By:   /s/ Barbara J. Parker
> Attorneys for Defendants
> CITY OF OAKLAND, et al

# ATTACHMENT A

# CITY OF OAKLAND

ONE FRANK H. OGAWA PLAZA 6TH FLOOR • OAKLAND, CALIFORNIA 94612

Office of the City Attorney
Barbara J. Parker
City Attorney

(510) 238-3601
FAX: (510) 238-6500
TTY: (510) 238-3254

November 16, 2018

### *DELPHINE ALLEN v. CITY OF OAKLAND*, et al.

### PROGRESS REPORT NO. 12

This is the City's twelfth Progress Report, and as further described below, the City is pleased to report full implementation of the Court Investigator's June 21, 2017 recommendations.

The Court ordered that the City provide quarterly Progress Reports, beginning on December 31, 2015. This report addresses: 1) the City's police-related arbitration decisions; 2) the Department's progress in updating its Policy Manual (based on the Court Investigator's April 2015 recommendation); 3) the Department's progress in implementing the one remaining recommendation in the Court Investigator's March 21, 2016 report; and 4) the City's full implementation of the recommendations in the Court Investigator's June 21, 2017 report.[1]

### I. Arbitration Decisions Since May 2018 Progress Report

| GRIEVANT & VIOLATION | CITY'S DISCIPLINE | ARBITRATOR'S DECISION | OUTCOME | DECISION DATE |
|---|---|---|---|---|
| Officer A Performance of Duty | 1-day Suspension | Upheld City's finding and discipline | 1-day Suspension | 5-31-2018 |

---

[1] As noted in the City's last Progress Report, the other self-identified improvements (including, but not limited to, creation of a Cultural Working Group, individual personal development plans for those involved in the CID and IAD investigations related to the 2016 sexual misconduct scandal, and increased Departmental supervisor and leadership training) have been implemented and are ongoing.

## II. <u>OPD Policy Manual</u>

The one outstanding item from the Court Investigator's April 2015 report is the recommendation that OPD, in consultation with OCA, address outdated rules and policies. As noted in the last Progress Report, OPD recently ended its contract with Lexipol—a company that provides state-specific policy manuals—because Lexipol's draft policies generally required extensive research and editing to conform them to local law, NSA requirements and OPD's best practices as developed in coordination with the IMT and Plaintiffs' counsel. Accordingly, OPD has converted the Lexipol policies back to "General Orders" and is continuing its work updating its numerous polices. OPD continues to focus on its NSA-related policies, and provides them to Plaintiffs' counsel for review and comment and to the City Attorney's Office and Independent Monitoring Team for approval.

## III. <u>Implementation of March 2016 Recommendations</u>

The City has implemented 13 of the 14 March 2016 recommendations. The remaining recommendation was for the Civilian Manager in IAD to develop institutional memory within IAD, potentially through the development of a comprehensive IAD manual.[2] An initial draft of an IAD Manual was completed and underwent an in-depth review process by IAD, the Monitoring Team and the City Attorney's Office. IAD, OPD's Research and Planning Unit and the City Attorney's office are making additional changes based on recent changes to state law, and are still awaiting a California Supreme Court decision regarding the application of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974) governing IAD's handling and disclosure of police personnel files in criminal proceedings.[3]

Under recent amendments to the City's Charter establishing a civilian Police Commission, the Manual must also be submitted to the Police Commission for approval.[4]

---

[2] IAD has written policies and procedures governing its various responsibilities (complaints, investigations, findings, *Pitchess*, etc.), all of which have been adopted or improved during the pendency of the NSA, and which still are in effect. The Manual is meant to update and consolidate those policies into a single, comprehensive document.

