# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## CIVIL MINUTES

| **Date:** February 22, 2021 | **Time:** 1 hr, 17 mins<br>3:00 p.m. to 4:17 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 00-cv-04599-WHO | **Case Name:** Allen, et al v. City of Oakland, et al | |

**Attorneys for Plaintiffs:**     James Chanin and John L. Burris

**Attorneys for Defendants:**   Brigid Martin and Barbara J. Parker

**Attorney for Intervener:**      Rockne A. Lucia, Jr.

**Deputy Clerk:** Jean Davis                                                **Court Reporter:** Katherine Sullivan

## PROCEEDINGS

Status conference conducted via videoconference. The court congratulates Chief Armstrong on his recent appointment and expresses hope and confidence that he will conduct his duties with integrity and courage and will lead the department to full compliance with the NSA benchmarks. The court identifies five priorities:

1.   Reduce racial disparities in vehicle, pedestrian, and bicycle stops, with continued use of intelligence-led policing.
2.   Implement Vision and its associated dashboards in a technologically straightforward way so that the tools are used effectively in the risk management process.
3.   Recruit officers who reflect the diversity of Oakland in all of its forms.
4.   Ensure that all uses of force and instances of potential misconduct are accurately reported and rigorously investigated within set timeliness standards.
5.   Ensure that disciplinary decisions and the disciplinary process are fair and equitable.

The court also focused on the virus of racism and misogyny within OPD that is exemplified by the social media posts now being investigated by Internal Affairs, which needs to be uprooted if lasting compliance with the NSA is to be achieved.

The court asks questions of the following individuals:

**Chief LeRonne Armstrong,** who is asked about plans to ensure the equitable treatment of citizens and officers, the Data Manager role, revision of policies related to risk management meetings, and policies the court ordered be implemented by the date of the CMC.  The court

directs that Chief Armstrong file a report in **90 days** informing the court of the status of the development of the risk management policies and a report by **April 8, 2021**, concerning the implementation of the six policies recommended by the Monitor arising out of the Pawlik shooting.

**Assistant Chief Darren Allison,** who is asked about the continued disparities in the use of force statistics, the substantial increase of Level 4 uses of force between 2019 and 2020, the continued lack of uniform compliance with the use of body cameras, new policies to make risk management meetings more useful for the Area personnel who attend the meetings, and the timeliness of the use of force review board proceedings.

**Captain Wilson Lau,** who is asked about timeliness of IAD investigations.

**Mayor Libby Schaaf,** who is asked for her perspective concerning the deep-seated cultural issues that have hampered the Oakland Police Department in overcoming racism, misogyny, and corruption. Mayor Schaaf condemns that culture in strong terms and speaks to the City's commitment to equity issues.

Mr. Lucia is asked about the OPOA's response to the recently revealed racist and misogynistic Instagram communications by officers. The court recognizes the verbal support of compliance efforts and urges full partnership with OPD and City leadership in rooting out members who do not respect all of the people they serve and fail to treat them equally.

Mr. Chanin and Mr. Burris heard on behalf of plaintiffs.

Ms. Martin heard on behalf of defendants.

**Chief Armstrong** speaks about his goals and commitment to constitutional policing.

**Further Case Management Conference set for August 24, 2021 at 3:00 p.m.**