RACHEL LEDERMAN, SBN 130192
Alexsis C. Beach & Rachel Lederman, Attorneys
P.O. Box 40339
San Francisco, CA 94140-0339
(415) 282-9300; fax (510) 590-9296
rachel@bllaw.info

R. MICHAEL FLYNN, SBN 258732
Flynn Law Office
1720 Broadway, Suite 430
Mail To: P.O. Box 70973
Oakland, California 94612
Phone: (510) 893-3226, fax: (866) 728-7879
michael@flo-law.com

Attorneys for plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br>Plaintiffs,<br>v.<br>CITY OF OAKLAND, et al.,<br>Defendants. | MASTER FILE No. C-00-4599-WHO<br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br>**(Civ. L.R. 3-12)** |
| COLES, et al.,<br>Plaintiffs,<br>v.<br>CITY OF OAKLAND, et al.,<br>Defendants. | No. C03-2961-TEH |
| ILWU Local 10, et al.,<br>Plaintiffs,<br>v.<br>CITY OF OAKLAND, et al.,<br>Defendants. | No. C03-2962-TEH |
| SPALDING, et al.,<br>Plaintiffs,<br>v.<br>CITY OF OAKLAND, et al.,<br>Defendants. | No. C11-02867-TEH |

| | |
|---|---|
| CAMPBELL, et al.,<br>Plaintiffs,<br>v.<br>CITY OF OAKLAND, et al.,<br>Defendants. | No. C11-05498-JST |
| ANTI POLICE-TERROR PROJECT, et al.<br>Plaintiffs,<br>v.<br>CITY OF OAKLAND, et al.<br>Defendants. | No. C20-3866-JCS |
| JASMINE GAFFETT, et al.,<br>Plaintiffs,<br>v.<br>CITY OF OAKLAND, et al.<br>Defendants. | No. 3:21-cv-02881-TSH |

Plaintiffs JASMINE GAFFETT, et al., hereby notice the Court and all parties in each of the related matters identified herein, and moves the Court to consider whether any of the identified cases should be related. Civ. L.R. 3-12. This case involves the Oakland Police Department's repeated violation of federal court settlement orders in a series of lawsuits over the last 18 years. In each case, Oakland and OPD have agreed to prohibit its police from using dangerous impact munitions for crowd control, yet each time Court jurisdiction to enforce the prior orders expires, the Oakland Police violate their agreement, causing serious, even life threatening injuries, and necessitating additional lawsuits. Plaintiffs bring this related case motion in compliance with L.R. 3-12(b), by "promptly fil[ing] in the lowest-numbered case"—here *Delphine Allen, et al. v. City of Oakland,* No. C-00-4599-WHO, and the series of subsequent related cases.

The *Gaffett* action concerns substantially overlapping subject matter and questions of law as each of the above-captioned cases. *Delphine Allen* was the earliest filed case, and *Coles*, *Local 10*, and *Spalding* were each related to *Delphine Allen* by order of Judge Henderson. At the heart of the *Gaffett*, *Spalding*, and *Campbell* cases is the plaintiffs' claim that the OPD actions violated the OPD Crowd Control and Crowd Management Policy ("Crowd Control Policy") that was adopted in settlement of *Coles* and *Local 10*, and that these violations of the Policy and of protestors' constitutional rights have been condoned and ratified by the top officials of the City and the OPD.

*Coles* and *Local 10* arose from OPD shooting more than 50 demonstrators and longshoremen with wooden bullets and other "less lethal" munitions during a peaceful antiwar picket in 2003. On December 24, 2004, Judge Henderson approved a settlement in those cases, incorporating into the court's order the Crowd Control Policy, which the parties (including undersigned counsel) had jointly written during eight months of negotiations. This detailed and comprehensive Crowd Control Policy, *inter alia*, prohibits the Oakland Police from using "less lethal" impact munitions for crowd control, and requires warnings and opportunity to disperse before carrying out mass arrests. Judge Henderson's settlement order required all members of OPD to be trained on the Policy on an ongoing basis. Judge Henderson retained jurisdiction to enforce the settlement for three years; the order and agreement between the parties remains in full force and effect.

However, in 2010, the Oakland Police, acting jointly with its mutual aid partner Alameda County Sheriff's Office (ACSO), violated the *Coles / Local 10* settlement agreement and Crowd Control Policy by arresting 150 demonstrators without warnings or

opportunity to disperse. The demonstrators sued Oakland and Alameda County to enforce the Policy in the *Spalding* class action.

