1  BARBARA J. PARKER, City Attorney, CABN 069722
   RYAN RICHARDSON, Special Counsel, CABN 223548
2  KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney, CABN 251477
   BRIGID S. MARTIN, Special Counsel, CABN 231705
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California 94612
4  Telephone: (510) 238-3601
   Facsimile: (510) 238-6500
5  Email:  BMartin@oaklandcityattorney.org

6  Attorneys for Defendant, CITY OF OAKLAND

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

| | | |
|---|---|---|
| 12 | DELPHINE ALLEN, et al., | No. 00-cv-04599 WHO |
| 13 | Plaintiffs, | **DEFENDANT CITY OF OAKLAND'S RESPONSE TO MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED IN SUPPORT OF RELATING CASE NO. 21-cv-02881 TSH TO CASE NO. 20-cv-03866 JCS** |
| 14 | v. | |
| 15 | CITY OF OAKLAND, et al., | |
| 16 | Defendants. | |
| 17 | COLES, et al., | No. 03-cv-02961 TEH |
| 18 | Plaintiffs, | |
| 19 | v. | |
| 20 | CITY OF OAKLAND, et al., | |
| 21 | Defendants. | |
| 22 | ILWU Local 10, et al., | No. 03-cv-02962 TEH |
| 23 | Plaintiffs, | |
| 24 | v. | |
| 25 | CITY OF OAKLAND, et al., | |
| 26 | Defendants. | |
| 27 | SPALDING, et al., | No. 11-cv-02867 TEH |
| 28 | Plaintiffs, | |

| | | |
|---|---|---|
| v. | ) | |
| CITY OF OAKLAND, et al., | ) | |
| Defendants. | ) | |
| CAMPBELL, et al. | ) | No. 11-cv-05498 JST |
| Plaintiffs, | ) | |
| v. | ) | |
| CITY OF OAKLAND, et al., | ) | |
| Defendants. | ) | |
| ANTI POLICE-TERROR PROJECT, et al., | ) | No. 20-cv-03866 JCS |
| Plaintiffs, | ) | |
| v. | ) | |
| CITY OF OAKLAND, et al., | ) | |
| Defendants. | ) | |
| GAFFETT, et al., | ) | No. 21-cv-02881 TSH |
| Plaintiffs, | ) | |
| v. | ) | |
| CITY OF OAKLAND, et al., | ) | |
| Defendants. | ) | |

Plaintiffs in *Gaffett v. City of Oakland, et al.*, C-21-02881 TSH ask the Court to consider pursuant to Civil Local Rule 3-12 whether *Gaffett* is related to the six other above-captioned cases. For the reasons set forth herein, the City supports relating *Gaffett* to *Anti Police-Terror Project, et al., v. City of Oakland, et al.,* C-20-03866 JCS. The City opposes relating *Gaffett* to the remaining five captioned cases.

Cases are related when (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the

cases are conducted before different Judges. L.R. 3-12. *Gaffett* and *Anti Police-Terror Project (APTP)* meet this definition of related cases.

*Gaffett* and *APTP* are both cases brought by protestors challenging the Oakland Police Department's (OPD) handling of protests and demonstrations in Oakland between May 29, 2020, and June 1, 2020. *Gaffett* also alleges claims against the Alameda County Sheriff's Office (ACSO) for conduct in Oakland during the same time period, while *APTP* alleges that OPD "call[ed] on its mutual aid network of police municipalities to further carry out its constitutionally improper tactics." C-20-03866 JCS, Dkt. 71, Am. Compl., ¶8. ACSO provided mutual aid to OPD on each date between May 29 and June 1, 2020. C-20-03866 JCS, Dkt. 36-1, Allison Decl., ¶11. Thus, OPD and ACSO conduct over a single four-day period in the same location during the same events is at the heart of both cases.

In addition, both *Gaffett* and *APTP* purport to be class actions and seek class certification. *Gaffett* defines its putative class as "as all persons who have in the past participated, presently are participating, or may in the future participate in, or be present at, demonstrations and crowd events within the City of Oakland in the exercise of their rights of free speech, assembly, association, petition, and of the press." C-21-02881 TSH, Dkt. 6, Compl., ¶89. *APTP* seeks to represent "[a]ll demonstrators who participated and/or intended to participate in the protests beginning on May 29, 2020 in Oakland." C-20-03866 JCS, Dkt. 71, Am. Compl., ¶ 128. Thus, *APTP* putative class members would necessarily also be *Gaffett* class members.

Finally, plaintiffs in both *Gaffett* and *APTP* seek the same type of injunctive relief prohibiting OPD and ACSO from using certain force or tools in responding to crowds in Oakland. *Gaffett* seeks "injunctive relief in the form of an order prohibiting OPD and ACSO from using chemical weapons, explosive grenades, and impact munitions in crowds." C-21-02881 TSH, Dkt. 6, Compl., ¶14. The Court in

*APTP* has already issued a preliminary injunction limiting OPD's uses of force and weapons, and imposing special rules for OPD's requests for and employment of mutual aid resources for protests and demonstrations. C-20-03866 JCS, Dkt. 82, Am. Preliminary Injunction (Oct. 28, 2020).

The June 18, 2020 Temporary Restraining Order (Dkt. 34), July 29, 2020 Preliminary Injunction (Dkt. 52), and October 28, 2020 Amended Preliminary Injunction (Dkt. 82) all issued in *APTP* in the last year reflect a substantial amount of work by the Honorable Joseph C. Spero, issuing each order following significant litigation. Having a different judge now embark on what would be substantially the same inquiry and possibly issue a parallel or overlapping injunction would be an unduly burdensome duplication of labor and could result in conflicting orders and confusion. It makes the most sense to have a single injunction or set of injunctions emanate from a single judge to avoid unduly burdening judicial resources and to ensure consistency and clarity in injunctive orders.

Similarly, relating *Gaffett* to the other above-captioned cases filed prior to *APTP*—all of which are assigned to different Judges than the Judge in *APTP*—would also likely result in an unduly burdensome duplication of labor or conflicting results.

Accordingly, for the reasons set forth herein, the City of Oakland agrees that *Gaffett* and *APTP* are related pursuant to L.R. 3-12, and opposes relating *Gaffett* with the other above-captioned cases.

Respectfully submitted,

Dated: May 1, 2021

BARBARA J. PARKER, City Attorney
KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney
BRIGID S. MARTIN, Special Counsel

By: /s/ BRIGID MARTIN
Attorneys for Defendants
CITY OF OAKLAND