UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF OAKLAND, et al.,<br><br>　　　　Defendants. | Case No. 00-cv-04599-WHO<br><br>**ORDER FURTHER EXTENDING SUSTAINABILITY PERIOD AND RESETTING NEXT CASE MANAGEMENT CONFERENCE** |

According to the Joint Case Management Statement filed on September 19, 2023, there is general agreement amongst the parties on what work has been done and what work remains to bring the defendants into full compliance with the Negotiated Settlement Agreement (NSA). Accordingly, the September 26, 2023 Case Management Conference is VACATED and reset for January 9, 2024. The Joint Case Management Statement may be filed by January 4, 2024.

The City of Oakland has been in the sustainability period required by the NSA since June 1, 2022. Dkt. No. 1525. I extended the sustainability period in April 2023 because the City had not achieved full compliance. Dkt. No. 1585. The City and its partners remain in compliance with Tasks 2, 24 and 25, and appear to be making good progress in fully implementing NSA Tasks 5 and 45, but they are not done yet.

Significant work remains. In particular, the City must complete, publish and implement the policies identified on page 2 of the CMC Statement (Task 5). The Court expects publication can occur well before the end of the year, allowing the Monitoring Team sufficient time to review the Department's actual training on and implementation of those policies before the January 2024 CMC. The Court is also awaiting the publication of the City's response to the Supplemental Report Examining Failure to Accept or Refer Complaints (Task 45). As a result, the sustainability

period is continued through at least January 2024.

Until further notice:

1. The Monitor/Compliance Director and his team will continue to monitor Tasks 2, 5, 24, 25 and 45. While Tasks 24 and 25 have remained in compliance during the sustainability period, they are included given the close nexus between the failures of the IAD and the Command Staff as documented by the Clarence Dyer Cohen report and the use of force reporting and internal reviews covered by Tasks 24 and 25. The Monitoring Team will not be required to observe the Risk Management Meetings but may do so at its discretion. The slides prepared for those meetings and the stop data shall continue to be shared with the Monitoring Team. The Monitor/Compliance Director shall share with the Court and the Parties any concerns he might note relevant to stop data.

2. In addition to the Task assessments, the Monitoring Team will continue the following activities:

- Maintain regular contact with the Chief and other Department officials to discuss Department updates, personnel issues, high-profile cases, critical incidents, and other matters.
- Review and comment upon NSA-related Department policies.
- Review OIA's audit reports and provide feedback.
- Engage in other activities as the Monitor/Compliance Director deems necessary.

3. The Monitoring Team will conduct a site visit in November 2023 and issue a further report in December 2023. Absent extraordinary circumstances, the Monitor/Compliance Director need not assess compliance with Tasks other than those listed above.

4. The term of the sustainability period will be assessed at the January 2024 Case Management Conference.

The Court continues to appreciate the perspectives expressed by the plaintiffs, OPOA, Police Commission, the City and the Mayor in the recent Joint Case Management Statement and looks forward to the parties' constructive analysis of the remaining issues at the next Case Management Conference. The hearing shall be in person at 3:30 p.m. in my courtroom. The Joint

Statement is due no later than January 4, 2024.

**IT IS SO ORDERED.**

Dated: September 22, 2023



William H. Orrick
United States District Judge