BARBARA J. PARKER, City Attorney, CABN 69722
RYAN RICHARDSON, Special Counsel, CABN 223548
BRIGID S. MARTIN, Special Counsel, CABN 231705
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-3751
Facsimile: (510) 238-6500
Email:  BMartin@oaklandcityattorney.org

Attorneys for CITY OF OAKLAND

JOHN L. BURRIS, CABN 69888
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Street, Ste. 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

JAMES B. CHANIN, CABN 76043
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California 94705
Telephone: (510) 848-4752

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DELPHINE ALLEN, et al. | Case No. 00-cv-04599 WHO |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER BETWEEN THE CITY AND PLAINTIFFS' COUNSEL JAMES B. CHANIN AND JOHN L. BURRIS RE CONFIDENTIAL POLICE PERSONNEL RECORDS** |
| v. | |
| CITY OF OAKLAND, et al., | |
| Defendant(s). | |

1.     **PURPOSES AND LIMITATIONS**

This protective order is between the City of Oakland (the "City") and Plaintiffs' counsel James B. Chanin and John L. Burris ("Plaintiffs' counsel") for the purpose of allowing Plaintiffs' counsel to review in the City Attorney's Office the

1 City's report (prepared by an outside investigator) and the Community Police
2 Review Agency's (CPRA) report in Oakland Police Department (OPD) Internal
3 Affairs Case No. 23-0459, as well as the findings and discipline imposed.

4     This Protective Order does not confer any rights on Plaintiffs' counsel to
5 receive or review any other confidential, non-public OPD Internal Affairs Division
6 Reports of Investigation, CPRA Investigation Reports, or Reports completed by
7 third-party investigators engaged by the City.

8     Accordingly, the parties hereby stipulate to and petition the Court to enter
9 the following Stipulated Protective Order. The parties acknowledge that this Order
10 does not confer blanket protections on all information set forth in the disclosed
11 materials, and that the protection it affords from public disclosure and use extends
12 only to the limited information or items that are entitled to confidential treatment
13 under the applicable legal principles. *See, e.g.,* California Penal Code § 832.7
14 (providing for the confidentiality of police personnel records under state law); *also*
15 *Kelly v. City of San Jose*, 114 F.R.D. 653, 671-72 (N.D. Cal. 1987) (recognizing the
16 need for "tightly drawn protective orders" to protect confidential law enforcement
17 information, including, but not limited to, police personnel records). The parties
18 further acknowledge, as set forth in Section 14.4, below, that this Stipulated
19 Protective Order does not automatically entitle them to file confidential information
20 under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed
21 and the standards that will be applied when a party seeks permission from the
22 court to file material under seal.

23 **2.      DEFINITIONS**

24    2.1 <u>Party</u>: any party to this action, including all of its officers, directors,
25 employees, consultants, retained experts, and Outside Counsel of Record (and their
26 support staffs).

27    2.2 <u>Plaintiffs' Counsel</u>: James B. Chanin and John L. Burris.

28    2.4 <u>Protected Material</u>: (1) the Report of Investigation for the OPD Internal

1  Affairs Division (IAD) Case No. 23-0459 dated March 25, 2024; (2) the CPRA's
2  Investigation Report for Case No. 23-0459 dated March 24, 2024, including
3  addenda; (3) Memorandum summarizing findings and discipline imposed; and (4)
4  any information copied or extracted from the reports and summary listed in (1) - (3)
5  above, including excerpts, summaries, compilations, or notes made during your
6  review of or derived from your review of items (1) - (3) above.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover Protected Material (as defined above). The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to Plaintiffs' counsel or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through presentation to the Court or otherwise; and (b) any information known to the Plaintiffs' counsel prior to the disclosure or obtained by Plaintiffs' counsel after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the City; and (c) any information for which Plaintiffs' counsel receives the City's express permission to reveal publicly.

This Stipulated Protective Order does not confer any rights on Plaintiffs' counsel to receive confidential police personnel or law enforcement information or records outside the scope of identified Protected Material.

