UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELPHINE ALLEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF OAKLAND, et al.,<br><br>        Defendants. | Case No. 00-cv-04599-WHO<br><br>**ORDER REGARDING INTERNAL AFFAIRS REPORTING** |

At the Case Management Conference on September 4, 2024, the parties discussed the on-going failure of the Oakland Police Department to police itself, as demonstrated by the investigations concerning Sgt. Chung and Officer Tran. The failure of leadership demonstrated by the defendants requires immediate correction. Therefore, IT IS ORDERED that:

1. Court oversight shall continue.
2. Until further order of the Court, the City shall restructure the organizational chart of the Oakland Police Department. The Internal Affairs Division of the Oakland Police Department shall be a "direct-report" to the Chief of Police. The Chief of Police shall, on a daily basis, bear final and full responsibility for the activities of the Internal Affairs Division. The Commander of the Internal Affairs Division shall be an individual who holds the rank of Deputy Chief of Police. The Court recognizes that the Chief has a myriad of other important responsibilities that this may interfere with, but the Court can no longer tolerate the lack of integrity, consistency, and transparency with which Internal Affairs has operated. The resolve and attention of the new Chief is required to put the Department back on the path to sustainability of the NSA.
3. The Mayor, or a mayoral representative, the City Administrator, a representative of the

Office of the City Attorney, the Chief of Police, and a representative from the Monitoring Team are required to meet every two weeks. The Chief of Police shall update the participants on important cases that are being investigated, the status of the investigations, and the timelines for completion relevant to Task 2 of the NSA and California Government Code Section 3304 (d) (1). Unless any participant is the subject of an investigation, the participants shall also discuss the progress of any investigations that have been referred to outside investigators (*e.g.*, law firms, private investigators, or consultants). If such a conflict occurs, the City Administrator shall brief the Monitor/Compliance Director or representative from the Monitoring Team on all such outside investigations. The City, through the office of the City Administrator or City Attorney, may invite others to these meetings at its discretion.

4. The City shall file a Status Report on October 8, 2024, that explains how this Order has been implemented and provides the dates when meetings have occurred.

5. Tasks 24 and 25 will no longer be subject to active monitoring, as those tasks have been in compliance with the requirements of the NSA since the sustainability period began more than two years ago. However, the Monitor may, at his discretion, seek information and clarification regarding any uses of force and internal investigations of those incidents that are of concern.

6. The next Case Management Conference is set for January 8, 2025, at 3:30 p.m. The parties shall appear in person (the Mayor may attend by Zoom).

**IT IS SO ORDERED.**

Dated: September 6, 2024



William H. Orrick
United States District Judge