**JOHN L. BURRIS, CABN 69888**
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Street, Ste. 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (844) 273-6873

**JAMES B. CHANIN, CABN 76043**
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California 94705
Telephone: (510) 848-4752
Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DELPHINE ALLEN, et al. | Case No. 00-cv-04599 WHO |
| Plaintiffs, | **DECLARATION OF BENJAMIN NISENBAUM** |
| v. | Date: January 27, 2026 |
| CITY OF OAKLAND, et al., | Time: 3:00 p.m. |
| Defendant(s). | Courtroom 2, 17th Floor |
| | Hon. William H. Orrick |

I, BENJAMIN NISENBAUM, attest and declare as follow:

1. I am informed that my comments at a recent press conference regarding an injunctive relief settlement between the City of Antioch and Plaintiffs who my office represent have been misconstrued and distorted by the City of Oakland as some sort of endorsement of ending judicial oversight of the

City of Oakland's Police Department pursuant the Consent Decree arising out of the "Riders" case.

2. I have not been involved in the Riders case since sometime in 2002, before I was admitted to the practice of law. My involvement in the Riders case was limited to interviewing victims of "Riders" Oakland Police Department officers while working as a law clerk at the Law Offices of John Burris. I have no first-hand or personal knowledge of the Department's compliance with the obligations it agreed to fulfill pursuant to the consent decree.

3. I have followed the Riders consent decree litigation only through what is reported in the local media.

4. At the recent Antioch press conference, I used the reference to the Oakland Police Department as a "model" police department only in reference to my experience with civil rights litigation: When I began practicing, cases I handled arising out of Oakland Police officers' misconduct represented the majority of my case load and complaints I would field at Mr. Burris's office. Over the years, inquiries pertaining to cases arising from interaction with Oakland Police officers vastly reduced. Likewise, the number of cases in which I represent plaintiffs against Oakland Police officers has vastly reduced.  That is the context in which my comments at the press conference were made: That the Oakland Police Department has made great strides from the days when its police officers routinely fabricated evidence and used excessive force with near-impunity.  Compared to the days when I won a $6 million verdict for a man who two highly decorated Oakland Police Department officers framed, falsely claiming he possessed a "Tommy Gun" (verdict in November 2007 for Torry Smith), the Oakland Police Department has come a long way. It was in comparison to instances like that in which I was referencing the Oakland Police Department's "transformation".  I appreciate that the City welcomes my comments, but they should have consulted me prior to relying upon cherry-picked media reports. Those comments have nothing to do with whether the Oakland Police Department is in compliance with its obligations under the consent decree. I do not even know what the Oakland Police Department's actual obligations are under the consent decree it entered into.

5. Moreover, over the many years I have only spoken in passing with Mr. Burris about the status of the Oakland Police Department consent decree. Mr. Burris has not provided, nor have I inquired about, the details of the Oakland Police Department's compliance with the terms of the consent decree.

6. I have not spoken with anyone at the City of Oakland in many years, likely over two decades or longer, regarding the Riders case and the City's obligations under the consent decree. No one from the City contacted me in the instant filing to either confirm my comments, the context of my comments, or my knowledge of the City's compliance with the Consent Decree. I am sure the Court is aware that I have never formally appeared before it in connection with the Riders case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my personal knowledge, except where stated on information and belief, and to those matters I am informed and believe them to be true. If called as a witness, I would competently testify to those matters stated herein.

Executed January 21, 2025, at Oakland, California.

                                                  /s/ Benjamin Nisenbaum
                                                  Benjamin Nisenbaum

3

DECLARATION OF BENJAMIN NISENBAUM
Case No. 00-CV-04599 WHO