# EXHIBIT 1

# CITY OF OAKLAND

## Memorandum

TO:        Chief (ret.) Robert Warshaw
ATTN:      To File
FROM:      Office of Chief of Police
DATE:      9 May 25

RE:        **352nd Monthly Compliance Update**

---

This compliance update covers the reporting period of 1-31 Jan 25.

## Risk Measures

### *Complaints*

| | # Complaints Reporting Period | # Complaints YTD 2025 | # Complaints YTD 2024 | # Cases Sustained Reporting Period | # Cases Sustained YTD 2025 | # Cases Sustained YTD 2024 |
|---|---|---|---|---|---|---|
| **Misconduct** | 98 | 98 | 101 | 15 | 15 | 6 |
| **Service*** | 19 | 19 | 74 | | | |
| **Total** | 117 | 117 | 175 | | | |

*Note: The sustained cases exclude allegations involving preventable on-duty vehicle collisions.*

### *Internal Investigation Timelines – Cases that missed 180 timelines*

| Class I Cases January 2025 | Reason |
|---|---|
| 23-0510 | IAB Case 23-0510 exceeded the 180-day requirement due to case complexity and external delays. The investigation involved allegations of an officer injuring a civilian and subsequent complaint handling failures. Initiated April 2023, the case was subject to a 302-day tolling period due to a concurrent criminal investigation (April 2023 to February 2024). Once resumed, the administrative investigation required extensive coordination with CPRA, multiple interviews, body-worn camera reviews, and phone record analyses. Difficulties locating witnesses and coordinating with CPRA further delayed completion. |
| 23-0617 | IAB Case 23-0617 exceeded the 180-day deadline due to case complexity and a concurrent criminal investigation that tolled the case for 425 days (April 2023 to June 2024). This internally generated complaint alleged serious misconduct. The investigation required extensive coordination with the District Attorney's Office, comprehensive digital evidence review, and multiple interviews. |

| | |
|---|---|
| 23-1576 | IAB Case 23-1576 exceeded the 180-day timeline due to complexity and coordination with external agencies. This case involved an off-duty incident (September 2023) with allegations of Obedience to Laws, General Conduct, Truthfulness, and Interference with Investigations. The case was tolled from September 2023 to January 2024 during a criminal investigation by outside agencies. The investigation required numerous witness interviews, surveillance footage review, and evidence from external businesses and law enforcement agencies. |
| 23-1724 | IAB Case 23-1724 exceeded the 180-day requirement due to serious allegations requiring multijurisdictional coordination. An initial 102-day tolling period occurred while another jurisdiction's District Attorney reviewed potential charges. Significant witness cooperation issues arose, with a key witness initially unresponsive and the subject employee delaying interview scheduling. Following command and City Attorney review, three additional allegations were identified, necessitating further investigation. |
| 24-0130 | IAB Case 24-0130 exceeded the 180-day requirement due to multiple complexities. Initiated January 2024 regarding an alleged criminal incident, the case experienced an 11-day tolling period for prosecutorial decisions in another jurisdiction. Witness interview efforts extended over several months, with many resulting in refusals or unavailability. Subject interviews required legal representation coordination. Additional investigative steps including witness canvassing and body camera review prolonged the process. Investigation completed February 2025 with sustained findings. |
| 24-0067 | IAB Case 24-0067 stemmed from a complaint regarding alleged excessive force during an arrest (January 2024). The case encountered delays due to scheduling conflicts with involved officers and pending CPRA concurrence. The case went to a Force Review Board, and a subsequent IAB review resulted in an addendum detailing disagreement with some findings, adding additional time. |
| 24-0061 | IAB Case 24-0061 exceeded the 180-day deadline due to the complexity of allegations and extensive documentation requirements. Initiated January 2024 following an anonymous complaint from a dispatcher, the case involved allegations against multiple supervisors. The investigation required interviews with numerous witnesses and thorough review of IAB files, complaint records, and workplace reports. The multi-layered allegations necessitated a meticulous review process, and each subject supervisor required separate findings development. The volume of documentation and number of involved parties significantly extended the investigation timeline beyond July 2024. |