[3] One function of IAD is to respond to *Brady* requests in criminal cases and *Pitchess* motions in both criminal and civil proceedings. In 2017, a California Appellate Court ruled that the long-standing practice of California law enforcement agencies confirming to the District Attorney whether an officer is on the *Brady* list and (in some cases) providing summary information regarding the underlying *Brady* material violates state law. *See Association for Los Angeles Deputy Sheriffs v. Superior Court*, 13 Cal.App.5th 413 (2017). The California Supreme Court has granted review; the case is fully briefed and still pending assignment of a hearing date.

[4] *See* The Charter of the City Oakland, Article VI, Section 604(b)(5), empowering the Commission to "Approve or reject the Department's proposed changes to all policies, procedures, customs, and General Orders of the Department which govern use of force, use of force review boards, profiling based on any of the protected characteristics identified by federal, state, or local law, or First Amendment assemblies, or which contain elements expressly listed in federal court orders or federal court settlements which pertain to the Department and are in effect at the time this Charter Section 604 takes effect for so long as such federal court orders and settlement remain in effect."

<u>Projected Time Frame for Completion and Submission to City's Police Commission</u>: February 2018

## IV. Implementation of June 2017 Recommendations

The June 21, 2017 Swanson Report included nine recommendations, all of which have now have been implemented. At the time of the City's last Progress Report, seven recommendations, as well as some self-identified improvements, remained to be implemented through proposed changes to two separate written policies—Policy 611/General Order M-4.1 ("Criminal Investigation of Members of the Department and Sworn Law Enforcement Personnel") and Training Bulletin V-T.1 (Internal Investigation Procedures) (the "Proposed Policies").[5] The Proposed Policies were reviewed and approved by the OPD command staff, the City Attorney's Office, Plaintiffs' counsel, the Independent Monitoring Team, and the Oakland Police Officer's Association ("OPOA"), and have now received final sign off from the City's civilian Police Commission.

General Order M-4.1 has been published to all Department Members with a training and quiz through the OPD's document management system (Power DMS). In addition, all personnel assigned to CID received in-person training on Policy 611, and all IAD staff were trained on implementation of TB V-T.1. All that remains is inclusion of these new policies in the Academy and Continuous Professional Training curricula going forward, which will be done for all future Academies and the next rounds of CPT training.

Accordingly, the June 21, 2017 Swanson recommendations have been fully implemented.

Barbara J. Parker
City Attorney

Anne Kirkpatrick
Chief of Police

2596874v1

---

[5] Given the Department's recent conversion from Lexipol back to General Orders, Policy 611 was retitled and renumbered as General Order M-4.1 before publication.

# ATTACHMENT B

# C I T Y  OF  OA K LA N D

## Memorandum

TO:     IMT
FROM:   Oakland Police Department
DATE:   13 Nov 2108
RE:     Bi-Annual Progress Report and Actions Taken Regarding Retaliation Cases

---

The following is an updated status of the current Oakland Police Department's Internal Affairs Division's Investigations as it pertains to allegations of retaliation for the period of 23 May 18 through 13 Nov 18.

- **17-0732:** A retaliation claim filed with the Equal Employment Opportunity Commission (EEOC) by a complainant who applied for the position of a Police Officer Trainee (POT) with the City of Oakland, Oakland Police Department. The complainant alleged a Sergeant retaliated against applicant in relation to applicant's employment application.

    *Action Taken:* The Internal Affairs investigation completed the investigation with an unfounded finding.

- **18-0968:** A retaliation allegation discovered during the review of an on-duty injury claim. The review prompted an Internal Affairs Investigation, and the EEOC was made aware of the allegation. The EEOC is conducting their investigation. The complainant is a Neighborhood Services Coordinator (NSC) and alleged a civilian supervisor, retaliated against because of the complainant's engagement in protected activity.

    *Action Taken:* The Internal Affairs investigation is open and ongoing.

Sekou Millington
Captain of Police
Internal Affairs Division
Oakland Police Department

# ATTACHMENT C

# DOCUMENT FILED UNDER SEAL ON, November 16, 2018 (DKT. NO. 1223)