While the *Spalding* matter was still pending, in 2011, the Oakland Police, again aided by the ACSO, violated the *Coles / Local 10* settlement agreement again, this time by shooting a large number of peaceful demonstrators with various "less lethal" impact munitions, *in the exact manner prohibited by the Crowd Control Policy*. Numerous people were injured. Veteran Scott Olsen was shot in the head, his skull shattered, and sustained permanent brain damage. Mr. Olsen lay on the ground bleeding from the head right in front of a line of dozens of Oakland Police Officers, yet not one officer came to his aid or reported the incident, even when an OPD officer threw an explosive grenade at Mr. Olsen and Good Samaritans who were trying to help him as he lay critically injured on the pavement. Demonstrators had to file another lawsuit to enforce the Policy, *Campbell et al.*

Judge Henderson declined to relate the *Campbell* case, but the City of Oakland and the *Spalding* and *Campbell* plaintiffs entered into companion settlements in 2013, strengthening and re-affirming the Crowd Control Policy. Both Judge Henderson and Judge Tigar retained jurisdiction to enforce the settlement for a four year period that ended in the fall of 2017.

During that four-year period, undersigned plaintiffs' counsel had numerous further meet and confer sessions with OPD and the City to discuss OPD's response to ongoing demonstrations, and clarify aspects of the Crowd Control Policy. Undersigned counsel participated in crowd control trainings for all OPD commanders, sergeants and tactical

team members, to explain and guide police on how effective and good faith implementation of OPD's Crowd Control Policy would avoid harm to demonstrators and police and liability to the City, and be more effective for public safety. The Crowd Control Policy as revised in the *Spalding / Campbell* settlement requires OPD to brief mutual aid agencies like ACSO on the Policy, and ensure that agencies such as ACSO follow the Policy when providing mutual aid in Oakland.

In anticipation of large demonstrations in Oakland following the killing of George Floyd, undersigned counsel contacted Oakland Police and City officials on May 29, 2020, reminding them of their obligations under the federal court settlements in *Spalding*, *Campbell*, and *Coles/ Local 10*, and the Crowd Control Policy. However, that very same night, OPD and ACSO again engaged in widescale Crowd Control Policy violations, including but not limited to, shooting and injuring large numbers of demonstrators with "less lethal" impact munitions.

The most recent case, *Gaffett*, arises from the May 29-June 1 George Floyd demonstrations, and again seeks to enforce the OPD Crowd Control Policy and the prior federal court settlement orders in *Coles, Local 10*, *Spalding*, and *Campbell*, as well as to similarly restrict ACSO's use of dangerous munitions. *Anti-Police Terror Project* also concerns these same protests and also challenges law enforcement's use of impact munitions and other dangerous weapons there. Judge Spero has issued a preliminary injunction in the *Anti-Police Terror Project* case. However, Alameda County is not a party in *Anti-Police Terror Project*.

The *Gaffett, Anti-Police Terror Project, Campbell, Spalding, Coles* and *Local 10* plaintiffs all contend that OPD's use of force and unlawful arrests, which violated the Crowd Control Policy, prior settlement orders and the plaintiffs' constitutional rights, have been condoned and ratified by the top officials of the City and the OPD, and seek injunctive relief to bring a halt to these practices.  The *Delphine Allen* action resulted from a repeated pattern and practice of egregious civil rights violations by OPD officers which were authorized, ratified, and/or encouraged by high ranking OPD supervisors. The parties in the *Delphine Allen* action reached a Negotiated Settlement Agreement that requires substantial reforms and is subject to the continuing supervision of Judge Orrick (since Judge Henderson's retirement) and the court-appointed Monitor. The settlement agreement includes remedial action relevant to the *Gaffett* case, including, the training, control, supervision and discipline of OPD Officers with respect to use of force and revisions of OPD policy with respect to reports, investigations and discipline. These reforms are still in the process of being implemented due to repeated setbacks, similar to those recounted above with regard to the Crowd Control Policy.

As in all the aforementioned cases, the *Gaffett* plaintiffs claim that the City of Oakland and its police officers have engaged in a pattern and practice of misconduct that was encouraged, authorized and/or condoned by high-ranking City of Oakland officials and/or police department managers and supervisors.  Plaintiffs are seeking remedial relief to enforce the Policy and to protect constitutional rights with regard to policing of demonstrations and crowd events by members of the OPD and ACSO.  Unless these cases are related, there is the substantial likelihood that there would not only be a

significant duplication of effort, waste of judicial resources and unnecessary expense, but there would also be the possibility of inconsistent results which could adversely impact the reforms agreed to, and still to be fully implemented, by the City of Oakland in the *Delphine Allen* action, as well as the reforms agreed to, and now being violated, in the *Coles*, *Local 10, Spalding,* and *Campbell* actions.

Therefore, plaintiffs respectfully submit that the instant case should be related to the *Delphine Allen* action (currently before Judge Orrick) and the cases previously related thereto, *Coles, Local 10,* and *Spalding*; alternatively, to the *Anti-Police Terror Project* action (Judge Spero), or to the *Campbell* action (Judge Tigar).

Dated: April 26, 2021          Respectfully submitted,
                               /S/ *Rachel Lederman*
                               Alexsis C. Beach & Rachel Lederman, Attorneys
                               Flynn Law Office
                               Attorneys for plaintiffs