**4.  DURATION**

Even after final disposition of this litigation, or any litigation relating to any discipline action, appeal, or grievance process stemming from the investigations described in the Protected Material, the confidentiality obligations imposed by this Order shall remain in effect until the City agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, or in any legal action stemming

from the investigations described in the Protected Material, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, or in any legal action stemming from the investigations described in the Protected Material, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     CHALLENGING THE CONFIDENTIALITY OF PROTECED MATERIAL**

5.1 <u>Timing of Challenges</u>. Plaintiffs' counsel may challenge the confidentiality of Protected Material at any time.

5.2 <u>Meet and Confer</u>. In the event that Plaintiffs' counsel believes that information they obtain pursuant to this Stipulated Protective Order is not confidential, and thus not subject to the terms of this protective order, or wishes to challenge the confidentiality of such material, he shall meet and confer with counsel for the City to discuss the confidentiality designation. Such a meet and confer may occur in person, virtually (e.g., Zoom conference or similar), telephonically, or in writing.

If such a meet and confer is not successful, Plaintiffs' counsel shall initiate the dispute resolution process by providing written notice of each designation he is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. Within 10 days of the date of service of notice, the City must explain the basis for the chosen designation. Plaintiff's' counsel may proceed to the next stage of the challenge process only if it has engaged in this challenge process first or establishes that the City is unwilling to participate in the meet and confer process in a timely manner.

   5.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the City shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 10 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the parties have complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the City to timely make such a motion including the required declaration shall automatically waive the confidentiality designation for each challenged designation.

   The burden of persuasion in any such challenge proceeding shall be on the City. Unless the City has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to maintain the confidentiality of the information or documents until the court rules on the challenge.

**6. ACCESS TO AND USE OF PROTECTED MATERIAL**

   6.1 <u>Basic Principles</u>. Plaintiffs' counsel may use Protected Material only for prosecuting or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, Plaintiffs' counsel must comply with the provisions of section 10 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by Plaintiffs' counsel at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   6.2 <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the City, Plaintiffs' counsel may disclose Protected Material only to the following, and of course only in confidential, non-public settings:

   (a) the City's Mayor, Mayor's Chief or Staff, or Mayor's designee;

(b) the City Administrator or City Administrator's designee;

(c) members of the City's Office of Inspector General (OIG);

(d) the CPRA Director and CPRA investigator(s) in case 23-0459;

(e) attorneys in the Oakland City Attorney's Office;

(f) members of the court-appointed Independent Monitoring Team;

(g) the court-appointed Compliance Director; and

(h) the Court.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If Plaintiffs' counsel is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, Plaintiffs' counsel must:

(a) promptly notify the City in writing. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the City to protect the Protected Material.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the City in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

If the City timely seeks a protective order, Plaintiffs' counsel shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless Plaintiffs' counsel has obtained the City's permission. The City shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging Plaintiffs' counsel in this action to disobey a lawful directive from another court.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If Plaintiffs' counsel learns that, by inadvertence or otherwise, he has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, Plaintiffs' counsel must immediately:

(a) notify the City in writing of the unauthorized disclosures;

(b) use best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9. MISCELLANEOUS**

9.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person or party to seek its modification by the court in the future.

9.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9.3 <u>Filing Protected Material</u>. Without written permission from the City or a court order secured after appropriate notice to all interested persons, Plaintiffs' counsel may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

Protected Material may be filed in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the Court.

**10.     FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, Plaintiffs' counsel must return all Protected Material to the City or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiffs' counsel must submit a written certification to the City by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that Plaintiffs' counsel has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

///

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, and attorney work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED.

Dated:  May 14, 2024            BARBARA J. PARKER, City Attorney
                                BRIGID S. MARTIN, Special Counsel

                                By: /s/ Brigid S. Martin*
                                    Attorneys for Defendants
                                    CITY OF OAKLAND

Dated:  May 14, 2024            JAMES B. CHANIN
                                Law Offices of James B. Chanin

                                By: /s/ James B. Chanin
                                    Attorney for Plaintiffs

Dated:  May 14, 2024            JOHN L. BURRIS
                                Law Offices of John L. Burris

                                By: /s/ John L. Burris
                                    Attorney for Plaintiffs

*Per Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of the document has been obtained from each of the other Signatories.

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____           _____
                                   HON. WILLIAM H. ORRICK
                                   United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Allen v. City of Oakland*, Case No. 00-cv-4599 WHO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]