| 24-0115 | IAB Case 24-0115 exceeded the 180-day deadline due to case complexity, investigator reassignments, and extended interview scheduling. The case involved serious allegations. Although assigned in March 2024, a recusal necessitated reassignment in August 2024. Multiple subject interviews required rescheduling due to conflicts with LDF representatives. Investigation required extensive BWC footage analysis, CAD record reviews, and coordination with city personnel. The IAB found deficiencies requiring updates, further extending the timeline. |
|---|---|
| 24-0198 | IAB Case 24-0198 exceeded the 180-day deadline due to administrative delays, expanded investigation scope, and extended review requirements. The case assignment was delayed nearly a month after the February 2024 complaint, significantly reducing the available investigation window. As the investigation progressed, additional allegations emerged requiring expansion of the case scope beyond the original complaint. This necessitated retrieval and analysis of additional historical records not immediately accessible to investigators. The gathering of digital evidence proved particularly time-consuming due to technical challenges in preservation and authentication. The case required multiple layers of review due to the serious nature of the findings, with each review level adding time to the process. |
| 24-0232 | IAB Case 24-0232 exceeded the 180-day deadline primarily due to significant case assignment delays and investigative complications. Following the February 2024 vehicle collision incident, administrative processing delays resulted in the case not being assigned for investigation until June 2024—a four-month delay that consumed most of the 180-day window at the outset. The investigation was further complicated by multiple personnel recusals due to conflicts of interest, necessitating reassignment and creating additional administrative delays. Each reassignment required new personnel to review the entire case file from the beginning. The expanded scope of the investigation, which evolved from a routine collision review to include potential policy violations regarding reporting requirements and statements made during the initial investigation, required additional investigative steps not initially anticipated. |
| 24-0375 | IAB Case 24-0375 exceeded the 180-day deadline primarily due to an extensive tolling period and technical investigative challenges. The case involving alleged criminal activity required a 245-day tolling period (March-November 2024) during criminal investigation coordination with the District Attorney's Office. This lengthy tolling effectively suspended the administrative timeline for over eight months. Following the criminal declination, significant technical investigative steps were required, including specialized electronic records analysis, database log audits, and consultations with DOJ database specialists. The historical nature of the conduct (dating to July 2022) created additional challenges in retrieving |

| | archived electronic records and locating personnel who had since changed positions. These combined factors made meeting the 180-day requirement impossible despite diligent investigation efforts. |
|---|---|
| 24-0742 | IAB Case 24-0742 exceeded the 180-day deadline due to severe administrative processing failures and case tracking errors. Despite being initiated in May 2024, significant intake backlogs resulted in processing delays of nearly five months, with completion not occurring until October 2024. This administrative delay consumed almost the entire 180-day window before substantive investigation could begin. The case wasn't assigned to an investigator until November 13, 2024—just two days before the deadline. Further system failures occurred when the case was incorrectly flagged as "No Investigator Found" on November 22, 2024, placing it in an administrative queue where it remained without progress. Documentation confirmed the case was "stuck in someone's queue" between June-October 2024. Even after investigation completion, CPRA concurrence requests were delayed until January 2025, further extending final resolution beyond the deadline. |
| 24-0755 | IAB Case 24-0755 exceeded the 180-day deadline due to cascading scheduling conflicts and personnel unavailability. Though assigned in June 2024 following a May complaint, interview scheduling was repeatedly delayed by the need for union representation coordination. Subsequently, medical leave and scheduled vacations of key personnel necessitated multiple formal extensions. While the initial investigation was completed by September 2024, command review and disciplinary processes introduced additional delays due to reviewer workloads and the need for thorough assessment of the findings. The progressive accumulation of these delays, though individually reasonable, collectively pushed final case resolution into January 2025. |
| 24-0743 | IAB Case 24-0743 exceeded the 180-day deadline due to resource constraints and case prioritization issues. Following a May 2024 incident, the investigation required extensive evidence review including body-worn camera footage, crime reports, and medical clearance documentation. However, workload limitations within IAB significantly delayed the intake and review process, which wasn't completed until October 2024—consuming over half the available investigation timeline. Severe staffing shortages forced prioritization of cases involving more serious allegations, further delaying progress. Despite eventually concluding with non-sustained findings, the multiple command approval levels required for case closure extended the timeline beyond the November 2024 deadline. |
| **Class II Cases January 2025** | **Reason** |

| | |
|---|---|
| 24-0036 | This case exceeded the 180-day deadline due to multiple personnel interruptions and procedural complications. Following assignment, the investigation encountered significant disruptions including investigator reassignments, extended family leave, and illness-related absences of key personnel. These staffing disruptions necessitated a formal tolling period from September-November 2024. Additional delays stemmed from difficulties scheduling interviews with a member who declined participation while on leave. The technical nature of the allegations required specialized knowledge, limiting the ability to reassign the case to available investigators without relevant expertise. These combined factors extended the investigation well beyond the deadline. |
| 24-0167 | This case exceeded the 180-day deadline due to extraordinary scope and resource limitations. The investigation involving multiple allegations against seven department members required extensive evidence review including numerous body-worn camera recordings, incident reports, and witness statements from a large-scale disturbance involving approximately 50 individuals. Organizational resource constraints necessitated reassignment from BFO Area 1 to IAD Investigations due to critical staffing shortages, creating procedural delays and requiring duplicate review processes. The exceptional case complexity combined with competing priority investigations within IAD created unavoidable timeline extensions. |
| 24-0114 | This case exceeded the 180-day deadline due to administrative reassignments and jurisdictional questions. Following initial categorization as a Preliminary Inquiry in January 2024, the sensitive workplace conduct allegations required reclassification as a Division-Level Investigation. This reclassification prompted sequential reassignments that significantly delayed investigation commencement. Initial intake was completed in March 2024, but command direction redirected the investigation to IAD Investigations later that month, requiring restart of the process. These administrative transfers between units created procedural delays that consumed much of the 180-day window before substantive investigation could begin. |
| 24-0142 | This case exceeded the 180-day deadline due to witness volume and resource limitations. Investigating allegations of discriminatory supervisor conduct required more than 20 employee interviews—an exceptionally high number that strained investigative resources. Chronic staffing shortages, case backlog, and unexpected personnel absences necessitated formal extensions of investigation timelines. A critical request to toll the case due to a key witness's unavailability was denied by OCA, preventing appropriate timeline adjustment despite legitimate circumstances. |

| 24-0649 | This case exceeded the 180-day deadline primarily due to substantial assignment delays and specialized subject matter. Following receipt of a legal claim in May 2024 (regarding a January 2024 incident), administrative processing and case prioritization issues prevented investigator assignment until October 2024—consuming five months of the available timeline before investigation could commence. The specialized legal claim aspects required consultation with multiple city departments and review of technical records not routinely handled by investigators. These initial administrative delays combined with the specialized investigation requirements made compliance with the 180-day deadline impossible despite reasonable investigative efforts once assigned. |
|---|---|
| 24-0695 | This CPRA referral case exceeded the 180-day deadline primarily due to assignment delays and coordination requirements. Though the complaint regarding officer conduct was received in May 2024, investigative resource limitations prevented assignment until November 2024—nearly six months later. This delay alone consumed most of the 180-day window before substantive investigation could begin. Additional time was required for CPRA coordination and concurrence communications. Despite the CPRA ultimately deciding against a parallel investigation in November, the initial case assignment delay made timely completion impossible. |
| 24-0984 | This case exceeded the 180-day deadline due to intake processing delays and resource prioritization issues. Following the July 2024 complaint regarding officer demeanor during a vehicle towing explanation, administrative backlogs and staffing limitations resulted in the case remaining unassigned for several weeks. Once assigned, the investigation competed with higher-priority cases for limited investigator resources, further extending the timeline. Though the necessary evidence review (including body-worn camera footage, CAD logs, and reports) was straightforward, the initial assignment delays and resource constraints pushed completion beyond the 180-day requirement. |
| 24-1070 | This case exceeded the 180-day deadline due to delayed case assignment and specialized evidence requirements. Though the incident involving a member occurred in June 2024, investigation assignment wasn't completed until August due to administrative processing delays and limited availability of investigators with experience from that division.

The investigation required specialized audio recording reviews and technical assessment of protocols, limiting the ability to reassign to available investigators without relevant expertise. These factors necessitated a formal extension approval in November 2024, ultimately resulting in case closure in January 2025 beyond the 180-day requirement. |

## Use of Force

| # UOF during reporting period | | | | | # UOF YTD 2025 | | | | | # UOF YTD 2024 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L1 | L2 | L3 | L4 | Tot | L1 | L2 | L3 | L4 | Tot | L1 | L2 | L3 | L4 | Tot |
| 0 | 0 | 4 | 326 | **330** | 0 | 0 | 4 | 326 | **330** | 0 | 4 | 1 | 291 | **296** |

## Pursuits

| # Pursuits during Reporting Period | # Pursuits YTD 2025 | # Pursuits YTD 2024 | # Pursuits found Not in Compliance YTD 2025 | # Pursuits found Not in Compliance YTD 2024 | # Non-Response Pursuits YTD 2025 | # Non-Response Pursuits YTD 2024 |
|---|---|---|---|---|---|---|
| 7 | 7 | 7 | 0 | 0 | 86 | 97 |

*Note: The pursuit numbers represent the number of pursuit incidents, not the number of officers involved in pursuits. Some pursuit incidents have multiple officers involved. Pursuit numbers published in this report are subject to change due to ongoing investigations and data entry updates.*

*Note: In all cases where an officer attempts to stop a violator and the violator flees or fails to stop and the officer makes no attempt to keep up with or pursue the violator, the incident is deemed a "Non-Response Pursuit."*

## Important Updates

OPD does not have important updates for January 2025.

Sincerely,

Lisa Ausmus
Acting Deputy Chief of Police
Bureau of Risk Management

Floyd Mitchell
Chief of Police

- 7 -